# Exhibit A

Cause No. C2019427 _____

| | | |
|---|---|---|
| **TONYA CHAMBERS,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **355TH** _____ **JUDICIAL DISTRICT** |
| | § | |
| **AEROCARE HOLDINGS INC.,** | § | |
| | § | |
| **Defendant.** | § | **HOOD COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION
## AND DISCOVERY REQUESTS

Plaintiff Tonya Chambers files this Original Petition and Discovery Requests against Defendant AeroCare Holdings Inc., alleging discrimination on the basis of disability in violation of the Texas Commission on Human Rights Act, Texas Labor Code Ch. 21 (the "TCHRA"). Plaintiff requests damages, interest, and costs for Defendant's unlawful acts.

## I.   DISCOVERY CONTROL PLAN

1.      Plaintiff intends that discovery be conducted under Level 2.

2.      Pursuant to Tex. R. Civ. P. 47, Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

## II.   PARTIES AND SERVICE

3.      Plaintiff Tonya Chambers is a resident of Hood County, Texas.

4.      Defendant AeroCare Holdings Inc. ("AeroCare" or "Defendant") is a Delaware corporation doing business nationwide with its principal place of business at 3325 Bartlett Blvd., Orlando, Florida 32811.  Defendant engages in business in the State of Texas and maintains a regular place of business at 209 M & M Ranch Road, #110, Granbury, Texas 76049, but it has not designated an agent for service of process in this state.  Pursuant to Texas Civil Practice & Remedies Code § 17.044, Defendant can be served through the Texas Secretary of State of Texas

as an agent for service of process at the following address: Service of Process, Secretary of State, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701.

## III.   VENUE & JURISDICTION

5.      Venue in Hood County is proper under Tex. Civ. Prac. & Rem. Code § 15.002(a)(1) because all or a substantial part of the events or omissions that gave rise to this action occurred in Hood County.

6.      This controversy is within the jurisdictional limits of this Court.

## IV.   FACTUAL SUMMARY

7.      AeroCare employed Plaintiff at its place of business located at 209 M & M Ranch Road, #110, Granbury, Texas, 76049.

8.      On November 4, 2002, Plaintiff was hired as a Service Technician as one of the first employees hired by Defendant after its founding.

9.      Plaintiff received very good reviews for the 17 years of her employment with Defendant. Plaintiff was never placed on a performance improvement program.

10.     Plaintiff was cross-trained on several positions to serve as back-up and quickly became one of Defendant's most heavily relied upon employees for training new staff.

11.     Plaintiff trained numerous employees in various positions, including the position of Customer Service Representative ("CSR"). Plaintiff would often travel to different locations to train new employees.

12.     Plaintiff trained employees Miranda Arrambide, Pam Cavanaugh, Jenn Adwel, Traci [last name unknown], and Kendra Scott in CSR positions.

13.     Plaintiff often served as an interim CSR frequently at Defendant's Granbury and Waco locations. On one occasion, Plaintiff served as an interim CSR for a period of two months.

14.     During the time Plaintiff served as an interim CSR, Plaintiff was granted access to all systems and records necessary to complete the duties of a CSR.

15.     Around the second week of January 2018, Plaintiff injured her foot, which required the use of a supportive boot. Plaintiff was subsequently placed on limited duty and began working as an interim CSR. Plaintiff's manager at the time, Cassie Crowe, informed Regional Manager Vicki Cranford that not only did Plaintiff have the necessary knowledge to work as a CSR, but that Corporate AeroCare offices had already given Plaintiff access to the necessary programs to carry out duties of a CSR.

16.     After Ms. Crowe left her position at Defendant on January 31, 2018, Ms. Cranford began to talk down to Plaintiff, overly question her, and berate her in front of her coworkers. On several occasions, Plaintiff requested a lateral move from her position as a Service Technician to a CSR position from Ms. Cranford, who, each time Plaintiff requested the transfer, dismissively responded, "We'll see."

17.     On March 19, 2018, Plaintiff filed a complaint about unprofessional behavior from Ms. Cranford with Compliance Officer Jacquess Schira. Plaintiff noted in her complaint that she performed her job well, whether serving as CSR or Technician, and that she wanted to work at AeroCare until retirement. After Plaintiff did not receive a response, she emailed a copy of the complaint to CEO Steve Griggs on March 21.

18.     On March 21, 2018, Plaintiff received an email from HR stating that the doctor's note provided by Plaintiff during the second week of March 2018 would be sufficient, and Plaintiff was cleared to return to full duty.

19.     On March 22, 2018, Plaintiff received a phone call from Shannon Morse in HR. Ms. Morse stated that she had spoken with Sales Representative Cathy Woolbright, Acting

Manager Lisa Disheron, and Ms. Cranford, stating that Plaintiff would not be allowed a lateral transfer. Plaintiff asked Ms. Morse if she was aware that she [Plaintiff] had served in the CSR position many times before. Ms. Morse responded that her mind was "already made up."

20.     After the phone call, Plaintiff called Emily Schneider at corporate to discuss Ms. Morse's decision. Ms. Schneider stated that "It's not going to change," then told Plaintiff, "You might want to think about just leaving."

21.     In April 2018, Plaintiff was diagnosed with non-alcohol related stage IV cirrhosis of the liver. At the time of her diagnosis, Plaintiff informed Ms. Disheron, Ms. Woolbright, Roy Woolbright, Eric Anderson, and Kendra Scott about her diagnosis.

22.     After her diagnosis, Plaintiff maintained her positive work performance.

23.     In early 2019, Plaintiff's stage IV cirrhosis had begun causing fluid buildup in Plaintiff's back and feet swelling, causing Plaintiff difficulty in staying on her feet for long periods of time.  Plaintiff frequently sat down at work to rest her feet.

24.     In the beginning of March 2019, Ms. Woolbright announced that she was taking the Manager position and would be hiring a sales/CSR position in her place. After Ms. Woolbright announced the position, Ms. Woolbright looked at Plaintiff and said, "You cannot be considered due to the grievance and what has happened."

25.     The week of March 25, 2019, Ms. Woolbright asked Plaintiff if she wanted to leave and go to the disability office. Ms. Woolbright also commented that she was "worried" about Plaintiff's health because Plaintiff seemed "tired all the time." Plaintiff told Ms. Woolbright that she would be seeing her doctor after she got back from a scheduled vacation in early April 2019.

26.     On April 8, 2019, Plaintiff saw her doctor, Dr. Stephen Bishop; he informed Plaintiff that she could not work more than 40 hours per week and could not lift over 30 pounds.

27.     On April 9, 2019, Plaintiff provided Ms. Woolbright with a note from Dr. Bishop listing the restrictions.

28.     Lifting over 30 pounds was not an essential function of Plaintiff's job and/or she could have been accommodated by having another employee lift objects over 30 pounds when needed.  Plaintiff also requested the reasonable accommodation of being transferred to a different position at AeroCare.

29.     Plaintiff was well-qualified for numerous positions at AeroCare.

30.     One of the positions Plaintiff was denied was the position of CSR. Plaintiff was fully trained for the CSR position, had trained other employees for the CSR position, and had frequently served as a CSR on an interim basis and been given all necessary access during those times.  Defendant had open CSR positions at the time.

31.     The following day on April 10, 2019, Ms. Woolbright told Plaintiff, "You know they are never going to let me put you in the CSR position because of the grievance," referring to Ms. Cranford and Ms. Morse in HR and Plaintiff's grievance filed in March 2018. Ms. Woolbright then presented Plaintiff with a severance package and told Plaintiff her last day would be April 12, 2019.

32.     On April 11, 2019, after Plaintiff returned from lunch, Ms. Woolbright told Plaintiff that Ms. Cranford had just terminated Jennifer Stroup, CSR.

33.     Without engaging in an interactive dialogue regarding Plaintiff's need for accommodations, Ms. Woolbright denied any accommodation with respect to the limitations she had due to her disabilities.

34.     Defendant would have suffered no hardship by authorizing the accommodation of a lateral transfer for Plaintiff to an open position for which she was well-qualified.

35.     Plaintiff was terminated due to disability discrimination.

36.     All conditions precedent have been performed or have occurred.

## V.     ADMINISTRATIVE PREREQUISITES

37.     Plaintiff filed a Charge of Discrimination against Defendant with the Texas Workforce Commission and the U.S. Equal Employment Opportunity Commission (the "Charge"), on June 21, 2019. On August 20, 2019, the TWC issued its Notice of Dismissal and Right to File a Civil Action to Plaintiff ("TWC Right to Sue"), which was received by Plaintiff on or about August 31, 2019.

38.     This action is being brought within sixty (60) days of Plaintiff's receipt of the TWC Right to Sue. Thus, all administrative prerequisites have been met or have expired.

## VI.     CAUSES OF ACTION

**COUNT ONE:          DISCRIMINATION IN VIOLATION OF THE TCHRA**

23.     Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

24.     Plaintiff has satisfied all jurisdictional prerequisites in connection with her claim under the Texas Commission on Human Rights Act, Tex. Lab. Code §§ 21.001 *et seq.* ("TCHRA").

25.     At all times relevant, Defendant was an "employer" as defined by the TCHRA.

26.     When Plaintiff worked for Defendant, she was an "employee" as defined by the TCHRA.

27.     Plaintiff's termination was on the basis of her disability in violation of the TCHRA.

28.     Plaintiff's termination was malicious or made with reckless indifference to her state-protected rights.

29.     As a direct and proximate consequence of Defendant's violation, Plaintiff has suffered damages.

30.     Plaintiff's damages include lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

31.     Plaintiff seeks equitable relief, compensatory and exemplary damages, pre- and post-judgment interest, attorneys' fees, and costs.

## VII.   JURY DEMAND

32.     Plaintiff demands a jury trial and has tendered the appropriate fee.

## VIII.   DISCOVERY REQUESTS

33.     Pursuant to Tex. R. Civ. P. 194 and 190.2(b)(6), AeroCare is requested to disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

34.     Attached hereto as Exhibit A is Plaintiff's First Request for Production to Defendant, to be answered within fifty (50) days of the date of its service on AeroCare.

35.     Attached hereto as Exhibit B is Plaintiff's First Set of Interrogatories to Defendant, to be answered within fifty (50) days of the date of its service on AeroCare.

36.     Attached hereto as Exhibit C is Plaintiff's First Request for Admissions to Defendant, to be answered within fifty (50) days of the date of its service on AeroCare.

## IX.   PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court:

A.     Issue citation for Defendant to appear and answer;

B.     Award to Plaintiff a judgment against Defendant for:

1.     Actual damages;

2.     Past and future lost wages;

3.     Compensatory and exemplary damages in the maximum amount permitted
       by law;

4.     Pre- and post-judgment interest;

5.     Attorneys' fees; and

6.     Costs.

Plaintiff further requests such other relief to which she is entitled in law or in equity.

Respectfully Submitted,

/s/ Jennifer J. Spencer
Jennifer J. Spencer
State Bar No. 10474900
jspencer@jacksonspencerlaw.com
James E. Hunnicutt
State Bar No. 24054252
jhunnicutt@jacksonspencerlaw.com
M. Neal Bridges
State Bar No. 24092171
nbridges@jacksonspencerlaw.com
JACKSON SPENCER LAW PLLC
Three Forest Plaza
12221 Merit Drive, Suite 160
Dallas, Texas 75251
(972) 458-5301 (Telephone)
(972) 770-2156 (Fax)

**ATTORNEYS FOR PLAINTIFF
TONYA CHAMBERS**

# EXHIBIT A

Cause No. C2019427 _____

| | | |
|---|---|---|
| **TONYA CHAMBERS,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | 355TH _____ **JUDICIAL DISTRICT** |
| | § | |
| **AEROCARE HOLDINGS INC.,** | § | |
| | § | |
| **Defendant.** | § | **HOOD COUNTY, TEXAS** |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

TO:   AeroCare Employee Benefits Incorporated, by and through the Texas Secretary of State, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701.

Pursuant to the Texas Rules of Civil Procedure, Plaintiff Tonya Chambers propounds her First Request for Production to Defendant AeroCare Holdings Inc. Your responses to the Requests are to be made in writing and are to be served, along with all responsive documents, upon counsel for Plaintiff within fifty (50) days of their service. Please refer to the Texas Rules of Civil Procedure for your duty to supplement your responses and the sanctions available should you fail to comply.

Respectfully submitted,

*/s/ Jennifer J. Spencer*
Jennifer J. Spencer
State Bar No. 10474900
jspencer@jacksonspencerlaw.com
James E. Hunnicutt
State Bar No. 24054252
jhunnicutt@jacksonspencerlaw.com
M. Neal Bridges
State Bar No. 24092171
nbridges@jacksonspencerlaw.com
JACKSON SPENCER LAW PLLC
Three Forest Plaza
12221 Merit Drive, Suite 160
Dallas, Texas 75251
(972) 458-5301 (Telephone)
(972) 770-2156 (Fax)

**ATTORNEYS FOR PLAINTIFF
TONYA CHAMBERS**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was served by process server along with Plaintiff's Original Petition and Citation on the date identified in the return of service.

*/s/ Jennifer J. Spencer*
Jennifer J. Spencer

### DEFINITIONS AND INSTRUCTIONS

1.      The word "Plaintiff" shall refer to Plaintiff Tonya Chambers.

2.      The words "Defendant," "AeroCare" "you," and "your" shall refer to Defendant AeroCare Holdings Inc. and its members, managers, officers, directors, employees, partners, subsidiaries, affiliates, or predecessors, including but not limited to AeroCare Employee Benefits Inc.

3.      The word "document" shall include, but is not limited to, all of the following in your possession, custody or subject to your control:  handwritten, stenographic, electronic, typewritten, and printed writings of every kind, tape or other recordings (including transcriptions thereof), invoices, checks purchase orders, account ledger sheets, books of account, notes, memoranda, bank statements, bids, correspondence, bills, receipts, telexes, telegrams, wire transfer orders, banking instruments, agreements, letters of credit, guarantees, negotiable instruments, certificates, films, photographs, microfiche, microfilm, videotapes, tapes, computer printouts, income tax returns, telephone records including cell phone records, recording and other data compilations from which information can be obtained or translated by you through the use of appropriate devices, drafts of any documents, estimates, financial reports and statements, contracts, commitment letters, deeds, deeds of trust, lists, assignments, appraisals, plans, specifications, messages (including reports of telephone conversations and conferences), emails, deleted emails, texts, deleted texts, studies, analyses, comparisons, leases, schedules, shop orders, data sheets, publications, books, magazines, newspapers, circulars, booklets, brochures, bulletins, notices, instructions, notebooks, diaries, calendars, diagrams, charts, forms, manual lists, indexes summaries, minutes, surveys, conversations, datelines, court papers, profit and loss statements, expense records, letters, drawings, sketches, periodicals, pamphlets, working papers, reports, appointment books, understandings, papers, graphs, data processing cards, tapes or disks

from which you can retrieve information (including deleted information) and create documents, computer tapes, cards and magnetic disks or other electronic storage materials, photostats, opinions, legal opinions (to the extent not privileged), expert opinions and all other writings. This specifically includes reproductions or copies of documents as defined herein, which are not identical duplicates of the original, for whatever reason; i.e., marginal comments, interlineations, or editing instructions.   The word "document" shall also include any electronically stored information, which includes but is not limited to emails (including deleted, sent, and archived emails), text messages (including SMS and MMS messages), and user-created computer files, including those contained on any computer, phone, tablet computer, or other electronic device issued to or used by Defendant's employees for purposes of their employment with Defendant (collectively, "ESI").

     4.     The word "communication" shall include all forms of written documents, including emails, texts, deleted emails, and deleted texts, and shall also mean communication by any oral means, including by meeting, conversation, discussion, message or other occurrence transmitted between two or more persons orally.

     5.     The word "identify" or "identity," when used with respect to an individual, means information sufficient to identify and locate the individual, including the full name, title, present residence and business address (if the present home and/or business address is not available, the last known home and/or business address should be provided), all business and/or personal email addresses personal utilized in the last two years, the name of the individual's present employer, and the individual's last known home, cell, and/or business telephone numbers, including the phone company providers.

6.     The word "identify" or "identity," when used with respect to a legal entity, means its name, type of organization (for example, corporation, partnership, joint venture, municipality or other entity), laws under which organized, address, telephone number of principal place of business, principal line of business, and website address.

7.     The word "identify" or "identity," when used with respect to a document, means to give, to the extent known, (i) the type of document, including whether it is an email or a text message, (ii) the general subject matter of the document, (iii) the date of the document, and (iv) the name and last known addresses and telephone numbers of the author(s), addressee(s), recipient(s), and last known custodian thereof.   In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Tex. R. Civ. P. 196.

8.     The word "identify" or "identity," when used with respect to a communication, statement of material fact, representation or misrepresentation (hereinafter collectively referred to as "communications") means (a) with respect to oral communications, to state (1) the date of the communication, (2) the substance of the communication, (3) the person making the communication, (4) all persons present or who heard the communication, and (5) to identify all documents that relate to the communication; and (b) with respect to written communications, (1) to identify the communication in accordance with the Definition above for identifying documents, and (2) to identify all documents that relate to the communication.

9.     Unless otherwise indicated, the words "relate," "relating," "refer," or "referring" to a given subject means, in the context of any document or communication, that such document or communication constitutes, contains, embodies, reflects, identifies, states, mentions, deals with, or is in any matter whatsoever pertinent to that subject.

10.     The term "person" is defined as any individual or legal entity, including, without limitation, any natural person, governmental entity, corporation, sole proprietorship, partnership, joint venture, firm, association, agency, board, authority, commission, trust, or other such entity.

11.     The terms "all," "any," and "each" shall each be construed as encompassing any and all.

12.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13.     The use of the singular form of any word includes the plural and vice versa.

14.     The Requests for Production are intended to cover all documents or things that are in your possession, custody, or control.  In accordance with Tex. R. Civ. P. 192.7, a document or thing is deemed to be in your possession, custody, or control if:

    a.   it is in your physical control; or

    b.   it is in the physical control of any other person or entity, and you, individually or otherwise:

        i.   own the document or thing in whole or in part;

        ii.  have a right by contract, statute, or otherwise, to use, inspect, examine, or copy that document or thing on any terms; or

        iii. have, as a practical matter, been able to use, inspect, examine, or copy that document or thing when you have sought to do so.

15.     Without limiting your obligations to search, identify, and produce documents responsive to the below requests, you are hereby instructed to include in your search for responsive document, all documents for all persons employed or formerly employed by you who

may likely have knowledge of relevant facts, including without limitation, the following custodians: Cathy Woolbright, Vicki Cranford, Lisa Disheron, Shannon Morse, Jacquess Schira, and any other person who participated in any decision made to terminate Plaintiff's employment, to refuse an accommodation for any disability of Plaintiff, or to deny any request by Plaintiff for leave related to a disability or a serious medical condition.

16.     In accordance with Tex. R. Civ. P. 196.3, you are requested to produce documents as they are kept and organized in the usual course of business, or organize and label them to correspond with the categories in the Request.  You are further requested to identify the Bates numbers of documents that are responsive to the individual Requests.

17.     Any ESI will be processed and produced as individually Bates-labeled PDF documents.  For example, an email should be served with each page numbered sequentially and any attachments should be numbered sequentially immediately after the email to which they are attached.  Notwithstanding the foregoing, spreadsheets should be produced in native format, with the Bates number used as the file name, along with a Bates-labeled PDF placeholder that includes the original file name of the natively produced document.

18.     Any document produced in PDF format shall be rendered text-searchable prior to production.

19.     To the extent that you believe any of the following requests to be objectionable, enter so much of each and each part thereof that is not, in your view, objectionable.

20.     To the extent that you believe any of the following requests call for information or documents subject to a claim of privilege, enter so much of each request and each part thereof that did not request, in your view, allegedly privileged information that you refuse to give.

21.     If any documents or information sought herein is withheld on the basis of privilege or work product, or otherwise, you are requested to submit in lieu of any such information a written statement pursuant to Rule 193.3(b) of the Texas Rules of Civil Procedure no later than the day that these documents are produced that:  (a) describes the documents or information withheld that, without revealing the privileged information itself or otherwise waiving the privilege, enables other parties to assess the applicability of the privilege; and (b) asserts a specific privilege for each item or group of items withheld.

22.     If any document or information is withheld on the basis of any claimed confidentiality or privacy right, you are requested to provide (1) a copy of any written agreement containing such confidentiality right, if applicable; (2) in your response to the Request, citation to the statutory or other legal authority under which the confidentiality or privacy right is asserted, if applicable; and (3) pursuant to Tex. R. Civ. P. 192.6, a proposed agreed protective order to govern the confidentiality of the documents or information withheld.

23.     The relevant time period is from January 1, 2013, to the present.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**     All documents relating or referring to Plaintiff's allegations in her Original Petition.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 2:**     All documents relating or referring to statements or allegations made in Defendant's Disclosures.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 3:**     Plaintiff's complete personnel file.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 4:**     All documents relating or referring to Plaintiff's compensation and benefits as an employee of Defendant.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 5:**     All performance reviews relating or referring to Plaintiff.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 6:**     All written warnings, complaints, and/or reprimands provided to Plaintiff during her employment with Defendant.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 7:**     All documents and communications relating to the decision to terminate Plaintiff.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 8:**     All documents and communications relating to the decision to deny Plaintiff's reasonable accommodation requests.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**     All documents and communications relating to the decision to deny Plaintiff the opportunity to transfer to another position within AeroCare from all times beginning on January 1, 2018, through present date.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**     All job applications submitted by Plaintiff.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**     All communications between Defendant and any governmental entity regarding Plaintiff from all times beginning on January 1, 2018, through present date.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**     Defendant's document preservation and/or ESI retention policies, if any.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**     All documents relating to Plaintiff's 401K, medical, dental, vision, pension and/or retirement benefits.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**     All documents relating to costs associated with Plaintiff's 401K, medical, dental, vision or any other benefits from all times beginning on January 1, 2018 through present date.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**     All documents relating to any complaints made by any employee/agent of Defendant relating to Plaintiff from all times beginning on January 1, 2018 through present date.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**   All documents relating to any complaints and grievances made by Plaintiff, including any investigation notes/decision from all times beginning on January 1, 2018, through present date.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**   Defendant's   anti-discrimination   and   anti-retaliation policies, if any, that applied to Plaintiff's employment with Defendant from all times beginning on January 1, 2018, through present date.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**   Defendant's   employment   policies   and procedures that applied to Plaintiff's employment with Defendant, including without limitation, employment manuals and progressive discipline policies from all times beginning on January 1, 2018, through present date.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**   All organizational charts for Defendant from February 2002 to the present.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**   All communications between Cathy Woolbright and any employee or third party regarding Plaintiff from all times beginning on January 1, 2018, through present date.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**   All communications between Cathy Woolbright and Plaintiff from all times beginning on January 1, 2018, through present date.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**   All communications between Lisa Disheron and any employee or third party regarding Plaintiff from all times beginning on January 1, 2018, through present date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**     All communications between Lisa Disheron and Plaintiff from all times beginning on January 1, 2018, through present date.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**     All communications between Vicki Cranford and any employee or third party regarding Plaintiff from all times beginning on January 1, 2018, through present date.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**     All communications between Vicki Cranford and Plaintiff from all times beginning on January 1, 2018, through present date.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**     All communications between Shannon Morse and any employee or third party regarding Plaintiff from all times beginning on January 1, 2018, through present date.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** All communications between Shannon Morse and Plaintiff from all times beginning on January 1, 2018, through present date.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**     All documents and/or communications sent or received by Defendant referring or relating to Plaintiff or her employment with Defendant from all times beginning on January 1, 2018, through present date.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**     All job descriptions for any position held by Plaintiff during her employment with Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**   All job descriptions for any interim position held by Plaintiff during her employment with Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**   All job descriptions for any position for which Plaintiff received training during her employment with Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**   All job descriptions for any position for which Plaintiff provided training during her employment with Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**   All training materials provided by Defendant to Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**   All training materials created by Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**   All instructions provided by Defendant to Plaintiff regarding her job position(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**   All documents regarding instructions provided by Defendant to Plaintiff regarding her interim job position(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**   All schedules provided by Defendant to Plaintiff, including schedules referencing Plaintiff's job position(s), interim job position(s) or training schedule(s) from all times beginning on January 1, 2018, through present date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**    All documents evidencing, referring to, or relating to training received by Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**    All documents evidencing, referring to, or relating to Plaintiff's training of other employees.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**    All documents evidencing, referring to, or relating to available job positions at AeroCare throughout March, April, and May 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**    All job descriptions for available positions at AeroCare throughout March, April, and May 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:**    All job applications submitted for available positions at AeroCare throughout March, April, and May 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:**    All documents evidencing, referring to, or relating to the process by which Defendant selected potential candidates for available job positions at AeroCare throughout March, April, and May 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:**    All documents evidencing, referring to, or relating to the potential candidates selected by Defendant to fill available job positions at AeroCare throughout March, April, and May 2019.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:**     All documents evidencing, referring to, or relating to the process by which Defendant filled available job positions at AeroCare throughout March, April, and May 2019.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**     All documents evidencing, referring to, or relating to the candidates selected by Defendant to fill available job positions at AeroCare throughout March, April, and May 2019.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:**     Cathy Woolbright's personnel file including her job application, offer letter, resume or CV, performance evaluations, write-ups, warnings, complaints, or reprimands.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:**     Lisa Disheron's personnel file including her job application, offer letter, resume or CV, performance evaluations, write-ups, warnings, complaints, or reprimands.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**     Vicki Cranford's personnel file including her job application, offer letter, resume or CV, performance evaluations, write-ups, warnings, complaints, or reprimands.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:**     Shannon Morse's personnel file including her job application, offer letter, resume or CV, performance evaluations, write-ups, warnings, complaints, or reprimands.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:**     The personnel file for each person identified in response to Interrogatory Nos. 1 or 8 propounded by Plaintiff to Defendant, including all performance evaluations, write-ups, warnings, complaints, or reprimands.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:**    All documents relating to communications sent to or received from any employee or agent of AeroCare regarding Plaintiff from all times beginning on January 1, 2018, through present date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:**    All documents/communications sent to or received from Plaintiff relating Plaintiff, her injuries, disability, medical condition, ability to return to work, and/or restrictions on her return to work from all times beginning on January 1, 2018, through present date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:**    All documents relating to any affirmative defenses asserted by Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:**    All documents obtained from any third-parties informally, by subpoena and/or via depositions upon written questions and related to this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:**    All documents relating to any experts retained by Defendant for the purposes of defending any of the allegations made by Plaintiff and/or supporting any affirmative defenses asserted by AeroCare.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:**    All documents and materials prepared by or for an expert used for consultation when that person's opinions or impression have been reviewed, either in whole or in part, by an expert who may be called to testify in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 58:** All correspondence to and/or from the Texas Workforce Commission and/or the EEOC discussing or referring to Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 59:**     Documents supporting or evidencing any after-acquired evidence of wrongdoing by Plaintiff that would have resulted in the termination of her employment.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 60:**     All documents discussing or referring to any communication identified or referenced in your answers to any interrogatory propounded by Plaintiff to Defendant.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 61:**     All documents relating to and/or utilized to provide answers to any interrogatory propounded by Plaintiff to Defendant.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 62:**     All policies and procedures utilized by AeroCare regarding accommodating employee disabilities from all times beginning on January 1, 2018, through present date.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 63:**     All policies and procedures regarding accommodations discussed with or made available to Plaintiff with respect to her disabilities from all times beginning on January 1, 2018, through present date.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 64:**     All policies and procedures regarding accommodations available to injured or ill employees from all times beginning on January 1, 2018, through present date.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 65:**     All policies and procedures regarding placing employees on medical leave from all times beginning on January 1, 2018, through present date.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 66:**     All documents relating to injury and/or medical condition of Plaintiff from all times beginning on January 1, 2018, through present date.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 67:**     All documents reflecting why Plaintiff was not offered the chance to switch job positions from all times beginning on January 1, 2018, through present date, including in March and April 2019.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 68:**     All documents reflecting why Plaintiff was not offered accommodations for her disability, including in March and April 2019.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 69:**     All documents related or referring to Plaintiff's medical condition and/or disability occurring while she was working for AeroCare.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 70:**     All documents evidencing, related to, or referring to releases and/or notices received from Plaintiff's doctor and/or surgeon.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 71:**     All documents evidencing, related to, or referring to every Charge of Discrimination filed against Defendant that was filed with the Texas Workforce Commission and/or the Equal Employment Opportunity Commission, whether later withdrawn still open, or closed.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 72:**    All documents sufficient to show Defendant's net worth.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 73:**    All policies and procedures of Defendant regarding leave due to a disability or other medical purposes.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 74:**    All notices or other communications Defendant sent to Plaintiff regarding medical or disability-related leave.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 75:**    All diaries, journals, notes, calendars, appointment books, compilations, summaries, or chronologies of events kept by Defendant or any employee of Defendant regarding or mentioning Plaintiff.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 76:**    All bills, invoices, statements, or other requests for payment, together with all attachments and supporting documentation, reflecting charges for the time or service of any expert who you expect to call to testify at any trial of this matter.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 77:**    All contracts or other written agreements entered into by and between you and any expert who you expect to call to testify at any trial of this matter.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 78:**    All documents or statements, affidavits, transcripts, testimony, or other documents, sworn or unsworn, which you believe constitute evidence of any admission or statement against interest of Plaintiff.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 79:**    All documents supporting any contention by you that Plaintiff was unable to perform the essential functions of her job with or without accommodation.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 80:**    All documents supporting any contention by you that lifting 30 or more pounds was an essential function of Plaintiff's job.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 81:**    All documents supporting any contention by you that working more than 40 hours per week was an essential function of Plaintiff's job.

    **RESPONSE:**

# EXHIBIT B

Cause No. C2019427 _____

| TONYA CHAMBERS, | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | 355TH _____ **JUDICIAL DISTRICT** |
| | § | |
| AEROCARE HOLDINGS INC., | § | |
| | § | |
| **Defendant.** | § | HOOD COUNTY, TEXAS |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

TO:   AeroCare Employee Benefits Incorporated, by and through the Texas Secretary of State, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701.

Pursuant to the Texas Rules of Civil Procedure, Plaintiff Tonya Chambers propounds her First Set of Interrogatories to Defendant AeroCare Holdings Inc.   Your answers to the Interrogatories are to be made in writing, under oath, and are to be served upon counsel for Plaintiff within fifty (50) days of their service.   Please refer to the Texas Rules of Civil Procedure for your duty to supplement your answers and the sanctions available should you fail to comply.

Respectfully submitted,

*/s/ Jennifer J. Spencer*
Jennifer J. Spencer
State Bar No. 10474900
jspencer@jacksonspencerlaw.com
James E. Hunnicutt
State Bar No. 24054252
jhunnicutt@jacksonspencerlaw.com
M. Neal Bridges
State Bar No. 24092171
nbridges@jacksonspencerlaw.com
JACKSON SPENCER LAW PLLC
Three Forest Plaza
12221 Merit Drive, Suite 160
Dallas, Texas 75251
(972) 458-5301 (Telephone)
(972) 770-2156 (Fax)

**ATTORNEYS FOR PLAINTIFF
TONYA CHAMBERS**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was served by process server along with Plaintiff's Original Petition and Citation on the date identified in the return of service.

*/s/ Jennifer J. Spencer*
Jennifer J. Spencer

## DEFINITIONS AND INSTRUCTIONS

1.      The word "Plaintiff" shall refer to Plaintiff Tonya Chambers.

2.      The words "Defendant," "AeroCare" "you," and "your" shall refer to Defendant AeroCare Holdings Inc. and its agents, employees, representatives, members, managers, officers, directors, partners, subsidiaries, affiliates, predecessors, including but not limited to AeroCare Employee Benefits Inc., and any other persons acting or purporting to act on their behalf, including any attorney or other representative, whether authorized or not.

3.      The word "document" shall include, but is not limited to, all of the following in your possession, custody or subject to your control:  handwritten, stenographic, electronic, typewritten, and printed writings of every kind, tape or other recordings (including transcriptions thereof), invoices, checks purchase orders, account ledger sheets, books of account, notes, memoranda, bank statements, bids, correspondence, bills, receipts, telexes, telegrams, wire transfer orders, banking instruments, agreements, letters of credit, guarantees, negotiable instruments, certificates, films, photographs, microfiche, microfilm, videotapes, tapes, computer printouts, income tax returns, telephone records including cell phone records, recording and other data compilations from which information can be obtained or translated by you through the use of appropriate devices, drafts of any documents, estimates, financial reports and statements, contracts, commitment letters, deeds, deeds of trust, lists, assignments, appraisals, plans, specifications, messages (including reports of telephone conversations and conferences), emails, deleted emails, texts, deleted texts, studies, analyses, comparisons, leases, schedules, shop orders, data sheets, publications, books, magazines, newspapers, circulars, booklets, brochures, bulletins, notices, instructions, notebooks, diaries, calendars, diagrams, charts, forms, manual lists, indexes summaries, minutes, surveys, conversations, datelines, court papers, profit and loss statements, expense records, letters, drawings, sketches, periodicals, pamphlets, working papers,

reports, appointment books, understandings, papers, graphs, data processing cards, tapes or disks from which you can retrieve information (including deleted information) and create documents, computer tapes, cards and magnetic disks or other electronic storage materials, photostats, opinions, legal opinions (to the extent not privileged), expert opinions and all other writings. This specifically includes reproductions or copies of documents as defined herein, which are not identical duplicates of the original, for whatever reason; i.e., marginal comments, interlineations, or editing instructions.   The word "document" shall also include any electronically stored information, which includes but is not limited to emails (including deleted, sent, and archived emails), text messages (including SMS and MMS messages), and user-created computer files, including those contained on any computer, phone, tablet computer, or other electronic device issued to or used by Defendant's employees for purposes of their employment with Defendant (collectively, "ESI").

4.     The word "communication" shall include all forms of written documents, including emails, texts, deleted emails, and deleted texts, and shall also mean communication by any oral means, including by meeting, conversation, discussion, message or other occurrence transmitted between two or more persons orally.

5.     The word "identify" or "identity," when used with respect to an individual, means information sufficient to identify and locate the individual, including the full name, title, present residence and business address (if the present home and/or business address is not available, the last known home and/or business address should be provided), all business and/or personal email addresses personal utilized in the last two years, the name of the individual's present employer, and the individual's last known home, cell, and/or business telephone numbers, including the phone company providers.

6.      The word "identify" or "identity," when used with respect to a legal entity, means its name, type of organization (for example, corporation, partnership, joint venture, municipality or other entity), laws under which organized, address, telephone number of principal place of business, principal line of business, and website address.

7.      The word "identify" or "identity," when used with respect to a document, means to give, to the extent known, (i) the type of document, including whether it is an email or a text message, (ii) the general subject matter of the document, (iii) the date of the document, and (iv) the name and last known addresses and telephone numbers of the author(s), addressee(s), recipient(s), and last known custodian thereof.   In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Tex. R. Civ. P. 196.

8.      The word "identify" or "identity," when used with respect to a communication, statement of material fact, representation or misrepresentation (hereinafter collectively referred to as "communications") means (a) with respect to oral communications, to state (1) the date of the communication, (2) the substance of the communication, (3) the person making the communication, (4) all persons present or who heard the communication, and (5) to identify all documents that relate to the communication; and (b) with respect to written communications, (1) to identify the communication in accordance with the Definition above for identifying documents, and (2) to identify all documents that relate to the communication.

9.      As used herein, the term "describe," when used in reference to an action, event or deed, means to state the date the event took place, the place the event occurred, the nature of the event, and to identify all persons involved in or witnessing the event.

10.     The term "person" is defined as any individual or legal entity, including, without limitation, any natural person, governmental entity, corporation, sole proprietorship, partnership, joint venture, firm, association, agency, board, authority, commission, trust, or other such entity.

11.     The terms "all," "any," and "each" shall each be construed as encompassing any and all.

12.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13.     The use of the singular form of any word includes the plural and vice versa.

14.     Where an Interrogatory requests that you identify documents, the request is intended to cover all documents or things that are in your possession, custody, or control.  In accordance with Tex. R. Civ. P. 192.7, a document or thing is deemed to be in your possession, custody, or control if:

    a.   it is in your physical control; or

    b.   it is in the physical control of any other person or entity, and you, individually or otherwise:

        i.   own the document or thing in whole or in part;

        ii.   have a right by contract, statute, or otherwise, to use, inspect, examine, or copy that document or thing on any terms; or

        iii.   have, as a practical matter, been able to use, inspect, examine, or copy that document or thing when you have sought to do so.

15.     Without limiting your obligations to search, identify, and produce documents responsive to the below requests, you are hereby instructed to include in your search for

responsive document, all documents for all persons employed or formerly employed by you who may likely have knowledge of relevant facts, including without limitation, the following custodians: Cathy Woolbright, Vicki Cranford, Lisa Disheron, Shannon Morse, Jacquess Schira, and any other person who participated in any decision made to terminate Plaintiff.

16.    To the extent that you believe any of the following requests to be objectionable, enter so much of each and each part thereof that is not, in your view, objectionable.

17.    To the extent that you believe any of the following requests call for information or documents subject to a claim of privilege, enter so much of each request and each part thereof that did not request, in your view, allegedly privileged information that you refuse to give.

18.    If any documents or information sought herein is withheld on the basis of privilege or work product, or otherwise, you are requested to submit in lieu of any such information a written statement pursuant to Rule 193.3(b) of the Texas Rules of Civil Procedure no later than the day that these documents are produced that: (a) describes the documents or information withheld that, without revealing the privileged information itself or otherwise waiving the privilege, enables other parties to assess the applicability of the privilege; and (b) asserts a specific privilege for each item or group of items withheld.

19.    If any document or information is withheld on the basis of any claimed confidentiality or privacy right, you are requested to provide (1) a copy of any written agreement containing such confidentiality right, if applicable; (2) in your response to the Interrogatory, citation to the statutory or other legal authority under which the confidentiality or privacy right is asserted, if applicable; and (3) pursuant to Tex. R. Civ. P. 192.6, a proposed agreed protective order to govern the confidentiality of the documents or information withheld.

20.    The relevant time period is from January 1, 2013, to the present.

## INTERROGATORIES

**INTERROGATORY NO. 1:**     Identify each person who participated in any way in AeroCare's decision to deny Plaintiff's reasonable accommodation requests and/or terminate Plaintiff's employment, and describe the person's involvement therein, including by stating the person's current age and the person's titles and job responsibilities during their employment with Defendant and the dates the person had each job title or job responsibilities.

    **ANSWER:**


**INTERROGATORY NO. 2:**     Describe the process and procedures AeroCare undertook to determine whether to provide reasonable accommodations to Plaintiff and/or terminate Plaintiff's employment, and state the dates on which each activity occurred.

    **ANSWER:**


**INTERROGATORY NO. 3:**     State with specificity all reasons Plaintiff's reasonable accommodation requests were denied.

    **ANSWER:**


**INTERROGATORY NO. 4:**     State with specificity all reasons communicated to Plaintiff for why Plaintiff's reasonable accommodation requests were denied, including by stating, for each reason communicated to Plaintiff, the date the reason was provided to Plaintiff, the method or manner of communicating the reason to Plaintiff (e.g., orally, by email, etc.), identifying the person who communicated the reason to Plaintiff, and identifying all persons who witnessed or who were party to the communication.

    **ANSWER:**


**INTERROGATORY NO. 5:**     State with specificity all reasons Plaintiff's employment was terminated.

    **ANSWER:**


**INTERROGATORY NO. 6:**     State with specificity all reasons communicated to Plaintiff for why Plaintiff's employment was terminated, including by stating, for each reason communicated to Plaintiff, the date the reason was provided to Plaintiff, the method or manner of communicating the reason to Plaintiff (e.g., orally, by email, etc.), identifying the person who communicated the reason to Plaintiff, and identifying all persons who witnessed or who were party to the communication.

**ANSWER:**

**INTERROGATORY NO. 7:** Identify each and every communication between or among any and all employees of AeroCare regarding Plaintiff and her job position, training received by Plaintiff, training given by Plaintiff, Plaintiff's medical condition and accommodations, any grievances filed by Plaintiff from January 1, 2018, to the present, and all statements made about Plaintiff, including, for each communication, by stating the identity of the speaker or author of each communication and of each person involved in, copied on, or present during the communication (including by stating the person's current age and the person's titles and job responsibilities during their employment with Defendant and the dates the person had each job title or job responsibilities), by stating whether the communication was written (including whether by email or text message), by telephone or other audiovisual means of transmission (e.g., Face Time or Skype), or in person.

**ANSWER:**

**INTERROGATORY NO. 8:** Identify all employees hired, placed, or reassigned by Defendant, since Plaintiff's termination, into the position last held by Plaintiff or doing any of the job-related activities previously performed by Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 9:** Identify all employees at the same level as Plaintiff and above Plaintiff in the chain of command within Defendant, up to Defendant's chief executive(s), including by stating the person's current age and the person's titles and job responsibilities during their employment with Defendant and the dates the person had each job title or job responsibilities.

**ANSWER:**

**INTERROGATORY NO. 10:** Identify all lawsuits and administrative proceedings, including by stating the case or cause number and stating the jurisdiction or tribunal in which it was filed, that have been filed against Defendant from 2014 to the present in which an allegation was made of disability discrimination against Cathy Woolbright, Lisa Disheron, Viki Cranford, Shannon Morse, or any person identified in response to Interrogatory Nos. 1.

**ANSWER:**

**INTERROGATORY NO. 11:** Identify all complaints, accusations, or allegations of disability discrimination against Cathy Woolbright, Lisa Disheron, Viki Cranford, Shannon

Morse, or any person identified in response to Interrogatory Nos. 1 from 2014 to the present, including by identifying all persons involved in each complaint, accusation, or allegation.

> **ANSWER:**

**INTERROGATORY NO. 12:**     State the job title and describe the primary job duties for Plaintiff, Cathy Woolbright, Lisa Disheron, Viki Cranford, Shannon Morse, and any person identified in response to Interrogatory Nos. 1 or 8, including the dates each of them held each job title, including positions of a temporary or interim nature.

> **ANSWER:**

**INTERROGATORY NO. 13:**     State all certifications, licenses, or degrees required by Defendant for Plaintiff's Service Technician position, including by stating which such certification, license, or degree AeroCare contends Plaintiff did not possess at the time of her termination.

> **ANSWER:**

**INTERROGATORY NO. 14:**     State all certifications, licenses, or degrees required by Defendant for the Customer Service Representative position(s) held by Plaintiff on any interim or temporary basis and/or to which Plaintiff requested being transferred, including by stating which such certification, license, or degree AeroCare contends Plaintiff did not possess at the time of her termination.

> **ANSWER:**

**INTERROGATORY NO. 15:**     State all unfilled, open, and/or available job titles and job positions at AeroCare in March and April 2019 and for each one, (a) provide any and all work locations for the positions, associated job descriptions, and required certificates, licenses or degrees for the positions; and (b) identify the candidates selected for interviewing to fill the position and the candidates selected for the position.

> **ANSWER:**

**INTERROGATORY NO. 16:**     For each job title and job position listed in Interrogatory No. 17, state the persons responsible for determining the potential candidates for the positions as well as the candidates selected for the positions, describe the processes and procedures by which the persons selected candidates for the positions, and state the date(s) on which each such activity occurred.

**ANSWER:**

**INTERROGATORY NO. 17:**     Identify all persons hired for a Customer Service Representative role from March 1, 2019, to the present.

**ANSWER:**

**INTERROGATORY NO. 18:**     Identify any journals, notes, tape recordings, photographs, emails, text messages, or other such memoranda of any meetings, events, conversations, or other communications concerning the factual allegations in Plaintiff's Petition or in your answers to these Interrogatories, including: (a) when, where, and by whom each such journal, note, tape recording, photograph, email, text message, or other memorandum was made; (b) the identity of all persons who were present, a party to, and/or witnessed each such meeting, conversation, or communication; and (c) the identity of the person(s) having custody of each such note, tape recording, photograph, or other memorandum.

**ANSWER:**

**INTERROGATORY NO. 19:**     If any document concerning Plaintiff's claims and/or your defenses in this lawsuit is no longer in your possession, custody, or control, or has been lost, misplaced, or destroyed, identify each such document and briefly describe why each document is no longer in your possession, custody, or control and/or how, when, and by whom it was lost, misplaced, or destroyed. Please refer to the definition of "Identify" set forth above.

**ANSWER:**

**INTERROGATORY NO. 20:**     Plaintiff has sent Requests for Production to you. For each Request for Production, identify each and every document that you have withheld or plan to withhold from production under any claim of a privilege, exemption, or immunity from discovery. For each such document or thing, state the specific privilege, exemption, or immunity from discovery relied upon.

**ANSWER:**

**INTERROGATORY NO. 21:**     Identify each person with whom you have consulted in this case on expert or specialized matters, and whom you do not expect to be called as a witness at trial (a "consulting expert") if the consulting expert's opinions or impressions have been reviewed by or discussed with any testifying expert.  For each such consulting expert identified, state in detail the subject matter of his or her consultation, the mental impressions and opinions held by the consulting expert, and the facts known to the consulting expert (regardless of when

the factual information was acquired) which relate to or form the basis of the mental impressions and opinions held by the consulting expert.

**ANSWER:**

# EXHIBIT C

Cause No. C2019427 _____

| | | |
|---|---|---|
| **TONYA CHAMBERS,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | 355TH _____ **JUDICIAL DISTRICT** |
| | § | |
| **AEROCARE HOLDINGS INC.,** | § | |
| | § | |
| **Defendant.** | § | **HOOD COUNTY, TEXAS** |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

TO:   AeroCare Employee Benefits Incorporated, by and through the Texas Secretary of State, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701.

Pursuant to the Texas Rules of Civil Procedure, Plaintiff Tonya Chambers propounds her First Request for Admissions to Defendant AeroCare Holdings Inc.  Your responses to the Requests are to be made in writing and are to be served upon counsel for Plaintiff within fifty (50) days of their service.  Please refer to the Texas Rules of Civil Procedure for your duty to supplement your responses and the sanctions available should you fail to comply.

Respectfully submitted,

*/s/ Jennifer J. Spencer*
Jennifer J. Spencer
State Bar No. 10474900
jspencer@jacksonspencerlaw.com
James E. Hunnicutt
State Bar No. 24054252
jhunnicutt@jacksonspencerlaw.com
M. Neal Bridges
State Bar No. 24092171
nbridges@jacksonspencerlaw.com
JACKSON SPENCER LAW PLLC
Three Forest Plaza
12221 Merit Drive, Suite 160
Dallas, Texas 75251
(972) 458-5301 (Telephone)
(972) 770-2156 (Fax)

**ATTORNEYS FOR PLAINTIFF**
**TONYA CHAMBERS**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was served by process server along with Plaintiff's Original Petition and Citation on the date identified in the return of service.

*/s/ Jennifer J. Spencer*
Jennifer J. Spencer

## DEFINITIONS AND INSTRUCTIONS

1.      The word "Plaintiff" shall refer to Plaintiff Tonya Chambers.

2.      The words "Defendant," "AeroCare" "you," and "your" shall refer to Defendant AeroCare Holdings Inc. and its agents, employees, representatives, members, managers, officers, directors, partners, subsidiaries, affiliates, predecessors, including but not limited to AeroCare Employee Benefits Inc., and any other persons acting or purporting to act on their behalf, including any attorney or other representative, whether authorized or not.

3.      The term "person" is defined as any individual or legal entity, including, without limitation, any natural person, governmental entity, corporation, sole proprietorship, partnership, joint venture, firm, association, agency, board, authority, commission, trust, or other such entity.

4.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

5.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

6.      The use of the singular form of any word includes the plural and vice versa.

7.      To the extent that you believe any of the following requests to be objectionable, enter so much of each and each part thereof that is not, in your view, objectionable.

8.      To the extent that you believe any of the following requests call for information or documents subject to a claim of privilege, enter so much of each request and each part thereof that did not request, in your view, allegedly privileged information that you refuse to give.

9.      If any documents or information sought herein is withheld on the basis of privilege or work product, or otherwise, you are requested to submit in lieu of any such information a written statement pursuant to Rule 193.3(b) of the Texas Rules of Civil Procedure

no later than the day that these documents are produced that: (a) describes the documents or information withheld that, without revealing the privileged information itself or otherwise waiving the privilege, enables other parties to assess the applicability of the privilege; and (b) asserts a specific privilege for each item or group of items withheld.

10. If any document or information is withheld on the basis of any claimed confidentiality or privacy right, you are requested to provide (1) a copy of any written agreement containing such confidentiality right, if applicable; (2) in your response to the Request, citation to the statutory or other legal authority under which the confidentiality or privacy right is asserted, if applicable; and (3) pursuant to Tex. R. Civ. P. 192.6, a proposed agreed protective order to govern the confidentiality of the documents or information withheld.

11. The relevant time period is from January 1, 2013, to the present.

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**     Admit that Defendant had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in 2018.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 2:**     Admit that Defendant had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in 2019.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 3:**     Admit that Defendant had twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in 2018.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 4:**     Admit that Defendant had twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in 2019.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 5:**     Admit that Defendant had more than 100 employees for each working day in each of twenty (20) or more calendar weeks in 2018.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 6:**     Admit that Defendant had more than 100 employees for each working day in each of twenty (20) or more calendar weeks in 2019.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 7:**     Admit that Defendant had more than 200 employees for each working day in each of twenty (20) or more calendar weeks in 2018.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 8:**     Admit that Defendant had more than 200 employees for each working day in each of twenty (20) or more calendar weeks in 2019.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**   Admit that Defendant had more than 500 employees for each working day in each of twenty (20) or more calendar weeks in 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**   Admit that Defendant had more than 500 employees for each working day in each of twenty (20) or more calendar weeks in 2019.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**   Admit that Defendant had 50 or more employees for each working day in each of twenty (20) or more calendar weeks in 2018 at its location at 209 M & M Ranch Road, #110, Granbury, Texas, 76049.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**   Admit that Defendant had 50 or more employees for each working day in each of twenty (20) or more calendar weeks in 2019 at its location at 209 M & M Ranch Road, #110, Granbury, Texas, 76049.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**   Admit that Defendant had 50 or more employees for each working day in each of twenty (20) or more calendar weeks in 2018 working within 75 miles of its location at 209 M & M Ranch Road, #110, Granbury, Texas, 76049.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**   Admit that Defendant had 50 or more employees for each working day in each of twenty (20) or more calendar weeks in 2019 working within 75 miles of its location at 209 M & M Ranch Road, #110, Granbury, Texas, 76049.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**   Admit that Plaintiff began working for Defendant on November 4, 2002.

      **RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**   Admit that Plaintiff worked for Defendant as a service technician.

      **RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**   Admit that Plaintiff was trained in multiple job positions.

      **RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:**   Admit that Plaintiff provided job training to other employees.

      **RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:**   Admit that Plaintiff was trained in the position of Customer Service Representative.

      **RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:**   Admit that Plaintiff had performed the job duties of Customer Service Representative on an interim basis.

      **RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:**   Admit that Plaintiff provided job training to other employees.

      **RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:**   Admit that Plaintiff provided job training for the position of Customer Service Representative to other employees.

      **RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:**   Admit that, at the time of Plaintiff's termination from Defendant, Defendant was an "employer," as that term is used in the Texas Commission on Human Rights Act, Texas Labor Code Ch. 21.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:**   Admit that, at the time of Plaintiff's termination from Defendant, Plaintiff was an "employee" of Defendant, as that term is used in the Texas Commission on Human Rights Act, Texas Labor Code Ch. 21.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:**   Admit that Defendant terminated Plaintiff.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:**   Admit that Defendant informed Plaintiff of her termination on April 10, 2019.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 27:**   Admit that Defendant told Plaintiff her last day of work would be April 12, 2019.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:**   Admit that, at the time Defendant terminated Plaintiff, she was qualified for at least one position at AeroCare.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 29:**   Admit that, at the time Defendant terminated Plaintiff, she was qualified for the position of Service Technician.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 30:**   Admit that, at the time Defendant terminated Plaintiff, she possessed all certifications, degrees, and licenses required for the position of Service Technician.

   **RESPONSE:**


**REQUEST FOR ADMISSION NO. 31:**   Admit that, at the time Defendant terminated Plaintiff, she was qualified for the position of Customer Service Representative.

   **RESPONSE:**


**REQUEST FOR ADMISSION NO. 32:**   Admit that, at the time Defendant terminated Plaintiff, she possessed all certifications, degrees, and licenses required for the position of Customer Service Representative.

   **RESPONSE:**


**REQUEST FOR ADMISSION NO. 33:**   Admit that Plaintiff filed a grievance with Defendant.

   **RESPONSE:**


**REQUEST FOR ADMISSION NO. 34:**   Admit that Plaintiff filed a grievance with Defendant on March 19, 2018.

   **RESPONSE:**


**REQUEST FOR ADMISSION NO. 35:**   Admit that Plaintiff filed a grievance with Defendant about Vicki Cranford.

   **RESPONSE:**


**REQUEST FOR ADMISSION NO. 36:**   Admit that Plaintiff filed a grievance with Defendant about Vicki Cranford on March 19, 2018.

   **RESPONSE:**


**REQUEST FOR ADMISSION NO. 37:**   Admit that on April 10, 2019, Cathy Woolbright informed Plaintiff of her termination.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 38:**   Admit that on April 10, 2019, Cathy Woolbright informed Plaintiff of her termination by giving Plaintiff a severance package.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 39:**   Admit that Cathy Woolbright told Plaintiff she was being terminated because Defendant would not allow Ms. Woolbright to place Plaintiff in a Customer Service Representative position because of Plaintiff's grievance against Vicki Cranford.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 40:**   Admit that Cathy Woolbright told Plaintiff no other reason for her termination other than Defendant would not allow Ms. Woolbright to place Plaintiff in a Customer Service Representative position because of Plaintiff's grievance.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 41:**   Admit that no other employee or agent of Defendant told Plaintiff any other reason for her termination other than Defendant would not allow Ms. Woolbright to place Plaintiff in a Customer Service Representative position because of Plaintiff's grievance.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 42:**   Admit that at the time of Plaintiff's termination, there were open job positions at AeroCare.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 43:**   Admit that at the time of Plaintiff's termination, there was at least one open job position at AeroCare.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 44:**   Admit that at the time of Plaintiff's termination, there was an open position for a Customer Service Representative at AeroCare.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 45:**   Admit   that   Defendant   terminated   Plaintiff's employment because of her disability.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 46:**   Admit that Plaintiff's disability was a motivating factor for Defendant's termination of Plaintiff's employment.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 47:**   Admit   that   Defendant   terminated   Plaintiff's employment because of her enrollment in Defendant's insurance program.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 48:**   Admit that Plaintiff's enrollment in Defendant's insurance   program   was   a   motivating   factor   for   Defendant's   termination   of   Plaintiff's employment.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 49:**   Admit that Cathy Woolbright made the decision to terminate Plaintiff's employment with Defendant.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 50:**   Admit   that   Cathy   Woolbright   was   involved   in making the decision to terminate Plaintiff's employment with Defendant.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 51:**   Admit   that   Cathy   Woolbright   was   the   only individual involved in making the decision to terminate Plaintiff's employment with Defendant.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 52:**   Admit that, at the time of Plaintiff's termination from Defendant, Cathy Woolbright knew that terminating an employee due to the employee's disability is a violation of Texas law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 53:**   Admit that Cathy Woolbright made the decision to not provide Plaintiff with the reasonable accommodation of working in a different job position.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 54:**   Admit that Cathy Woolbright was involved in making the decision to not provide Plaintiff with the reasonable accommodation of working in a different job position.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 55:**   Admit that Cathy Woolbright made the decision to not allow Plaintiff to apply for a different job position.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 56:**   Admit that Cathy Woolbright was involved in making the decision to not allow Plaintiff to apply for a different job position.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 57:**   Admit that, during Plaintiff's employment with Defendant, Cathy Woolbright knew that not providing a reasonable accommodation for an employee's disability is a violation of Texas law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 58:**   Admit that Lisa Disheron made the decision to terminate Plaintiff's employment with Defendant.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 59:**    Admit that Lisa Disheron was involved in making the decision to terminate Plaintiff's employment with Defendant.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 60:**    Admit that, at the time of Plaintiff's termination from Defendant, Lisa Disheron knew that terminating an employee due to the employee's disability is a violation of Texas law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 61:**    Admit that Lisa Disheron made the decision to not provide Plaintiff with the reasonable accommodation of working in a different job position.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 62:**    Admit that Lisa Disheron was involved in making the decision to not provide Plaintiff with the reasonable accommodation of working in a different job position.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 63:**    Admit that Lisa Disheron made the decision to not allow Plaintiff to apply for a different job position.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 64:**    Admit that Lisa Disheron was involved in making the decision to not allow Plaintiff to apply for a different job position.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 65:**    Admit that, during Plaintiff's employment with Defendant, Lisa Disheron knew that not providing a reasonable accommodation for an employee's disability is a violation of Texas law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 66:**   Admit that Viki Cranford made the decision to terminate Plaintiff's employment with Defendant.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 67:**   Admit that Viki Cranford was involved in making the decision to terminate Plaintiff's employment with Defendant.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 68:**   Admit that, at the time of Plaintiff's termination from Defendant, Viki Cranford knew that terminating an employee due to the employee's disability is a violation of Texas law.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 69:**   Admit that Viki Cranford made the decision to not provide Plaintiff with the reasonable accommodation of working in a different job position.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 70:**   Admit that Viki Cranford was involved in making the decision to not provide Plaintiff with the reasonable accommodation of working in a different job position.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 71:**   Admit that Viki Cranford made the decision to not allow Plaintiff to apply for a different job position.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 72:**   Admit that Viki Cranford was involved in making the decision to not allow Plaintiff to apply for a different job position.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 73:**   Admit that, during Plaintiff's employment with Defendant, Viki Cranford knew that not providing a reasonable accommodation for an employee's disability is a violation of Texas law.

    **RESPONSE:**


**REQUEST FOR ADMISSION NO. 74:**   Admit that Shannon Morse made the decision to terminate Plaintiff's employment with Defendant.

    **RESPONSE:**


**REQUEST FOR ADMISSION NO. 75:**   Admit that Shannon Morse was involved in making the decision to terminate Plaintiff's employment with Defendant.

    **RESPONSE:**


**REQUEST FOR ADMISSION NO. 76:**   Admit that, at the time of Plaintiff's termination from Defendant, Shannon Morse knew that terminating an employee due to the employee's disability is a violation of Texas law.

    **RESPONSE:**


**REQUEST FOR ADMISSION NO. 77:**   Admit that Shannon Morse made the decision to not provide Plaintiff with the reasonable accommodation of working in a different job position.

    **RESPONSE:**


**REQUEST FOR ADMISSION NO. 78:**   Admit that Shannon Morse was involved in making the decision to not provide Plaintiff with the reasonable accommodation of working in a different job position.

    **RESPONSE:**


**REQUEST FOR ADMISSION NO. 79:**   Admit that Shannon Morse made the decision to not allow Plaintiff to apply for a different job position.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 80:**    Admit that Shannon Morse was involved in making the decision to not allow Plaintiff to apply for a different job position.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 81:**    Admit that, during Plaintiff's employment with Defendant, Shannon Morse knew that not providing a reasonable accommodation for an employee's disability is a violation of Texas law.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 82:**    Admit that, during Plaintiff's employment with Defendant, at least one person involved in the decision to not allow Plaintiff to work a different job position as an accommodation for her disabilities knew that not providing a reasonable accommodation for an employee's disability is a violation of Texas law.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 83:**    Admit that, at the time of Plaintiff's termination from Defendant, at least one person involved in the decision to terminate Plaintiff knew that terminating an employee due to the employee's disability is a violation of Texas law.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 84:**    Admit that Plaintiff provided Cathy Woolbright with a note from Plaintiff's doctor on April 9, 2019.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 85:**    Admit that Plaintiff provided Cathy Woolbright with a note from Plaintiff's doctor on April 9, 2019 that listed restrictions.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 86:**    Admit that on April 9, 2019, Plaintiff requested the accommodation of working a different job position.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 87:**    Admit that on April 9, 2019, Plaintiff requested the accommodation of working a different job position from Cathy Woolbright.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 88:**    Admit that Defendant never responded to Plaintiff's request for an accommodation in April 2019.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 89:**    Admit that Defendant rejected Plaintiff's request for an accommodation in April 2019.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 90:**    Admit that Defendant did not provide Plaintiff with the accommodation of working a different job position in April 2019.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 91:**    Admit that Defendant would not have suffered a hardship by authorizing Plaintiff's accommodation to work a different job position.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 92:**    Admit that lifting 30 pounds is not an essential function of Plaintiff's job at Defendant.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 93:**    Admit that lifting 30 pounds is not an essential function of a Service Technician at Defendant.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 94:**    Admit that lifting 30 pounds is not an essential function of a Customer Service Representative at Defendant.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 95:**   Admit that working more than 40 hours per week is not an essential function of a Service Technician at Defendant.

   **RESPONSE:**


**REQUEST FOR ADMISSION NO. 96:**   Admit that working more than 40 hours per week is not an essential function of a Customer Service Representative at Defendant.

   **RESPONSE:**


**REQUEST FOR ADMISSION NO. 97:**   Admit that Defendant did not engage in an interactive dialogue with Plaintiff regarding her request for accommodations.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 98:**   Admit that Defendant terminated Jennifer Stroup.

   **RESPONSE:**


**REQUEST FOR ADMISSION NO. 99:**   Admit that Defendant terminated Jennifer Stroup in April 2019.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 100:**   Admit that Defendant terminated Jennifer Stroup on April 12, 2019.

   **RESPONSE:**


**REQUEST FOR ADMISSION NO. 101:**   Admit that Defendant terminated Jennifer Stroup before April 12, 2019.

   **RESPONSE:**


**REQUEST FOR ADMISSION NO. 102:**   Admit that Jennifer Stroup worked as a Customer Service Representative for Defendant at the time of her termination.

   **RESPONSE:**

**REQUEST FOR ADMISSION NO. 103:**   Admit that there are records relevant to Plaintiff that are in the possession of Defendant.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 104:**   Admit that prior to responding to Plaintiff's First Request for Production to Defendant, you searched all documents in your possession, custody, or control that may contain information responsive to the Requests.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 105:**   Admit that prior to responding to Plaintiff's First Request for Production to Defendant, your search of emails in your possession, custody, or control included searching deleted emails.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 106:**   Admit that prior to responding to Plaintiff's First Request for Production to Defendant, your search of emails in your possession, custody, or control included searching archived emails.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 107:**   Admit that prior to responding to Plaintiff's First Request for Production to Defendant, you searched the emails of Cathy Woolbright that are in your possession, custody, or control.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 108:**   Admit that prior to responding to Plaintiff's First Request for Production to Defendant, you searched the emails of Vicki Cranford that are in your possession, custody, or control.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 109:**   Admit that prior to responding to Plaintiff's First Request for Production to Defendant, you searched the emails of Lisa Disheron that are in your possession, custody, or control.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 110:**   Admit that prior to responding to Plaintiff's First Request for Production to Defendant, you searched the emails of Shannon Morse that are in your possession, custody, or control.

**RESPONSE:**

I, TONNA HITT, District Clerk, Hood County, Texas, do hereby certify that the above and foregoing is a true and correct copy of the instruments in Cause No. C2019427 as filed in the Civil Records at the 355th District Court of Hood County, Texas.

Witness my hand and seal of office, this the 15 day of November, 2019

TONNA HITT, DISTRICT CLERK
HOOD COUNTY TEXAS

BY _____
          DEPUTY