UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TONYA CHAMBERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-00987-Y |
| | § | |
| AEROCARE HOLDINGS INC. | § | |
| | § | |
| Defendants. | § | |

## JOINT STATUS REPORT AND JOINT DISCOVERY PLAN

As directed in the Court's January 29, 2020 Order to Submit Joint Status Report and Proposed Discovery Plan and in accordance with Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, the parties submit the following status report:

1. **A BRIEF STATEMENT OF THE NATURE OF THE CASE, INCLUDING THE CONTENTIONS OF THE PARTIES.**

**Plaintiff's Contentions:**

Plaintiff contends that Defendant terminated her employment on the basis of her disabilities but that she was otherwise capable of performing the essential functions of her job with or without accommodations, in addition to being capable of performing other jobs with openings and for which she was qualified and had performed in the past. Defendant refused to engage in an interactive process regarding her requested accommodations and terminated her employment.

**Defendant's Contentions:**

Defendant contends that Plaintiff could no longer perform the essential functions of her position with Defendant, and that she was not qualified for any other position of employment

with Defendant. Defendant adopts and incorporated all other affirmative defenses in its Answer and any subsequent amendments or supplementations thereto.

2. **ANY CHALLENGE TO JURISDICTION OR VENUE**

There are no challenges to jurisdiction or venue.

3. **ANY MATTERS WHICH REQUIRE A CONFERENCE WITH THE COURT.**

None at present.

4. **LIKELIHOOD THAT OTHER PARTIES WILL BE JOINED.**

The parties do not anticipate the joinder of additional parties.

5. **DISCLOSURES REQUIRED BY RULE 26(A)(1)(A)**

Disclosures will be made by February 28, 2020.

6. **DISCOVERY PLAN**

   a. **Subjects on which Discovery May be Needed.**

Plaintiff intends to conduct written discovery on all issues related to liability and damages, and will seek the deposition of, at minimum, Vicki Cranford, Cathy Woolbright, and other individuals identified in Defendant's discovery responses as participating in the decisions to refuse accommodations to Plaintiff and terminate her employment.  However, Plaintiff reserves the right to depose other witnesses.

Defendant intends to conduct written discovery focused on facts supporting Plaintiff's cause of actions for disability discrimination, her requested damages, and mitigation efforts. Defendant will seek the deposition of Plaintiff.

   b. **Estimated Time Needed for Discovery.**

Six (6) months.

    **c. Whether Discovery Should be Conducted in Phases.**

Discovery will not need to be conducted in phases nor limited to particular issues.

    **d. ESI Protocol.**

Plaintiff believes that a protocol is necessary to ensure documents are produced in an organized fashion that recognizes the modern use of technology in discovery. A protocol was proposed by Plaintiff but rejected by Defendant. Plaintiff remains willing to consider a simplified protocol but invitations to Defendant to propose one have been rejected. Instead, Defendant proposes no more than "production in PDF format," without accounting for even basic organizational principles to facilitate an organized production of electronic documents. Since no true alternate protocol has been proposed by Defendant, Plaintiff submits the attached proposed ESI Protocol for the Court's consideration, attached as Exhibit A.

Defendant maintains that that Plaintiff's proposed ESI protocol is not proportional to the needs of the case. Specifically, Plaintiff's proposed ESI protocol is not necessary and imposes needless additional costs considering the nature of Plaintiff's position with Defendant and the alleged damages at issue. Defendant intends to produce its initial document production in PDF format. If Plaintiff shows a particularized need for e-discovery after Defendant's initial document production, Defendant will confer with Plaintiff further regarding the production of ESI while accounting for the limits provided by the Rules governing production of ESI, including Rule 26(b)(2)(B) and Rule 34.

**7. CHANGES TO LIMITATIONS ON DISCOVERY**

No changes to limitations on discovery imposed under the federal or local rules should be imposed on this matter.

8. **ORDERS TO BE ENTERED BY THE COURT UNDER RULE 26(C) OR 16(B),(C)**

The Court need not enter any orders under Rule 26(c) or Rule 16(b) or (c). The parties anticipate filing a joint motion for protection consistent with a form approved by the Court.

9. **REQUESTED TRIAL DATE, ESTIMATED LENGTH OF TRIAL, AND WHETHER A JURY TRIAL HAS BEEN DEMANDED.**

The parties request that the Court set this case for trial in September of 2020. A jury demand was included in Plaintiff's Original Petition filed in the 355th Judicial District of Hood County, Texas. The parties estimate that the trial will last 3 to 4 days.

10. **POSITION ON REFERRING THE CASE TO A UNITED STATES MAGISTRATE JUDGE**

The parties do not agree to refer this case to the magistrate judge.

11. **PROSPECTS FOR SETTLEMENT AND THE PRESENT STATUS OF SETTLEMENT NEGOTIATIONS.**

    a. **Prospects for Settlement**

The Parties briefly discussed prospects for settlement during the Rule 26 conference and determined that after initial discovery they would initially select a mediator and attempt to resolve the case.

    b. **Status of Settlement Negotiations**

Prior to filing this lawsuit, Plaintiff made an initial settlement demand. No additional settlement offers, or demands have been made.

    c. **Agreed Date, Place, and Time of Formal Settlement Conference.**

The parties and their counsel agree to meet in person and discuss settlement in this case within two weeks following the close of discovery.

12. **ALTERNATIVE DISPUTE RESOLUTION**

The parties believe that mediation may be an appropriate method to resolve this case after the parties conduct initial discovery, but before the close of the discovery deadline.

**13. *DONDI* DECISION**

Counsel of all parties have read the decision in *Dondi Props. Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988).

**14. ANY OTHER MATTER RELEVANT TO THE STATUS AND DISPOSITION OF THE CASE.**

At this time, the parties are unaware of any other matters relevant to the status and disposition of this case.

Respectfully Submitted,

By: /s/ *James E. Hunnicutt* (with permission)
    Jennifer Spencer
    State Bar No. 10474900
    jspencer@jacksonspencerlaw.com
    James E. Hunnicutt
    State Bar No. 24054252
    jhunnicutt@jacksonspencerlaw.com
    M. Neal Bridges
    State Bar No. 24092171
    nbridges@jacksonspencerlaw.com

    JACKSON SPENCER LAW PLLC
    Three Forest Plaza
    12221 Merit Drive, Suite 160
    Dallas, Texas 75251
    Phone: (972) 458-5301
    Facsimile: (972) 770-2156

**ATTORNEYS FOR PLAINTIFF**

By: /s/ *Paul E. Hash*
    Paul E. Hash
    Attorney-in-Charge
    State Bar No. 09198020
    Paul.Hash@jacksonlewis.com
    Shelby M. Broaddus
    State Bar No. 24096209
    Shelby.Broaddus@jacksonlewis.com

    JACKSON LEWIS P.C.
    500 N. Akard, Suite 2500
    Dallas, Texas 75201
    Phone: (214) 520-2400
    Facsimile: (214)-520-2008

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

On February 26, 2020, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically, as authorized by Federal Rule of Civil Procedure 5(b)(2), including the following:

>Jennifer Spencer
>James E. Hunnicutt
>M. Neal Bridges
>Jackson Spencer PLLC
>Three Forest Plaza
>12221 Merit Drive, Suite 160
>Dallas, Texas 75251

>*/s/ Paul E. Hash*
>Paul E. Hash