**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **TONYA CHAMBERS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:19-CV-00987-Y** |
| | § | |
| **AEROCARE HOLDINGS, INC.,** | § | |
| | § | |
| Defendant. | § | |

**APPENDIX IN SUPPORT OF PLAINTIFF'S MOTION TO
COMPEL DISCOVERY**

COMES NOW, Plaintiff Tonya Chambers ("**Plaintiff**") and files this, her Appendix in Support of Plaintiff's Motion to Compel Discovery.

| | **Description** | **Appendix Page** |
|---|---|---|
| Exhibit A | Defendant's First Supplemental Answers to Plaintiff's First Set of Interrogatories, dated July 6, 2020 | App. 001-011 |
| Exhibit B | Defendant's Responses to Plaintiff's First Request for Production, dated June 6, 2020 | App. 012-033 |
| Exhibit C | Defendant's Responses to Plaintiff's First Request for Production, dated March 11, 2020 | App. 034-056 |
| Exhibit D | AeroCare Organization Chart 2019 [bates-labeled AEROCARE 000833] | App. 057 |
| Exhibit E | Correspondence from Paul E. Hash to Jennifer Spencer, et al., dated July 6, 2020 re Response to Plaintiff's Discovery Requests | App. 058-062 |
| Exhibit F | Defendant's Privilege Log, dated July 6, 2020 | App. 063-064 |

**DATED**:  August 27, 2020                    Respectfully Submitted,

                                               /s/ Jennifer J. Spencer
                                               _____
                                               **JENNIFER J. SPENCER**
                                               Texas Bar No. 10474900
                                               Email: jspencer@jacksonspencerlaw.com
                                               **JAMES E. HUNNICUTT**
                                               Texas Bar No. 24054252
                                               Email: jhunnicutt@jacksonspencerlaw.com
                                               **M. NEAL BRIDGES**
                                               Texas Bar No. 24092171
                                               Email: nbridges@jacksonspencerlaw.com

                                               **JACKSON SPENCER LAW PLLC**
                                               Three Forest Plaza
                                               12221 Merit Drive, Suite 160
                                               Dallas, Texas 75251
                                               Telephone (972) 458-5301
                                               Facsimile (972) 770-2156

                                               **ATTORNEYS FOR PLAINTIFF**
                                               **TONYA CHAMBERS**

| CERTIFICATE OF SERVICE |
| --- |

    I hereby certify that, on **August 27, 2020**, a true and correct copy of the foregoing document was served on all counsel of record via the Court's ECF system.

                                               /s/ James E. Hunnicutt
                                               _____
                                               **JAMES E. HUNNICUTT**



**EXHIBIT**

**A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **TONYA CHAMBERS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:19-CV-000987** |
| | § | |
| **AEROCARE HOLDINGS INC.** | § | |
| | § | |
| *Defendant.* | § | |

### DEFENDANT'S FIRST SUPPLEMENTAL ANSWERS
### TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO:    Plaintiff, Tonya Chambers, by and through her attorney of record, Jennifer Spencer, James E. Hunnicutt, and M. Neal Bridges, Jackson Spencer PLLC, Three Forest Plaza, 12221 Merit Drive, Suite 160, Dallas, Texas 75251.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant AeroCare Holdings Inc. serves its First Supplemental Responses to Plaintiff's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

Defendant asserts the following objections and incorporates them into each response as if set forth fully therein:

Defendant objects generally to Plaintiff's First Set of Interrogatories to the extent they seek information subject to the attorney-client or attorney work product privileges, or information that is otherwise privileged or protected and not subject to discovery.

Defendant objects generally to each Interrogatory to the extent it imposes on Defendant obligations inconsistent with or in addition to the Federal Rules of Civil Procedure.

Defendant objects to each Interrogatory to the extent it would require Defendant to warrant that the information provided is exhaustive.  Defendant will endeavor to provide information in good faith consistent with its obligations under the Federal Rules of Civil Procedure.  Defendant

reserves the right to supplement its answers should additional information be discovered in the future.

Defendant objects to each Interrogatory to the extent it seeks information of a confidential business, or proprietary nature.  Defendant will only produce such information pursuant to an agreed Protective Order between the parties.

Defendant objects to each Interrogatory to the extent it seeks information from Defendant unrelated to the claims alleged in this lawsuit.  Any such request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

The answers and objections provided herein are subject to the right of Defendant to object on any ground, at any time, to a demand for further response to these or other interrogatories or other discovery procedures involving or relating to the subject matter of the Interrogatories herein.

## INTERROGATORIES

**INTERROGATORY NO. 1:**        Identify each person who participated in any way in AeroCare's decision to deny Plaintiff's reasonable accommodation requests and/or terminate Plaintiff's employment, and describe the person's involvement therein, including by stating the person's current age and the person's titles and job responsibilities during their employment with Defendant and the dates the person had each job title or job responsibilities.

**ANSWER:**    Defendant objects to this interrogatory to the extent it seeks information not relevant and not reasonably calculated to lead to the discovery of admissible evidence *i.e.* the ages of those involved in the decision related to Plaintiff's accommodation requests or the decision to discharge Plaintiff. Defendant further objects to the request to the extent that it assumes that Plaintiff's accommodation request was reasonable.  Defendant further objects to the interrogatory as unduly broad and overly burdensome because it requires Defendant to specify the job responsibilities for several positions. The description of the job responsibilities is obtainable from other sources which are more convenient or less expensive, *e.g.* depositions.

Subject to and without waiving the forgoing objection(s), Defendant states that Ms. Chambers did not make a request for a *reasonable* accommodation. Plaintiff was not qualified for the open Customer Service Representative Position.  Shannon Morse, Human Resources Manager, Vicki Bennett-Cranford, Regional Manager, and Cathy Woolbright, Sales Representative, participated in the Company's decision to discharge Plaintiff.

**INTERROGATORY NO. 2:**          Describe the process and procedures AeroCare undertook to determine whether to provide reasonable accommodations to Plaintiff and/or terminate Plaintiff's employment, and state the dates on which each activity occurred.

**ANSWER:**   Defendant objects to the interrogatory on the grounds that requesting the description of the "process and procedures" is obtainable from other sources which are more convenient or less expensive, *e.g.* depositions.

          Subject to and without waiving the forgoing objection(s), after Ms. Chambers provided her April 8, 2019 physicians note, Defendant reviewed the job descriptions for the Service Technician and Customer Service Representative positions.  Defendant also reviewed statements that were drafted in March 2018 which discussed Ms. Chambers' lack of qualifications for the open Customer Service Representative position. Given Ms. Chambers' lifting restrictions, and her inability to perform the other essential function of the job for the Customer Service Representative position, Defendant deemed her unqualified for the open position.  Moreover, because Ms. Chambers had indicated to the Company that she no longer wanted to be employed so she could pursue Social Security Disability, the Company determined it would discharge her and offer her a severance to assist her while she pursued such option.

**INTERROGATORY NO. 3:**          State with specificity all reasons Plaintiff's reasonable accommodation requests were denied.

**ANSWER:**    Defendant objects to this interrogatory on the grounds that requesting "all reasons" is facially over burdensome.  Defendant further objects on the basis that the request for "all reasons" is obtainable from other sources which are more convenient or less expensive, *e.g.* depositions.  Defendant also objects on the grounds that the interrogatory is argumentative in that it assumes that all of Plaintiff's accommodation requests were reasonable.

          Subject to and without waiving the forgoing objection(s), Ms. Chambers was not qualified for the open Customer Service Representative position. Plaintiff made no other requests for accommodations and instead indicated to the Company that she no longer wanted to be employed and instead pursue Social Security Disability.

**INTERROGATORY NO. 4:**          State with specificity all reasons communicated to Plaintiff for why Plaintiff's reasonable accommodation requests were denied, including by stating, for each reason communicated to Plaintiff, the date the reason was provided to Plaintiff, the method or manner of communicating the reason to Plaintiff (e.g., orally, by email, etc.), identifying the person who communicated the reason to Plaintiff, and identifying all persons who witnessed or who were party to the communication.

**ANSWER:**    Defendant objects to this interrogatory on the grounds that requesting "all reasons" is facially over burdensome. Defendant further objects on the basis that the request for "all reasons" is obtainable from other sources which are more convenient or less expensive, *e.g.* depositions. Defendant also objects on the grounds that the interrogatory is argumentative in that it assumes

that all of Plaintiff's accommodation requests were reasonable.  With respect to the request for information regarding emails or written correspondence on Plaintiff's accommodation requests, Defendant will make such documents available for inspection and copying in its production. Accordingly, the burden of ascertaining a further answer to the interrogatory is substantially the same for Plaintiff as Defendant.

Subject to and without waiving the forgoing objection(s),  Plaintiff did not request Defendant to have other employees lift objects over 30 pounds for her as alleged in her Original Petition. Although Plaintiff orally requested a lateral transfer to the Customer Service Position in March of 2018, Plaintiff was informed that she was not qualified for the position. In February of 2019, Ms. Chambers inquired about taking FMLA leave via email.  However, Ms. Chambers did not qualify for FMLA leave due to the number of employees in her work location.  Ms. Chambers instead verbally informed Cathy Woolbright on or around April 8, 2019 that she wished to explore obtaining status as permanently disabled so that she could qualify for payments or income on that basis. Because Ms. Chambers had indicated that she no longer wanted to stay with the Company, Defendant did not communicate a denial for an accommodation.

**INTERROGATORY NO. 5:**          State with specificity all reasons Plaintiff's employment was terminated.

**ANSWER:**     Defendant objects to this interrogatory on the grounds that requesting "all reasons" is facially over burdensome.  Defendant further objects on the basis that the request for "all reasons" is obtainable from other sources which are more convenient or less expensive, *e.g.* depositions.

Subject to and without waiving the forgoing objection(s), Ms. Chambers was separated from her employment because she could no longer perform the essential functions of her job, she was not qualified for the open position of Customer Service Representative, and because she had indicated that she wished to explore obtaining status as permanently disabled so that she could qualify for payments or income on that basis.

**INTERROGATORY NO. 6:**          State with specificity all reasons communicated to Plaintiff for why Plaintiff's employment was terminated, including by stating, for each reason communicated to Plaintiff, the date the reason was provided to Plaintiff, the method or manner of communicating the reason to Plaintiff (e.g., orally, by email, etc.), identifying the person who communicated the reason to Plaintiff, and identifying all persons who witnessed or who were party to the communication.

**ANSWER:**     Defendant objects to this interrogatory on the grounds that requesting "all reasons" is facially over burdensome. Defendant further objects on the basis that the request for "all reasons" is obtainable from other sources which are more convenient or less expensive, *e.g.* depositions. With respect to the request for information regarding emails or written correspondence on Plaintiff's accommodation requests, Defendant will make such documents available for inspection

and copying in its production.  Accordingly, the burden of ascertaining a further answer to the interrogatory is substantially the same for Plaintiff as Defendant.

Subject to and without waiving the forgoing objection(s), Cathy Woolbright orally informed Ms. Chambers that Defendant had evaluated the lifting restrictions imposed by Ms. Chambers' physician and determined that she could no longer perform the essential functions of the Service Technician position. Woolbright further informed Ms. Chambers that because of her long length of employment, the Company planned to offer her a severance to assist her while she applied for social security disability.

**INTERROGATORY NO. 7:**        Identify each and every communication between or among any and all employees of AeroCare regarding Plaintiff and her job position, training received by Plaintiff, training given by Plaintiff, Plaintiff's medical condition and accommodations, any grievances filed by Plaintiff from January 1, 2018, to the present, and all statements made about Plaintiff, including, for each communication, by stating the identity of the speaker or author of each communication and of each person involved in, copied on, or present during the communication (including by stating the person's current age and the person's titles and job responsibilities during their employment with Defendant and the dates the person had each job title or job responsibilities), by stating whether the communication was written (including whether by email or text message), by telephone or other audiovisual means of transmission (e.g., Face Time or Skype), or in person.

**ANSWER:**    Defendant objects to this interrogatory on the grounds that requesting "each and every communication" and "all statements made about Plaintiff"  is facially overbroad, overly burdensome, not reasonably calculated to the discovery of admissible evidence, and harassing. Defendant further objects on the grounds that the burden of expense of the proposed discovery outweighs the likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, and the importance at stake in the litigation.  Defendant also objects to the interrogatory on the grounds that it is temporally overbroad given Plaintiff's length of employment. With respect to the request for the current ages of the speakers or authors, Defendant objects on the grounds that the information sought is not reasonably calculated to the discovery of admissible evidence as this is not an age discrimination suit.  Defendant further objects on the basis that the information sought by the request is obtainable from other sources which are more convenient or less expensive, *e.g.* depositions.  With respect to the request for information regarding emails or text messages, Defendant will make such documents available for inspection and copying in its production.  Accordingly, the burden of ascertaining a further answer to the interrogatory is substantially the same for Plaintiff as Defendant.

Subject to and without waiving the forgoing objection(s), Defendant refers Plaintiff to email communications between Defendant's employees regarding issues with Plaintiff's job performance, communication regarding the investigation into Plaintiff's grievance, and emails related to Plaintiff's medical conditions produced as part of Defendant's initial and supplemental document production. Defendant states that Plaintiff did not formally train other employees. Accordingly, after a diligent search, Defendant was not able to locate communications related to Plaintiff's training of other employees. Please see Defendant's supplemental document production for email communications regarding Defendant's attempt to further train Plaintiff and Plaintiff's refusal of supplemental training.  After diligent search, Defendant was unable to locate any

additional emails or communication regarding Claimant's training as much of her training was conducted at the start of her employment more than 17 years ago.

**INTERROGATORY NO. 8:**        Identify all employees hired, placed, or reassigned by Defendant, since Plaintiff's termination, into the position last held by Plaintiff or doing any of the job-related activities previously performed by Plaintiff.

**ANSWER:**   Nicholas Molina was transferred from the Defendant's Sanger, Texas location to Ms. Chambers' position in Granbury, Texas. Molina voluntarily left the Company, and Joe Dawson replaced him.

**INTERROGATORY NO. 9:**        Identify all employees at the same level as Plaintiff and above Plaintiff in the chain of command within Defendant, up to Defendant's chief executive(s), including by stating the person's current age and the person's titles and job responsibilities during their employment with Defendant and the dates the person had each job title or job responsibilities.

**ANSWER:**   Defendant objects to the interrogatory on the grounds that it is devoid of any reasonably limitation on the relevant time period. Defendant further objects to the interrogatory on the grounds that it is overly broad, unduly burdensome and the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case, the amount in controversy, and the parties' resources and importance of the issues at stake in the litigation. As drafted, the interrogatory requests the identities of each and every individual at the same level as Plaintiff—regardless of whether they were employed at the same facility as Plaintiff—from the Company's inception. Defendant also objects to the interrogatory on the grounds that the request for the ages of the employees is not reasonably calculated to the discovery of admissible evidence. This is a disability discrimination and not age discrimination suit.

Subject to and without waiving the forgoing objection(s), Eric Anderson, Roy Woolbright, Nicholas Molina, and Joe Dawson have all held the position of Service Technician at Defendant's Granbury, Texas location from April 2019 to present. Each of these individuals reported to Cathy Woolbright, Location Manager.

**INTERROGATORY NO. 10:**        Identify all lawsuits and administrative proceedings, including by stating the case or cause number and stating the jurisdiction or tribunal in which it was filed, that have been filed against Defendant from 2014 to the present in which an allegation was made of disability discrimination against Cathy Woolbright, Lisa Disheron, Viki Cranford, Shannon Morse, or any person identified in response to Interrogatory Nos. 1.

**ANSWER:**   None.

**INTERROGATORY NO. 11:**       Identify all complaints, accusations, or allegations of disability discrimination against Cathy Woolbright, Lisa Disheron, Viki Cranford, Shannon Morse, or any person identified in response to Interrogatory Nos. 1 from 2014 to the present, including by identifying all persons involved in each complaint, accusation, or allegation.

**ANSWER:**    None.

**INTERROGATORY NO. 12:**       State the job title and describe the primary job duties for Plaintiff, Cathy Woolbright, Lisa Disheron, Viki Cranford, Shannon Morse, and any person identified in response to Interrogatory Nos. 1 or 8, including the dates each of them held each job title, including positions of a temporary or interim nature.

**ANSWER:**    Defendant objects to the interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably limited as to time, and is not reasonably limited the job duties for the facility or position at issue.  As drafted, the interrogatory requests the job title and primary job duties for each and every job that the above listed individuals possessed, regardless of whether they held that position with Defendant.

Subject to and without waiving the forgoing objection(s), at the time of Plaintiff's separation she was a Service Technician for Defendant.  As a Service Technician, Plaintiff's primary responsibilities included picking up, delivering, and setting up medical equipment and supplies.  Defendant further refers Plaintiff to its production for the job description of a Service Technician. Before Plaintiff's discharge Cathy Woolbright held the position of Sales Representative and  Location Manager for Defendant's Granbury, Texas location. Lisa Disheron held the position of Location Manager for Defendant's Sanger, Texas location. Vicki Bennett-Cranford held the position of Regional Manager. Shannon Morse held the position of Human Resources Payroll Manager.

**INTERROGATORY NO. 13:**       State all certifications, licenses, or degrees required by Defendant for Plaintiff's Service Technician position, including by stating which such certification, license, or degree AeroCare contends Plaintiff did not possess at the time of her termination.

**ANSWER:**    Defendant objects to the interrogatory on the grounds that it is argumentative and assumes that Defendant contended that the Service Technician position requires a degree. Defendant will make the job description for a Service Technician available for inspection and copying in its production.  Accordingly, the burden of ascertaining a further answer to the interrogatory is substantially the same for Plaintiff as Defendant.

Subject to and without waiving the forgoing objection(s), Plaintiff possessed all certifications, licenses, and degrees necessary for the Service Technician position at the time of her discharge.

**INTERROGATORY NO. 14:**       State all certifications, licenses, or degrees required by Defendant for the Customer Service Representative position(s) held by Plaintiff on any interim or

**DEFENDANT'S FIRST SUPPLEMENTAL ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**                                    **7**

temporary basis and/or to which Plaintiff requested being transferred, including by stating which such certification, license, or degree AeroCare contends Plaintiff did not possess at the time of her termination.

**ANSWER:**   Defendant objects to the interrogatory on the grounds that it is argumentative and assumes that Defendant contended that the Customer Service Representative position requires a degree.  Defendant will make the job description for a Customer Service Representative available for inspection and copying in its production.  Accordingly, the burden of ascertaining a further answer to the interrogatory is substantially the same for Plaintiff as Defendant.

Subject to and without waiving the forgoing objection(s), there are no certification, licenses, or degrees required for the Customer Service Representative Position.

**INTERROGATORY NO. 15:**   State all unfilled, open, and/or available job titles and job positions at AeroCare in March and April 2019 and for each one, (a) provide any and all work locations for the positions, associated job descriptions, and required certificates, licenses or degrees for the positions; and (b) identify the candidates selected for interviewing to fill the position and the candidates selected for the position.

**ANSWER:**   Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, is not reasonably limited to the facility at issue.  Because Defendant has multiple locations across the country and the interrogatory seeks "all unfilled, open, and/or available job titles and job positions," the interrogatory seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to the interrogatory because it is violative of the privacy rights of individuals not a party to this lawsuit.

Subject to and without waiving the forgoing objection(s), there was one open Customer Service Representative position at the Granbury, Texas location in April 2019. Erin Smith was selected for the position.

**INTERROGATORY NO. 16:**   For each job title and job position listed in Interrogatory No. 17, state the persons responsible for determining the potential candidates for the positions as well as the candidates selected for the positions, describe the processes and procedures by which the persons selected candidates for the positions, and state the date(s) on which each such activity occurred.

**ANSWER:**   Defendant objects to the interrogatory on the grounds that requesting the description of the "process and procedures" is obtainable from other sources which are more convenient or less expensive, *e.g.* depositions.  Defendant further object to the interrogatory as it is temporally overbroad.

Subject to and without waiving the forgoing objections, since March 2019, the applicable Location Managers assist Vicki Bennett-Cranford review Customer Service Representative applications from Indeed and interview potential candidates. The following Location Managers assisted Vicki Bennett-Cranford interview potential candidates: Cathy Woolbright (Granbury,

**DEFENDANT'S FIRST SUPPLEMENTAL ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**                                                                                    **8**

Texas), Gerturdes ("Chalo") Landeros (Fort Worth, Texas), Lisa Disheroon (Sanger, Texas),  and James Thomas (Dallas, Texas).

When selecting individuals to interview, Vicki Bennet-Cranford and the applicable Location Manager  considered whether the applicants have office experience, whether they have experience with EMR programs, whether they have experience in the medical field, among other things.  Vicki Bennett-Cranford is responsible for the ultimate hiring decisions of the Customer Service Representative position. Brandi Bishop (Née Hiemenz) was hired on April 1, 2019, Erin Smith was hired on April 19, 2019, Susan Bunce was hired on June 19, 2019 to serve as Customer Service Representatives for the Granbury, Texas location. Ernestina Romo was hired on April 8, 2019 and Sonia Chavera was hired on May 1, 2019 to serve as Customer Service Representative for the Dallas, Texas location. Adrienne Tatum was hired on April 15, 2019 to be a Customer Service Representative for the Sanger, Texas location. Holly Rodgers was hired on April 15, 2019, Ashley Kieke was hired on May 7, 2019 for the Customer Service Representative position at the Fort Worth, Texas location.

**INTERROGATORY NO. 17:**      Identify all persons hired for a Customer Service Representative role from March 1, 2019, to the present.

**ANSWER:**     Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, is not reasonably limited to the facility at issue.  Because Defendant has multiple locations across the country, and the interrogatory seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the forgoing objection(s), Defendant refers Plaintiff to its answer to the preceding interrogatory for those hired by Vicki Bennett-Cranford from March 2019-June 2019.

**INTERROGATORY NO. 18:**      Identify any journals, notes, tape recordings, photographs, emails, text messages, or other such memoranda of any meetings, events, conversations, or other communications concerning the factual allegations in Plaintiff's Petition or in your answers to these Interrogatories, including: (a) when, where, and by whom each such journal, note, tape recording, photograph, email, text message, or other memorandum was made; (b) the identity of all persons who were present, a party to, and/or witnessed each such meeting, conversation, or communication; and (c) the identity of the person(s) having custody of each such note, tape recording, photograph, or other memorandum.

**ANSWER:**     Defendant objects to this interrogatory on the grounds that the interrogatory is beyond the scope of the Federal Rules of Civil Procedure given Plaintiff's definition of "identify." Requesting Defendant to identify *any* written or oral conversation concerning the factual allegations in Plaintiff's petition is overly broad and unduly burdensome.  Defendant will make any non-privileged written material relevant to the factual allegation in Plaintiff's petition available for inspection and copying in its production.  Accordingly, the burden of ascertaining a further answer to the interrogatory is substantially the same for Plaintiff as Defendant. Defendant

further objects on the basis that the request to identify all written and oral communication is obtainable from other sources which are more convenient or less expensive, *e.g.* depositions.

**INTERROGATORY NO. 19:**      If any document concerning Plaintiff's claims and/or your defenses in this lawsuit is no longer in your possession, custody, or control, or has been lost, misplaced, or destroyed, identify each such document and briefly describe why each document is no longer in your possession, custody, or control and/or how, when, and by whom it was lost, misplaced, or destroyed. Please refer to the definition of "Identify" set forth above.

**ANSWER:**      None.

**INTERROGATORY NO. 20:**      Plaintiff has sent Requests for Production to you. For each Request for Production, identify each and every document that you have withheld or plan to withhold from production under any claim of a privilege, exemption, or immunity from discovery. For each such document or thing, state the specific privilege, exemption, or immunity from discovery relied upon.

**ANSWER:**      Defendant objects to this interrogatory on the grounds it seeks to impose burdens and obligation on defendant which are different from and more detailed and onerous than those contained in *Federal R. Civ. P.* 26(b)(5)(A).

Subject to and without waiving the forgoing objection(s), Defendant is withholding some emails exchange regarding Plaintiff's discharge on the basis of the attorney client privilege.

**INTERROGATORY NO. 21:**      Identify each person with whom you have consulted in this case on expert or specialized matters, and whom you do not expect to be called as a witness at trial (a "consulting expert") if the consulting expert's opinions or impressions have been reviewed by or discussed with any testifying expert. For each such consulting expert identified, state in detail the subject matter of his or her consultation, the mental impressions and opinions held by the consulting expert, and the facts known to the consulting expert (regardless of when the factual information was acquired) which relate to or form the basis of the mental impressions and opinions held by the consulting expert.

**ANSWER:**      Defendant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome.  Requiring Defendant to "state in detail the subject matter of the consultation" and "facts known to the consulting expert" is beyond the permissible scope of discovery under *Federal R. Civ. P.* 26.

Subject to and without waiving the foregoing objection(s), none.

**DEFENDANT'S FIRST SUPPLEMENTAL ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**                                                                                      **10**

DATED:  July 6, 2020                    Respectfully submitted,

                                        By:  */s/ Paul E. Hash*_____
                                              Paul E. Hash, Lead
                                              State Bar No. 09198020
                                              Paul.Hash@jacksonlewis.com
                                              Shelby M. Broaddus
                                              State Bar No. 24096209
                                              Shelby.Broaddus@jacksonlewis.com

                                              JACKSON LEWIS P.C.
                                              500 N. Akard, Suite 2500
                                              Dallas, Texas 75201
                                              Phone: (214) 520-2400
                                              Facsimile: (214)-520-2008

                                        **ATTORNEYS FOR DEFENDANT**


### CERTIFICATE OF SERVICE

        On July 6, 2020, I submitted the foregoing document via electronic mail.  I hereby certify that I have served all counsel of record by electronic mail including the following:

            Jennifer Spencer
            James E. Hunnicutt
            M. Neal Bridges
            Jackson Spencer PLLC
            Three Forest Plaza
            12221 Merit Drive, Suite 160
            Dallas, Texas 75251


                                        */s/ Paul E. Hash*_____
                                        Paul E. Hash

**DEFENDANT'S FIRST SUPPLEMENTAL ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**                              **11**

APP 011



**EXHIBIT**

**B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| TONYA CHAMBERS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-000987 |
| | § | |
| AEROCARE HOLDINGS INC. | § | |
| | § | |
| *Defendant.* | § | |

### DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST
### REQUEST FOR PRODUCTION

TO:    Plaintiff, Tonya Chambers, by and through her attorney of record, Jennifer Spencer, James E. Hunnicutt, and M. Neal Bridges, Jackson Spencer PLLC, Three Forest Plaza, 12221 Merit Drive, Suite 160, Dallas, Texas 75251.

Defendant AeroCare Holdings Inc. responds to Plaintiff's First Request for Production as follows:

### GENERAL OBJECTIONS

Defendant asserts the following objections to the Requests and incorporates them into each response as if set forth fully therein:

1.    Defendant objects to the Requests to the extent they impose on Defendant obligations inconsistent with or in addition to any agreed scheduling order governing these proceedings or the Federal Rules of Civil Procedure (the "Rules").

2.    Defendant objects to the Requests to the extent they seek documents not within its possession, custody, or control.

3.    Defendant objects to the Requests to the extent they seek documents containing information subject to the attorney-client or attorney work product privileges or information that is otherwise privileged or protected and not subject to discovery.

4.      Defendant objects to the Requests to the extent they seek documents containing information unrelated to the claims alleged in this matter. Any such request is overbroad and seeks information that is irrelevant and/or not proportional to the needs of the case.

5.      With respect to Plaintiff's requests for production of electronically stored information ("ESI"), Defendant will make reasonable, good faith, proportionate efforts as required under the Rules, including, without limitation, Rule 26(g)(1)(B)(iii), to locate and produce non-privileged documents that are responsive to Plaintiff's requests. The ESI will be produced as it is kept in the usual course of business rather than organized and labeled to correspond to the categories of Plaintiffs requests. The format of production of the ESI will be the form in which it is ordinarily maintained, or in a reasonably useable form or forms. We would be glad to meet and confer if you have any questions or would like to discuss further how such costs may be avoided or limited, as well as what specifications would be required for production of such ESI. Defendant also generally objects to the request for production of ESI to the extent it requires recovery of ESI from sources that are not reasonably accessible on the basis of the undue burden and expense entailed. This objection includes any request for responsive documents that may be located in archives and backup systems, or that must be forensically retrieved from computer hard drives, etc. The retrieval, review and production of such not reasonably accessible ESI would interfere with the just, speedy and inexpensive determination of this proceeding.

6.      Defendant objects to the Requests to the extent they seek confidential information regarding third parties on the basis that this disclosure would unduly invade the legitimate privacy interests of such third parties who are not parties to this litigation. Defendant further objects to the Requests to the extent they seek information that is private, sensitive, confidential, or proprietary and/or trade secrets information regarding Defendant or any third parties. Defendant will only

**DEFENDANT'S FIRST SUPPLEMENTAL RESPONSES**
**TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**                    **Page 2**

produce such information, if not otherwise objected to, pursuant to the ˉWillis of an appropriate protective order.

Defendant's objections and responses to the Requests reflect Defendant's best present knowledge based on review and investigation of the facts to date. This review and investigation is continuing, and Defendant reserves the right to amend and supplement its responses as additional information may warrant.

## **OBJECTIONS AND RESPONSES TO SPECIFIC DOCUMENT REQUESTS**

Defendant incorporates by reference its General Objections into each of the Responses set forth below.

**REQUEST FOR PRODUCTION NO. 1:** All documents relating or referring to Plaintiff's allegations in her Original Petition.

**RESPONSE:** Defendant objects to this request on the grounds that it fails to describe with reasonable particularity the items or categories of items requested. Defendant further objects on the grounds that it is vague, overly broad, and unduly burdensome. Defendant also objects to this request on the basis that it exceeds the permissible scope of discovery by seeking core work product—the request for "all documents" necessarily includes attorney memoranda, correspondence, *etc.*

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 2:** All documents relating or referring to statements or allegations made in Defendant's Disclosures.

**RESPONSE:** Defendant objects to this request on the grounds that it fails to describe with reasonable particularity the items or categories of items requested. Defendant further objects on the grounds that it is vague, overly broad, and unduly burdensome. Defendant also objects to this request on the basis that it exceeds the permissible scope of discovery by seeking core work product—the request for "all documents" necessarily includes attorney memoranda, correspondence, etc.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 3:**   Plaintiff's complete personnel file.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.


**REQUEST FOR PRODUCTION NO. 4:**   All documents relating or referring to Plaintiff's compensation and benefits as an employee of Defendant.

**RESPONSE:** Defendant objects to this request on the grounds that it fails to describe with reasonable particularity the items or categories of items requested.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.


**REQUEST FOR PRODUCTION NO. 5:**   All performance reviews relating or referring to Plaintiff.

**RESPONSE:** All responsive documents have been produced.


**REQUEST FOR PRODUCTION NO. 6:**   All written warnings, complaints, and/or reprimands provided to Plaintiff during her employment with Defendant.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.


**REQUEST FOR PRODUCTION NO. 7:**   All documents and communications relating to the decision to terminate Plaintiff.

**RESPONSE:** Defendant objects to this request to the extent it exceeds the permissible scope of discovery by seeking core work product and documents protected by the attorney client privilege.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.


**REQUEST FOR PRODUCTION NO. 8:**   All documents and communications relating to the decision to deny Plaintiff's reasonable accommodation requests.

**RESPONSE**: Defendant objects to this request on the grounds that is assumes facts not yet proven to be true i.e. Defendant denied all requests for accommodation and all accommodations requested were reasonable.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 9:** All documents and communications relating to the decision to deny Plaintiff the opportunity to transfer to another position within AeroCare from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 10:** All job applications submitted to Plaintiff.

**RESPONSE:** All responsive documents have been produced.

**REQUEST FOR PRODUCTION NO. 11:** All communications between Defendant and any governmental entity regarding Plaintiff from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant objects to this request to the extent that it seeks documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects because the request is not limited to discussions with governmental entities regarding the subject matter of Plaintiff's claims. Accordingly, the request is overbroad and unduly burdensome.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 12:** Defendant's document preservation and/or ESI retention policies, if any.

**RESPONSE:** Defendant objects to this request to the extent that it seeks documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because the request is not limited to any remotely relevant time frame. Defendant further objects because the request is not limited to Plaintiff's work location and therefore seeks company-wide discovery. Accordingly, the request is overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 13:** All documents relating to Plaintiff's 401K, medical, dental, vision, pension and/or retirement benefits.

**RESPONSE:** Defendant objects to the request because given the length of Plaintiff's employment, the request is not limited to a reasonable relevant time frame.

**DEFENDANT'S FIRST SUPPLEMENTAL RESPONSES**
**TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**                          **Page 5**

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 14:**  All documents relating to costs associated with Plaintiff's 401K, medical, dental, vision or any other benefits from all times beginning on January 1, 2018, through present date.

**RESPONSE:**  Defendant objects to this the request because it is unreasonably cumulative and duplicative with the preceding request which calls for all documents related to Plaintiff's benefits. Defendant further objects to this request on the grounds that it fails to describe with reasonable particularity the items or categories of items requested.

Subject to and without waiving the forgoing objections all responsive documents have been produced.

**REQUEST FOR PRODUCTION NO. 15:**  All documents relating to any complaints made by any employee/agent of Defendant relating to Plaintiff from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant objects to this the request because it is unreasonably cumulative and duplicative with request for production no. 6.

**REQUEST FOR PRODUCTION NO. 16:**  All documents relating to any complaints and grievances made by Plaintiff, including any investigation notes/decision from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 17:**  Defendant's anti-discrimination and anti-retaliation policies, if any, that applied to Plaintiff's employment with Defendant from all times beginning on January 1, 2018, through present date.

**RESPONSE:**  All responsive documents have been produced.

**REQUEST FOR PRODUCTION NO. 18:**  Defendant's employment policies and procedures that applied to Plaintiff's employment with Defendant, including without limitation, employment manuals and progressive discipline policies from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 19:** All organizational charts for Defendant from February 2002 to the present.

**RESPONSE:** Defendant also objects because the request is not limited to a reasonably relevant time frame. Defendant also objects to the request on the grounds that it is overbroad and unduly burdensome.

Subject to, and without waiving these objections, Defendant has produced all responsive documents.

**REQUEST FOR PRODUCTION NO. 20:** All communications between Cathy Woolbright and any employee or third party regarding Plaintiff from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant objects to this request to the extent that it is overly broad and unduly burdensome. As drafted, this request requires the production of every communication that merely mentions Plaintiff regardless of whether the communication relates to Plaintiff's allegations or Defendant's defenses in this suit. Defendant also objections to the request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that it lacks specificity and fails to describe with reasonable particularity the items or categories of items requested.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 21:** All communications between Cathy Woolbright and Plaintiff from **all** times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant objects to this request to the extent that it is overly broad and unduly burdensome. As drafted, this request requires the production of every communication between Plaintiff and Cathy Woolbright regardless of whether the communication relates to Plaintiff's allegations or Defendant's defenses in this suit. Defendant also objections to the request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that it lacks specificity and fails to describe with reasonable particularity the items or categories of items requested.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 22:** All communications between Lisa Disheron and any employee or third party regarding Plaintiff from all times beginning on January 1, 2018, through present date.

**APP 018**

**RESPONSE:** Defendant objects to this request to the extent that it is overly broad and unduly burdensome.  As drafted, this request requires the production of every communication that merely mentions Plaintiff regardless of whether the communication relates to Plaintiff's allegations or Defendant's defenses in this suit. Defendant also objections to the request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.   Defendant further objects on the grounds that it lacks specificity and fails to describe with reasonable particularity the items or categories of items requested.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 23:**  All communications between Lisa Disheron and Plaintiff from all times beginning on January **1,** 2018, through present date.

**RESPONSE:** Defendant objects to this request to the extent that it is overly broad and unduly burdensome.  As drafted, this request requires the production of every communication between Plaintiff and Lisa Disheron regardless of whether the communication relates to Plaintiff's allegations or Defendant's defenses in this suit.  Defendant also objections to the request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that it lacks specificity and fails to describe with reasonable particularity the items or categories of items requested.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 24:**  All communications between Vicki Cranford and any employee or third party regarding Plaintiff from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant objects to this request to the extent that it is overly broad and unduly burdensome.  As drafted, this request requires the production of every communication that merely mentions Plaintiff regardless of whether the communication relates to Plaintiff's allegations or Defendant's defenses in this suit. Defendant also objections to the request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.   Defendant further objects on the grounds that it lacks specificity and fails to describe with reasonable particularity the items or categories of items requested.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 25:**  All communications between Vicki Cranford and Plaintiff from all times beginning on January 1, 2018, through present date.

**APP 019**

**RESPONSE:** Defendant objects to this request to the extent that it is overly broad and unduly burdensome.  As drafted, this request requires the production of every communication between Plaintiff and Vicki Cranford regardless of whether the communication relates to Plaintiff's allegations or Defendant's defenses in this suit.  Defendant also objections to the request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects on the grounds that it lacks specificity and fails to describe with reasonable particularity the items or categories of items requested.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.


**REQUEST FOR PRODUCTION NO. 26:**  All communications between Shannon Morse and any employee or third party regarding Plaintiff from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant objects to this request to the extent that it is overly broad and unduly burdensome.  As drafted, this request requires the production of every communication that merely mentions Plaintiff regardless of whether the communication relates to Plaintiff's allegations or Defendant's defenses in this suit. Defendant also objections to the request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects on the grounds that it lacks specificity and fails to describe with reasonable particularity the items or categories of items requested.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.


**REQUEST FOR PRODUCTION NO. 27:**  All communications between Shannon Morse and Plaintiff from all times beginning on January 1, 2018, through present date.

**RESPONSE:**      Defendant objects to this request to the extent that it is overly broad and unduly burdensome.  As drafted, this request requires the production of every communication between Plaintiff and Shannon Morse regardless of whether the communication relates to Plaintiff's allegations or Defendant's defenses in this suit. Defendant also objections to the request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects on the grounds that it lacks specificity and fails to describe with reasonable particularity the items or categories of items requested.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.


**REQUEST FOR PRODUCTION NO. 28:**  All documents and/or communications sent or received by Defendant referring or relating to Plaintiff or her employment with Defendant from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant objects to this request to the extent that it is overly broad and unduly burdensome. As drafted, this request requires the production of every communication that merely mentions Plaintiff regardless of whether the communication relates to Plaintiff's allegations or Defendant's defenses in this suit. Defendant also objections to the request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that it lacks specificity and fails to describe with reasonable particularity the items or categories of items requested.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 29:** All job descriptions for any position held by Plaintiff during her employment with Defendant.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 30:** All job descriptions for any interim position held by Plaintiff during her employment with Defendant.

**RESPONSE:** Defendant objects to this the request because it is unreasonably cumulative and duplicative with the preceding request which calls for all job descriptions held by plaintiff.

**REQUEST FOR PRODUCTION NO. 31:** All job descriptions for any position for which Plaintiff received training during her employment with Defendant.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 32:** All job descriptions for any position for which Plaintiff provided training during her employment with Defendant.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 33:** All training materials provided by Defendant to Plaintiff.

**RESPONSE:** Defendant refers Plaintiff to a copy of her Med U Transcript of trainings she completed with Defendant. Defendant has requested copies of its trainings from its third party training administrator and will supplement its production upon receipt.

**REQUEST FOR PRODUCTION NO. 34:**  All training materials created by Plaintiff.

**RESPONSE:**  After diligent search, no documents are responsive to this request.


**REQUEST FOR PRODUCTION NO. 35:**  All instructions provided by Defendant to Plaintiff regarding her job position(s).

**RESPONSE:**  Defendant objects to this request to the extent that it is overly broad and unduly burdensome.  Defendant on the grounds that this request is not limited to any remotely relevant time frame considering Plaintiff was employed by Defendant for nearly seventeen years.  Defendant also objections to the request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects on the grounds that it lacks specificity and fails to describe with reasonable particularity the items or categories of items requested.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.


**REQUEST FOR PRODUCTION NO. 36:**  All documents regarding instructions provided by Defendant to Plaintiff regarding her interim job position(s).

**RESPONSE:**  Defendant objects to this the request because it is unreasonably cumulative and duplicative with the preceding request.  Defendant accordingly adopts and incorporates the objections stated in Request for Production No. 35.


**REQUEST FOR PRODUCTION NO. 37:**  All schedules provided by Defendant to Plaintiff, including schedules referencing Plaintiff's job position(s), interim job position(s) or training schedule(s) from all times beginning on January 1, 2018, through present date.

**RESPONSE:**  Defendant will produce the responsive documents at a mutually convenient time and place.


**REQUEST FOR PRODUCTION NO. 38:**  All documents evidencing, referring to, or relating to training received by Plaintiff.

**RESPONSE:**  Defendant has produced all responsive documents. Defendant specifically refers Plaintiff to a copy of her Med U Transcript of trainings she completed with Defendant.


**REQUEST FOR PRODUCTION NO. 39:**  All documents evidencing, referring to, or relating to Plaintiff's training of other employees.

**RESPONSE:**  After a diligent search, no documents are responsive to this request.

**REQUEST FOR PRODUCTION NO. 40:**  All documents evidencing, referring to, or relating to available job positions at AeroCare throughout March, April, and May 2019.

**RESPONSE:** Defendant objects to this request as overbroad and unduly burdensome. Because the request is not limited to Plaintiff's work location, the requests seeks company-wide discovery.

Subject to, and without waiving these objections, Defendant will produce the responsive documents limited to the Region in which Plaintiff worked.

**REQUEST FOR PRODUCTION NO. 41:**  All job descriptions for available positions at AeroCare throughout March, April, and May 2019.

**RESPONSE:** Defendant objects to this request as overbroad and unduly burdensome. Because the request is not limited to Plaintiff's work location, the requests seeks company-wide discovery.

Subject to, and without waiving these objections, a copy of the job description for the Customer Service Representative position has been produced. .

**REQUEST FOR PRODUCTION NO. 42:**  All job applications submitted for available positions at AeroCare throughout March, April, and May 2019.

**RESPONSE:**  Defendant objects to this request as overbroad and unduly burdensome. Because the request is not limited to Plaintiff's work location, the requests seeks company-wide discovery. Defendant further objects to the request on the grounds that it violates the privacy rights of those not a party to this lawsuit.

**REQUEST FOR PRODUCTION NO. 43:**  All documents evidencing, referring to, or relating to the process by which Defendant selected potential candidates for available job positions at AeroCare throughout March, April, and May 2019.

**RESPONSE:** Defendant objects on the grounds that it lacks specificity and fails to describe with reasonable particularity the items or categories of items requested.  Defendant objects to this request as overbroad and unduly burdensome. Because the request is not limited to Plaintiff's work location, the requests seeks company-wide discovery.  Defendant further objects to the request on the grounds that it is vague.

Subject to, and without waiving these objections, none.

**REQUEST FOR PRODUCTION NO. 44:**  All documents evidencing, referring to, or relating to the potential candidates selected by Defendant to fill available job positions at AeroCare throughout March, April, and May 2019.

**RESPONSE:** Defendant objects on the grounds that it lacks specificity and fails to describe with reasonable particularity the items or categories of items requested.  Defendant objects to this request as overbroad and unduly burdensome. Because the request is not limited to Plaintiff's work location, the requests seeks company-wide discovery.

**REQUEST FOR PRODUCTION NO. 45:**  All documents evidencing, referring to, or relating to the process by which Defendant filled available job positions at AeroCare throughout March, April, and May 2019.

**RESPONSE:** Defendant objects to this the request because it is unreasonably cumulative and duplicative with request for production no. 43.  Accordingly, Defendant adopts and incorporates its objections to request for production no. 43.

**REQUEST FOR PRODUCTION NO. 46:**  All documents evidencing, referring to, or relating to the candidates selected by Defendant to fill available job positions at AeroCare throughout March, April, and May 2019.

**RESPONSE:** Defendant objects to this the request because it is unreasonably cumulative and duplicative with request for production no. 44.  Accordingly, Defendant adopts and incorporates its objections to request for production no. 44.

**REQUEST FOR PRODUCTION NO. 47:**  Cathy Woolbright's personnel file including her job application, offer letter, resume or CV, performance evaluations, write-ups, warnings, complaints, or reprimands.

**RESPONSE:** Defendant objects to this request constitutes an unwarranted invasion of the individual's personal privacy.  *Beasley v. First Amer. Real Estate Info. Services, Inc*., 2005 U.S. Dist. LEXIS 34030, at* 4 (N.D. Tex. April 27, 2005) ("[P]laintiff is not entitled to rummage through the personnel files of these employees in hopes of discovering information that might possibly be relevant to his claim. Moreover, the discovery of personnel files of non-party employees presents special concerns about the privacy rights of the individuals involved."). Defendant further objects to the request on the grounds that it is overly broad, unduly burdensome and harassing, and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the issues at stake in the litigation. Defendant also objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 48:**  Lisa Disheron's personnel file including her job application, offer letter, resume or CV, performance evaluations, write-ups, warnings, complaints, or reprimands.

**RESPONSE:** Defendant objects to this request constitutes an unwarranted invasion of the individual's personal privacy.  Beasley v. First Amer. Real Estate Info. Services, Inc., 2005 U.S.

Dist. LEXIS 34030, at* 4 (N.D. Tex. April 27, 2005) ("[P]laintiff is not entitled to rummage through the personnel files of these employees in hopes of discovering information that might possibly be relevant to his claim. Moreover, the discovery of personnel files of non-party employees presents special concerns about the privacy rights of the individuals involved."). Defendant further objects to the request on the grounds that it is overly broad, unduly burdensome and harassing, and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the issues at stake in the litigation. Defendant also objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 49:**  Vicki Cranford's personnel file including her job application, offer letter, resume or CV, performance evaluations, write-ups, warnings, complaints, or reprimands.

**RESPONSE:** Defendant objects to this request constitutes an unwarranted invasion of the individual's personal privacy.  Beasley v. First Amer. Real Estate Info. Services, Inc., 2005 U.S. Dist. LEXIS 34030, at* 4 (N.D. Tex. April 27, 2005) ("[P]laintiff is not entitled to rummage through the personnel files of these employees in hopes of discovering information that might possibly be relevant to his claim. Moreover, the discovery of personnel files of non-party employees presents special concerns about the privacy rights of the individuals involved."). Defendant further objects to the request on the grounds that it is overly broad, unduly burdensome and harassing, and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the issues at stake in the litigation. Defendant also objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 50:**  Shannon Morse's personnel file including her job application, offer letter, resume or CV, performance evaluations, write-ups, warnings, complaints, or reprimands.

**RESPONSE:** Defendant objects to this request constitutes an unwarranted invasion of the individual's personal privacy.  Beasley v. First Amer. Real Estate Info. Services, Inc., 2005 U.S. Dist. LEXIS 34030, at* 4 (N.D. Tex. April 27, 2005) ("[P]laintiff is not entitled to rummage through the personnel files of these employees in hopes of discovering information that might possibly be relevant to his claim. Moreover, the discovery of personnel files of non-party employees presents special concerns about the privacy rights of the individuals involved."). Defendant further objects to the request on the grounds that it is overly broad, unduly burdensome and harassing, and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the issues at stake in the litigation. Defendant also objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.

**APP 025**

**REQUEST FOR PRODUCTION NO. 51:**  The personnel file for each person identified in response to Interrogatory Nos. 1 or 8 propounded by Plaintiff to Defendant, including all performance evaluations , write-ups, warnings, complaints, or reprimands.

**RESPONSE:** Defendant objects to this request constitutes an unwarranted invasion of the individuals' personal privacy.  Beasley v. First Amer. Real Estate Info. Services, Inc., 2005 U.S. Dist. LEXIS 34030, at* 4 (N.D. Tex. April 27, 2005) ("[P]laintiff is not entitled to rummage through the personnel files of these employees in hopes of discovering information that might possibly be relevant to his claim. Moreover, the discovery of personnel files of non-party employees presents special concerns about the privacy rights of the individuals involved."). Defendant further objects to the request on the grounds that it is overly broad, unduly burdensome and harassing, and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the issues at stake in the litigation. Defendant also objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 52:**  All documents relating to communications sent to or received from any employee or agent of AeroCare regarding Plaintiff from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant objects to this request on the grounds that it fails to describe with reasonable particularity the items or categories of items requested.  Defendant further objects to the request on the ground that is unduly broad, unduly burdensome, and harassing, and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources and importance of the issues at state in the litigation.  Defendant also objects on the grounds that the request is not reasonably calculated to lead to the discovery of admissible evidence.  Finally, Defendant objects on the grounds that the request calls for documents that are protected based on attorney client privilege.

Subject to, and without waiving these objections, Defendant will produce the relevant, responsive, and non-privileged documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 53:**  All documents/communications sent to or received from Plaintiff relating Plaintiff, her injuries, disability, medical condition, ability to return to work, and/or restrictions on her return to work from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant objects to this request on the grounds that it is impermissibly argumentative by assuming facts which are not true, *i.e.*, that Plaintiff is disabled.  Defendant further objects to the request on the grounds that it fails to describe with reasonable particularity the items or categories of items requested.

Subject to, and without waiving these objections, Defendant will produce the relevant, responsive, and non-privileged documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 54:**  All documents relating to any affirmative defenses asserted by Defendant.

**RESPONSE:**  Defendant further objects to this request on the grounds that it fails to describe with reasonable particularity the items or categories of items requested.  Defendant further objects to the request on the grounds that it is overly broad and unduly burdensome.

Subject to, and without waiving these objections, Defendant will produce the relevant, responsive, and non-privileged documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 55:**  All documents obtained from any third-parties informally, by subpoena and/or via depositions upon written questions and related to this lawsuit.

**RESPONSE:**  Defendant objects to the request on grounds the party seeking the discovery has had ample opportunity by discovery in the action to obtain the information or documents sought. Further, the requested discovery is obtainable from other sources which are more convenient, less burdensome, or less expensive, *e.g*., Plaintiff can order copies of any such documents directly from the court reporter or records retrieval service involved by paying the usual and customary fees for such services and copies,

**REQUEST FOR PRODUCTION NO. 56:**  All documents relating to any experts retained by Defendant for the purposes of defending any of the allegations made by Plaintiff and/or supporting any affirmative defenses asserted by AeroCare.

**RESPONSE:**  Defendant objects to this request on the grounds that it exceed the permissible scope of discovery under the Federal Rules of Civil Procedure.  Defendant further objects to this request on the grounds that it fails to describe with reasonable particularity the items or categories of items requested.

**REQUEST FOR PRODUCTION NO. 57:**  All documents and materials prepared by or for an expert used for consultation when that person's opinions or impression have been reviewed, either in whole or in part, by an expert who may be called to testify in this case.

**RESPONSE:**  Defendant will produce the relevant documents, if any, at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 58:**  All correspondence to and/or from the Texas Workforce Commission and/or the EEOC discussing or referring to Plaintiff.

**RESPONSE:**  Defendant will produce the relevant documents, if any, at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 59:**  Documents supporting or evidencing any after-acquired evidence of wrongdoing by Plaintiff that would have resulted in the termination of her employment.

**RESPONSE:**  Defendant further objects to this request on the grounds that it fails to describe with reasonable particularity the items or categories of items requested.

Defendant specifically refers Plaintiff to a previously produced incident report regarding Plaintiff's improper set up of a patient's oxygen tank discovered after her discharge.

**REQUEST FOR PRODUCTION NO. 60:**  All documents discussing or referring to any communication identified or referenced in your answers to any interrogatory propounded by Plaintiff to Defendant.

**RESPONSE:**  Defendant objects to this request on the grounds that it exceeds the permissible scope of discovery by seeking core work product—*i.e.* documents "merely referring to any communication identified or referenced" in the interrogatory responses.

**REQUEST FOR PRODUCTION NO. 61:**   All documents relating to and/or utilized to provide answers to any interrogatory propounded by Plaintiff to Defendant.

**RESPONSE:**  Defendant objects to this request on the grounds that it exceeds the permissible scope of discovery to the extent it seeks core work product.

**REQUEST FOR PRODUCTION NO. 62:**   All policies and procedures utilized by AeroCare regarding accommodating employee disabilities from all times beginning on January 1, 2018, through present date.

**RESPONSE:**  Defendant objects because the request is not limited to Plaintiff's work location and therefore seeks company-wide discovery.  Accordingly, the request is overbroad and unduly burdensome.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 63:**  All policies and procedures regarding accommodations discussed with or made available to Plaintiff with respect to her disabilities from all times beginning on January 1, 2018, through present date.

**RESPONSE:**  Defendant objects because the request is not limited to Plaintiff's work location and therefore seeks company-wide discovery.  Accordingly, the request is overbroad and unduly burdensome.

Subject to, and without waiving these objections, Defendant refers Plaintiff to a copy of its accommodation policy contained in its employee handbook.

**REQUEST FOR PRODUCTION NO. 64:** All policies and procedures regarding accommodations available to injured or ill employees from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant further objects because the request is not limited to Plaintiff's work location and therefore seeks company-wide discovery. Accordingly, the request is overbroad and unduly burdensome.

Subject to, and without waiving these objections, Defendant refers Plaintiff to a copy of its accommodation policy contained in its employee handbook .

**REQUEST FOR PRODUCTION NO. 65:** All policies and procedures regarding placing employees on medical leave from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant further objects because the request is not limited to Plaintiff's work location and therefore seeks company-wide discovery. Accordingly, the request is overbroad and unduly burdensome.

Subject to, and without waiving these objections, Defendant refers Plaintiff to a copy of its leave polices contained in its employee handbook .

**REQUEST FOR PRODUCTION NO. 66:** All documents relating to injury and/or medical condition of Plaintiff from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 67:** All documents reflecting why Plaintiff was not offered the chance to switch job positions from all times beginning on January 1, 2018, through present date, including in March and April 2019.

**RESPONSE:** Defendant objects to this request on the grounds that it fails to describe with reasonable particularity the items or categories of items requested.

Subject to, and without waiving this objection, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 68:** All documents reflecting why Plaintiff was not offered accommodations for her disability, including in March and April 2019.

**RESPONSE:** Defendant objects to this request on the grounds that it is impermissibly argumentative by assuming facts which are not true, *i.e.*, Plaintiff was not offered accommodation and that she was disabled.

Subject to, and without waiving this objection, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 69:**  All documents related or referring to Plaintiff's medical condition and/or disability occurring while she was working for AeroCare.

**RESPONSE:**  Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 70:**  All documents evidencing, related to, or referring to releases and/or notices received from Plaintiff's doctor and/or surgeon.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 71:**  All documents evidencing, related to, or referring to every Charge of Discrimination filed against Defendant that was filed with the Texas Workforce Commission and/or the Equal Employment Opportunity Commission, whether later withdrawn still open, or closed.

**RESPONSE:** Defendant objects to this request on the grounds that it is overly broad and unduly burdensome.  Defendant further objects to the request on the grounds that it seeks documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  The request is not limited to any remotely relevant time frame, to the subject matter of plaintiff's lawsuit, to her work location, or the individuals involved in her employment decisions.

Subject to, and without waiving this objection, Defendant will produce charges limited to plaintiff's work location and the subject matter of her lawsuit at a mutually convenient time and place, if any.

**REQUEST FOR PRODUCTION NO. 72:**  All documents sufficient to show Defendant's net worth.

**RESPONSE:** Defendant further objects to this request as premature because Plaintiff is only entitled to discovery of net worth at the time of trial.  *In re Voluntary Purchase Groups, Inc. Litigation*, 2004 U.S. Dist. LEXIS 977, at *1 (N.D. Tex. 2004) ("where punitive damages are claimed a jury is entitled to consider a wrongdoer's *current* net worth") (emphasis in original); Defendant further objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects to the request on the grounds that it is overly broad, and the burden or expense of the proposed discovery outweighs its likely bene-

fit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation.

**REQUEST FOR PRODUCTION NO. 73:**  All policies and procedures of Defendant regarding leave due to a disability or other medical purposes.

**RESPONSE:** Defendant objects to this request to the extent that it seeks documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because the request is not limited to any remotely relevant time frame.  Defendant further objects because the request is not limited to Plaintiff's work location and therefore seeks company-wide discovery.  Accordingly, the request is overbroad and unduly burdensome.

Subject to, and without waiving these objections, Defendant refers Plaintiff to a copy of its leave polices contained in its employee handbook

**REQUEST FOR PRODUCTION NO. 74:**  All notices or other communications Defendant sent to Plaintiff regarding medical or disability-related leave.

**RESPONSE:** Defendant refers Plaintiff to a copy of its leave polices contained in its employee handbook

**REQUEST FOR PRODUCTION NO. 75:**  All diaries, journals, notes, calendars, appointment books, compilations, summaries, or chronologies of events kept by Defendant or any employee of Defendant regarding or mentioning Plaintiff.

**RESPONSE:** Defendant objects to this request to the extent that it seeks documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects because the request is not limited to any remotely relevant time frame considering the length of Plaintiff's employment.  Defendant also objects on the grounds that the request is overly broad and unduly burdensome.

Subject to and without waiving the forgoing objections, all responsive documents have been produced. Defendant specifically refers Plaintiff to Shannon Morse's handwritten interview summaries regarding Plaintiff's request to transfer to the Customer Service Position in March of 2018.

**REQUEST FOR PRODUCTION NO. 76:**  All bills, invoices, statements, or other requests for payment, together with all attachments and supporting documentation, reflecting charges for the time or service of any expert who you expect to call to testify at any trial of this matter.

**RESPONSE:** Defendant will produce responsive documents, if any, at a mutually convenient time and place, if any.

**REQUEST FOR PRODUCTION NO. 77:**  All contracts or other written agreements entered into by and between you and any expert who you expect to call to testify at any trial of this matter.

**RESPONSE:** Defendant will produce responsive documents, if any, at a mutually convenient time and place, if any.

**REQUEST FOR PRODUCTION NO. 78:**  All documents or statements, affidavits, transcripts, testimony, or other documents, sworn or unsworn, which you believe constitute evidence of any admission or statement against interest of Plaintiff.

**RESPONSE:** Defendant objects to the request on grounds the party seeking the discovery has ample opportunity by discovery in the action to obtain the information or documents sought—*i.e.* Plaintiff must obtain deposition transcripts directly from the court reporter upon the payment of a reasonable charge and not from opposing counsel.

Subject to, and without waiving this objection, none.

**REQUEST FOR PRODUCTION NO. 79:**  All documents supporting any contention by you that Plaintiff was unable to perform the essential functions of her job with or without accommodation.

**RESPONSE:** Defendant has produced all responsive documents. Defendant specifically refers Plaintiff to the physician's note restricting Plaintiff's ability to lift and the job descriptions for the Service Technician and Customer Service Representative positions detailing the essential lifting requirements of the positions

**REQUEST FOR PRODUCTION NO. 80:**  All documents supporting any contention by you that lifting 30 or more pounds was an essential function of Plaintiff's job.

**RESPONSE:** Defendant will produce plaintiff's job description at a mutually convenient time and place, if any.

**REQUEST FOR PRODUCTION NO. 81:**  All documents supporting any contention by you that working more than 40 hours per week was an essential function of Plaintiff's job.

**RESPONSE:** Defendant has produced all responsive documents.

DATED:  June 6, 2020                    Respectfully submitted,

                                        By:  */s/ Paul E. Hash*
                                              Paul E. Hash, Lead
                                              State Bar No. 09198020
                                              Paul.Hash@jacksonlewis.com
                                              Shelby M. Broaddus
                                              State Bar No. 24096209
                                              Shelby.Broaddus@jacksonlewis.com

                                              JACKSON LEWIS P.C.
                                              500 N. Akard, Suite 2500
                                              Dallas, Texas 75201
                                              Phone: (214) 520-2400
                                              Facsimile: (214)-520-2008

                              **ATTORNEYS FOR DEFENDANT**


                        **CERTIFICATE OF SERVICE**

        On June 6, 2020, I submitted the foregoing document via electronic mail.  I hereby certify that I have served all counsel of record by electronic mail including the following:

                Jennifer Spencer
                James E. Hunnicutt
                M. Neal Bridges
                Jackson Spencer PLLC
                Three Forest Plaza
                12221 Merit Drive, Suite 160
                Dallas, Texas 75251


                                        */s/ Paul E. Hash*
                                        Paul E. Hash



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| TONYA CHAMBERS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-000987 |
| | § | |
| AEROCARE HOLDINGS INC. | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST
REQUEST FOR PRODUCTION**

TO:   Plaintiff, Tonya Chambers, by and through her attorney of record, Jennifer Spencer, James E. Hunnicutt, and M. Neal Bridges, Jackson Spencer PLLC, Three Forest Plaza, 12221 Merit Drive, Suite 160, Dallas, Texas 75251.

Defendant AeroCare Holdings Inc. responds to Plaintiff's First Request for Production as follows:

**GENERAL OBJECTIONS**

Defendant asserts the following objections to the Requests and incorporates them into each response as if set forth fully therein:

1.      Defendant objects to the Requests to the extent they impose on Defendant obligations inconsistent with or in addition to any agreed scheduling order governing these proceedings or the Federal Rules of Civil Procedure (the "Rules").

2.      Defendant objects to the Requests to the extent they seek documents not within its possession, custody, or control.

3.      Defendant objects to the Requests to the extent they seek documents containing information subject to the attorney-client or attorney work product privileges or information that is otherwise privileged or protected and not subject to discovery.

APP 034

4.      Defendant objects to the Requests to the extent they seek documents containing information unrelated to the claims alleged in this matter. Any such request is overbroad and seeks information that is irrelevant and/or not proportional to the needs of the case.

5.      With respect to Plaintiff's requests for production of electronically stored information ("ESI"), Defendant will make reasonable, good faith, proportionate efforts as required under the Rules, including, without limitation, Rule 26(g)(1)(B)(iii), to locate and produce non-privileged documents that are responsive to Plaintiff's requests. The ESI will be produced as it is kept in the usual course of business rather than organized and labeled to correspond to the categories of Plaintiffs requests. The format of production of the ESI will be the form in which it is ordinarily maintained, or in a reasonably useable form or forms. We would be glad to meet and confer if you have any questions or would like to discuss further how such costs may be avoided or limited, as well as what specifications would be required for production of such ESI. Defendant also generally objects to the request for production of ESI to the extent it requires recovery of ESI from sources that are not reasonably accessible on the basis of the undue burden and expense entailed. This objection includes any request for responsive documents that may be located in archives and backup systems, or that must be forensically retrieved from computer hard drives, etc. The retrieval, review and production of such not reasonably accessible ESI would interfere with the just, speedy and inexpensive determination of this proceeding.

6.      Defendant objects to the Requests to the extent they seek confidential information regarding third parties on the basis that this disclosure would unduly invade the legitimate privacy interests of such third parties who are not parties to this litigation. Defendant further objects to the Requests to the extent they seek information that is private, sensitive, confidential,

<u>DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION</u>          **Page 2**

**APP 035**

or proprietary and/or trade secrets information regarding Defendant or any third parties.
Defendant will only produce such information, if not otherwise objected to, pursuant to the
Willis of an appropriate protective order.

Defendant's objections and responses to the Requests reflect Defendant's best present
knowledge based on review and investigation of the facts to date. This review and investigation
is continuing, and Defendant reserves the right to amend and supplement its responses as
additional information may warrant.

### OBJECTIONS AND RESPONSES TO SPECIFIC DOCUMENT REQUESTS

Defendant incorporates by reference its General Objections into each of the Responses
set forth below.

**REQUEST FOR PRODUCTION NO. 1:**  All documents relating or referring to Plaintiff's
allegations in her Original Petition.

**RESPONSE:** Defendant objects to this request on the grounds that it fails to describe with
reasonable particularity the items or categories of items requested.  Defendant further objects on
the grounds that it is vague, overly broad, and unduly burdensome.  Defendant also objects to
this request on the basis that it exceeds the permissible scope of discovery by seeking core work
product—the request for "all documents" necessarily includes attorney memoranda,
correspondence, *etc.*

Subject to, and without waiving these objections, Defendant will produce the
responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 2:**   All documents relating or referring to statements
or allegations made in Defendant's Disclosures.

**RESPONSE:** Defendant objects to this request on the grounds that it fails to describe with
reasonable particularity the items or categories of items requested.  Defendant further objects on
the grounds that it is vague, overly broad, and unduly burdensome.  Defendant also objects to
this request on the basis that it exceeds the permissible scope of discovery by seeking core work
product—the request for "all documents" necessarily includes attorney memoranda,
correspondence, etc.

Subject to, and without waiving these objections, Defendant will produce the responsive
documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 3:**   Plaintiff's complete personnel file.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 4:**   All documents relating or referring to Plaintiff's compensation and benefits as an employee of Defendant.

**RESPONSE:** Defendant objects to this request on the grounds that it fails to describe with reasonable particularity the items or categories of items requested.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 5:**   All performance reviews relating or referring to Plaintiff.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 6:**   All written warnings, complaints, and/or reprimands provided to Plaintiff during her employment with Defendant.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 7:**   All documents and communications relating to the decision to terminate Plaintiff.

**RESPONSE:** Defendant objects to this request to the extent it exceeds the permissible scope of discovery by seeking core work product and documents protected by the attorney client privilege.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 8:**   All documents and communications relating to the decision to deny Plaintiff's reasonable accommodation requests.

**APP 037**

**RESPONSE**: Defendant objects to this request on the grounds that is assumes facts not yet proven to be true i.e. Defendant denied all requests for accommodation and all accommodations requested were reasonable.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 9:**    All documents and communications relating to the decision to deny Plaintiff the opportunity to transfer to another position within AeroCare from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 10:**  All job applications submitted to Plaintiff.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 11:**  All communications between Defendant and any governmental entity regarding Plaintiff from all times beginning on January 1, 2018, through present date.

**RESPONSE:**  Defendant objects to this request to the extent that it seeks documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects because the request is not limited to discussions with governmental entities regarding the subject matter of Plaintiff's claims.  Accordingly, the request is overbroad and unduly burdensome.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 12:**  Defendant's document preservation and/or ESI retention policies, if any.

**RESPONSE:** Defendant objects to this request to the extent that it seeks documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because the request is not limited to any remotely relevant time frame.  Defendant further objects because the request is not limited to Plaintiff's work location and therefore seeks company-wide discovery.  Accordingly, the request is overbroad and unduly burdensome.

**APP 038**

**REQUEST FOR PRODUCTION NO. 13:**   All   documents   relating   to   Plaintiff's   401K, medical, dental, vision, pension and/or retirement benefits.

**RESPONSE:** Defendant   objects   to   the   request   because   given   the   length   of   Plaintiff's employment, the request is not limited to a reasonable relevant time frame.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 14:**   All   documents   relating   to   costs   associated   with Plaintiff's 401K, medical, dental, vision or any other benefits from all times beginning on January 1, 2018, through present date.

**RESPONSE:**   Defendant objects to this the request because it is unreasonably cumulative and duplicative   with   the   preceding   request   which   calls   for   all   documents   related   to   Plaintiff's benefits. Defendant further objects to this request on the grounds that it fails to describe with reasonable particularity the items or categories of items requested.

**REQUEST FOR PRODUCTION NO. 15:**   All documents relating to any complaints made by any employee/agent of Defendant relating to Plaintiff from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant objects to this the request because it is unreasonably cumulative and duplicative with request for production no. 6.

**REQUEST FOR PRODUCTION NO. 16:**   All   documents   relating   to   any   complaints   and grievances made by Plaintiff, including any investigation notes/decision from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 17:**   Defendant's anti-discrimination and anti-retaliation policies, if any, that applied to Plaintiff's employment with Defendant from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 18:**   Defendant's employment policies and procedures that applied to Plaintiff's employment with Defendant, including without limitation, employment

**APP 039**

manuals and progressive discipline policies from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 19:** All organizational charts for Defendant from February 2002 to the present.

**RESPONSE:** Defendant also objects because the request is not limited to a reasonably relevant time frame. Defendant also objects to the request on the grounds that it is overbroad and unduly burdensome.

Subject to, and without waiving these objections, Defendant will produce the responsive documents, if any, at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 20:** All communications between Cathy Woolbright and any employee or third party regarding Plaintiff from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant objects to this request to the extent that it is overly broad and unduly burdensome. As drafted, this request requires the production of every communication that merely mentions Plaintiff regardless of whether the communication relates to Plaintiff's allegations or Defendant's defenses in this suit. Defendant also objections to the request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that it lacks specificity and fails to describe with reasonable particularity the items or categories of items requested.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 21:** All communications between Cathy Woolbright and Plaintiff from **all** times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant objects to this request to the extent that it is overly broad and unduly burdensome. As drafted, this request requires the production of every communication between Plaintiff and Cathy Woolbright regardless of whether the communication relates to Plaintiff's allegations or Defendant's defenses in this suit. Defendant also objections to the request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that it lacks specificity and fails to describe with reasonable particularity the items or categories of items requested.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 22:**  All communications between Lisa Disheron and any employee or third party regarding Plaintiff from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant objects to this request to the extent that it is overly broad and unduly burdensome.  As drafted, this request requires the production of every communication that merely mentions Plaintiff regardless of whether the communication relates to Plaintiff's allegations or Defendant's defenses in this suit. Defendant also objections to the request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that it lacks specificity and fails to describe with reasonable particularity the items or categories of items requested.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 23:**  All communications between Lisa Disheron and Plaintiff from all times beginning on January **1,** 2018, through present date.

**RESPONSE:** Defendant objects to this request to the extent that it is overly broad and unduly burdensome.  As drafted, this request requires the production of every communication between Plaintiff and Lisa Disheron regardless of whether the communication relates to Plaintiff's allegations or Defendant's defenses in this suit.  Defendant also objections to the request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that it lacks specificity and fails to describe with reasonable particularity the items or categories of items requested.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 24:**  All communications between Vicki Cranford and any employee or third party regarding Plaintiff from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant objects to this request to the extent that it is overly broad and unduly burdensome.  As drafted, this request requires the production of every communication that merely mentions Plaintiff regardless of whether the communication relates to Plaintiff's allegations or Defendant's defenses in this suit. Defendant also objections to the request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that it lacks specificity and fails to describe with reasonable particularity the items or categories of items requested.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

APP 041

**REQUEST FOR PRODUCTION NO. 25:**  All communications between Vicki Cranford and Plaintiff from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant objects to this request to the extent that it is overly broad and unduly burdensome.  As drafted, this request requires the production of every communication between Plaintiff and Vicki Cranford regardless of whether the communication relates to Plaintiff's allegations or Defendant's defenses in this suit.  Defendant also objections to the request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that it lacks specificity and fails to describe with reasonable particularity the items or categories of items requested.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 26:**  All communications between Shannon Morse and any employee or third party regarding Plaintiff from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant objects to this request to the extent that it is overly broad and unduly burdensome.  As drafted, this request requires the production of every communication that merely mentions Plaintiff regardless of whether the communication relates to Plaintiff's allegations or Defendant's defenses in this suit. Defendant also objections to the request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that it lacks specificity and fails to describe with reasonable particularity the items or categories of items requested.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 27:**  All communications between Shannon Morse and Plaintiff from all times beginning on January 1, 2018, through present date.

**RESPONSE:**      Defendant objects to this request to the extent that it is overly broad and unduly burdensome.  As drafted, this request requires the production of every communication between Plaintiff and Shannon Morse regardless of whether the communication relates to Plaintiff's allegations or Defendant's defenses in this suit. Defendant also objections to the request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects on the grounds that it lacks specificity and fails to describe with reasonable particularity the items or categories of items requested.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 28:** All documents and/or communications sent or received by Defendant referring or relating to Plaintiff or her employment with Defendant from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant objects to this request to the extent that it is overly broad and unduly burdensome. As drafted, this request requires the production of every communication that merely mentions Plaintiff regardless of whether the communication relates to Plaintiff's allegations or Defendant's defenses in this suit. Defendant also objections to the request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that it lacks specificity and fails to describe with reasonable particularity the items or categories of items requested.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 29:** All job descriptions for any position held by Plaintiff during her employment with Defendant.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 30:** All job descriptions for any interim position held by Plaintiff during her employment with Defendant.

**RESPONSE:** Defendant objects to this the request because it is unreasonably cumulative and duplicative with the preceding request which calls for all job descriptions held by plaintiff.

**REQUEST FOR PRODUCTION NO. 31:** All job descriptions for any position for which Plaintiff received training during her employment with Defendant.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 32:** All job descriptions for any position for which Plaintiff provided training during her employment with Defendant.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 33:** All training materials provided by Defendant to Plaintiff.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 34:**   All training materials created by Plaintiff.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 35:**   All instructions provided by Defendant to Plaintiff regarding her job position(s).

**RESPONSE:** Defendant objects to this request to the extent that it is overly broad and unduly burdensome.  Defendant on the grounds that this request is not limited to any remotely relevant time frame considering Plaintiff was employed by Defendant for nearly seventeen years. Defendant also objections to the request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects on the grounds that it lacks specificity and fails to describe with reasonable particularity the items or categories of items requested.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 36:**   All documents regarding instructions provided by Defendant to Plaintiff regarding her interim job position(s).

**RESPONSE:** Defendant objects to this the request because it is unreasonably cumulative and duplicative with the preceding request.  Defendant accordingly adopts and incorporates the objections stated in Request for Production No. 35.

**REQUEST FOR PRODUCTION NO. 37:**   All schedules provided by Defendant to Plaintiff, including schedules referencing Plaintiff's job position(s), interim job position(s) or training schedule(s) from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 38:**   All documents evidencing, referring to, or relating to training received by Plaintiff.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 39:**  All documents evidencing, referring to, or relating to Plaintiff's training of other employees.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.


**REQUEST FOR PRODUCTION NO. 40:**  All documents evidencing, referring to, or relating to available job positions at AeroCare throughout March, April, and May 2019.

**RESPONSE:** Defendant objects to this request as overbroad and unduly burdensome. Because the request is not limited to Plaintiff's work location, the requests seeks company-wide discovery.

　　　　Subject to, and without waiving these objections, Defendant will produce the responsive documents limited to plaintiff's work location at a mutually convenient time and place.


**REQUEST FOR PRODUCTION NO. 41:**  All job descriptions for available positions at AeroCare throughout March, April, and May 2019.

**RESPONSE:** Defendant objects to this request as overbroad and unduly burdensome. Because the request is not limited to Plaintiff's work location, the requests seeks company-wide discovery.

　　　　Subject to, and without waiving these objections, Defendant will produce the responsive documents limited to plaintiff's work location at a mutually convenient time and place.


**REQUEST FOR PRODUCTION NO. 42:**  All job applications submitted for available positions at AeroCare throughout March, April, and May 2019.

**RESPONSE:**  Defendant objects to this request as overbroad and unduly burdensome. Because the request is not limited to Plaintiff's work location, the requests seeks company-wide discovery.

　　　　Subject to, and without waiving these objections, Defendant will produce the responsive documents limited to plaintiff's work location at a mutually convenient time and place.


**REQUEST FOR PRODUCTION NO. 43:**  All documents evidencing, referring to, or relating to the process by which Defendant selected potential candidates for available job positions at AeroCare throughout March, April, and May 2019.

**RESPONSE:** Defendant objects on the grounds that it lacks specificity and fails to describe with reasonable particularity the items or categories of items requested.  Defendant objects to this request as overbroad and unduly burdensome. Because the request is not limited to

Plaintiff's work location, the requests seeks company-wide discovery.  Defendant further objects to the request on the grounds that it is vague.

Subject to, and without waiving these objections, Defendant will produce the responsive documents limited to plaintiff's work location at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 44:**  All documents evidencing, referring to, or relating to the potential candidates selected by Defendant to fill available job positions at AeroCare throughout March, April, and May 2019.

**RESPONSE:** Defendant objects on the grounds that it lacks specificity and fails to describe with reasonable particularity the items or categories of items requested.  Defendant objects to this request as overbroad and unduly burdensome. Because the request is not limited to Plaintiff's work location, the requests seeks company-wide discovery.

Subject to, and without waiving these objections, Defendant will produce the responsive documents limited to plaintiff's work location at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 45:**  All documents evidencing, referring to, or relating to the process by which Defendant filled available job positions at AeroCare throughout March, April, and May 2019.

**RESPONSE:** Defendant objects to this the request because it is unreasonably cumulative and duplicative with request for production no. 43.  Accordingly, Defendant adopts and incorporates its objections to request for production no. 43.

**REQUEST FOR PRODUCTION NO. 46:**  All documents evidencing, referring to, or relating to the candidates selected by Defendant to fill available job positions at AeroCare throughout March, April, and May 2019.

**RESPONSE:** Defendant objects to this the request because it is unreasonably cumulative and duplicative with request for production no. 44.  Accordingly, Defendant adopts and incorporates its objections to request for production no. 44.

**REQUEST FOR PRODUCTION NO. 47:**  Cathy Woolbright's personnel file including her job application, offer letter, resume or CV, performance evaluations, write-ups, warnings, complaints, or reprimands.

**RESPONSE:** Defendant objects to this request constitutes an unwarranted invasion of the individual's personal privacy.  *Beasley v. First Amer. Real Estate Info. Services, Inc.*, 2005 U.S. Dist. LEXIS 34030, at* 4 (N.D. Tex. April 27, 2005) ("[P]laintiff is not entitled to rummage through the personnel files of these employees in hopes of discovering information that might possibly be relevant to his claim. Moreover, the discovery of personnel files of non-party

employees presents special concerns about the privacy rights of the individuals involved."). Defendant further objects to the request on the grounds that it is overly broad, unduly burdensome and harassing, and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the issues at stake in the litigation. Defendant also objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 48:**  Lisa Disheron's personnel file including her job application, offer letter, resume or CV, performance evaluations, write-ups, warnings, complaints, or reprimands.

**RESPONSE:** Defendant objects to this request constitutes an unwarranted invasion of the individual's personal privacy.  Beasley v. First Amer. Real Estate Info. Services, Inc., 2005 U.S. Dist. LEXIS 34030, at* 4 (N.D. Tex. April 27, 2005) ("[P]laintiff is not entitled to rummage through the personnel files of these employees in hopes of discovering information that might possibly be relevant to his claim. Moreover, the discovery of personnel files of non-party employees presents special concerns about the privacy rights of the individuals involved."). Defendant further objects to the request on the grounds that it is overly broad, unduly burdensome and harassing, and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the issues at stake in the litigation. Defendant also objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 49:**  Vicki Cranford's personnel file including her job application, offer letter, resume or CV, performance evaluations, write-ups, warnings, complaints, or reprimands.

**RESPONSE:** Defendant objects to this request constitutes an unwarranted invasion of the individual's personal privacy.  Beasley v. First Amer. Real Estate Info. Services, Inc., 2005 U.S. Dist. LEXIS 34030, at* 4 (N.D. Tex. April 27, 2005) ("[P]laintiff is not entitled to rummage through the personnel files of these employees in hopes of discovering information that might possibly be relevant to his claim. Moreover, the discovery of personnel files of non-party employees presents special concerns about the privacy rights of the individuals involved."). Defendant further objects to the request on the grounds that it is overly broad, unduly burdensome and harassing, and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the issues at stake in the litigation. Defendant also objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 50:**  Shannon Morse's personnel file including her job application, offer letter, resume or CV, performance evaluations, write-ups, warnings, complaints, or reprimands.

**RESPONSE:** Defendant objects to this request constitutes an unwarranted invasion of the individual's personal privacy.  Beasley v. First Amer. Real Estate Info. Services, Inc., 2005 U.S. Dist. LEXIS 34030, at* 4 (N.D. Tex. April 27, 2005) ("[P]laintiff is not entitled to rummage through the personnel files of these employees in hopes of discovering information that might possibly be relevant to his claim. Moreover, the discovery of personnel files of non-party employees presents special concerns about the privacy rights of the individuals involved."). Defendant further objects to the request on the grounds that it is overly broad, unduly burdensome and harassing, and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the issues at stake in the litigation. Defendant also objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 51:**  The personnel file for each person identified in response to Interrogatory Nos. 1 or 8 propounded by Plaintiff to Defendant, including all performance evaluations , write-ups, warnings, complaints, or reprimands.

**RESPONSE:** Defendant objects to this request constitutes an unwarranted invasion of the individuals' personal privacy.  Beasley v. First Amer. Real Estate Info. Services, Inc., 2005 U.S. Dist. LEXIS 34030, at* 4 (N.D. Tex. April 27, 2005) ("[P]laintiff is not entitled to rummage through the personnel files of these employees in hopes of discovering information that might possibly be relevant to his claim. Moreover, the discovery of personnel files of non-party employees presents special concerns about the privacy rights of the individuals involved."). Defendant further objects to the request on the grounds that it is overly broad, unduly burdensome and harassing, and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the issues at stake in the litigation. Defendant also objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 52:**  All documents relating to communications sent to or received from any employee or agent of AeroCare regarding Plaintiff from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant objects to this request on the grounds that it fails to describe with reasonable particularity the items or categories of items requested.  Defendant further objects to the request on the ground that is unduly broad, unduly burdensome, and harassing, and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources and importance of the issues at state in the litigation.  Defendant also objects on the grounds that the request is not reasonably

calculated to lead to the discovery of admissible evidence.  Finally, Defendant objects on the grounds that the request calls for documents that are protected based on attorney client privilege.

Subject to, and without waiving these objections, Defendant will produce the relevant, responsive, and non-privileged documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 53:**  All  documents/communications  sent  to  or received  from  Plaintiff  relating  Plaintiff,  her  injuries,  disability,  medical  condition, ability  to  return  to  work,  and/or  restrictions  on  her  return  to  work  from  all  times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant  objects  to  this  request  on  the  grounds  that  it  is  impermissibly argumentative by assuming facts which are not true, *i.e.*, that Plaintiff is disabled.  Defendant further objects to this request on the grounds that it fails to describe with reasonable particularity the items or categories of items requested.

Subject to, and without waiving these objections, Defendant will produce the relevant, responsive, and non-privileged documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 54:**  All documents relating to any affirmative defenses asserted by Defendant.

**RESPONSE:** Defendant further objects to this request on the grounds that it fails to describe with  reasonable  particularity  the  items  or  categories  of  items  requested.   Defendant  further objects to the request on the grounds that it is overly broad and unduly burdensome.

Subject to, and without waiving these objections, Defendant will produce the relevant, responsive, and non-privileged documents at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 55:**  All  documents  obtained  from  any  third-parties informally, by subpoena and/or via depositions upon written questions and related to this lawsuit.

**RESPONSE:** Defendant objects to the request on grounds the party seeking the discovery has had ample opportunity by discovery in the action to obtain the information or documents sought. Further, the requested discovery is obtainable from other sources which are more convenient, less burdensome, or less expensive, *e.g*., Plaintiff can order copies of any such documents directly from the court reporter or records retrieval service involved by paying the usual and customary fees for such services and copies,

**REQUEST FOR PRODUCTION NO. 56:**  All documents relating to any experts retained by Defendant  for  the  purposes  of  defending  any  of  the  allegations  made  by  Plaintiff  and/or supporting any affirmative defenses asserted by AeroCare.

**RESPONSE:** Defendant objects to this request on the grounds that it exceed the permissible scope of discovery under the Federal Rules of Civil Procedure.  Defendant further objects to this request on the grounds that it fails to describe with reasonable particularity the items or categories of items requested.

**REQUEST FOR PRODUCTION NO. 57:**  All documents and materials prepared by or for an expert used for consultation when that person's opinions or impression have been reviewed, either in whole or in part, by an expert who may be called to testify in this case.

**RESPONSE:**  Defendant will produce the relevant documents, if any, at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 58:**  All correspondence to and/or from the Texas Workforce Commission and/or the EEOC discussing or referring to Plaintiff.

**RESPONSE:** Defendant will produce the relevant documents, if any, at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 59:**  Documents supporting or evidencing any after-acquired evidence of wrongdoing by Plaintiff that would have resulted in the termination of her employment.

**RESPONSE:** Defendant further objects to this request on the grounds that it fails to describe with reasonable particularity the items or categories of items requested.

Defendant will produce the relevant documents, if any, at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 60:**  All documents discussing or referring to any communication identified or referenced in your answers to any interrogatory propounded by Plaintiff to Defendant.

**RESPONSE:** Defendant objects to this request on the grounds that it exceeds the permissible scope of discovery by seeking core work product—*i.e.* documents "merely referring to any communication identified or referenced" in the interrogatory responses.

**REQUEST FOR PRODUCTION NO. 61:**  All documents relating to and/or utilized to provide answers to any interrogatory propounded by Plaintiff to Defendant.

**RESPONSE:** Defendant objects to this request on the grounds that it exceeds the permissible scope of discovery to the extent it seeks core work product.

**REQUEST FOR PRODUCTION NO. 62:**  All policies and procedures utilized by AeroCare regarding accommodating employee disabilities from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant objects because the request is not limited to Plaintiff's work location and therefore seeks company-wide discovery.  Accordingly, the request is overbroad and unduly burdensome.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.


**REQUEST FOR PRODUCTION NO. 63:**  All policies and procedures regarding accommodations discussed with or made available to Plaintiff with respect to her disabilities from all times beginning on January 1, 2018, through present date.

**RESPONSE:**  Defendant objects because the request is not limited to Plaintiff's work location and therefore seeks company-wide discovery.  Accordingly, the request is overbroad and unduly burdensome.

Subject to, and without waiving these objections, Defendant will produce the responsive documents at a mutually convenient time and place.


**REQUEST FOR PRODUCTION NO. 64:**  All policies and procedures regarding accommodations available to injured or ill employees from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant further objects because the request is not limited to Plaintiff's work location and therefore seeks company-wide discovery.  Accordingly, the request is overbroad and unduly burdensome.

Subject to, and without waiving these objections, Defendant will produce the relevant policies for Plaintiff's work location at a convenient time and place.


**REQUEST FOR PRODUCTION NO. 65:**  All policies and procedures regarding placing employees on medical leave from all times beginning on January 1, 2018, through present date.

**RESPONSE:** Defendant further objects because the request is not limited to Plaintiff's work location and therefore seeks company-wide discovery.  Accordingly, the request is overbroad and unduly burdensome.

Subject to, and without waiving these objections, Defendant will produce the relevant policies for Plaintiff's work location at a convenient time and place.

**REQUEST FOR PRODUCTION NO. 66:**  All documents relating to injury and/or medical condition of Plaintiff from all times beginning on January 1, 2018, through present date.

**RESPONSE:**  Defendant will produce the responsive documents at a mutually convenient time and place.


**REQUEST FOR PRODUCTION NO. 67:**  All documents reflecting why Plaintiff was not offered the chance to switch job positions from all times beginning on January 1, 2018, through present date, including in March and April 2019.

**RESPONSE:** Defendant objects to this request on the grounds that it fails to describe with reasonable particularity the items or categories of items requested.

Subject to, and without waiving this objection, Defendant will produce the responsive documents at a mutually convenient time and place.


**REQUEST FOR PRODUCTION NO. 68:**  All documents reflecting why Plaintiff was not offered accommodations for her disability, including in March and April 2019.

**RESPONSE:** Defendant objects to this request on the grounds that it is impermissibly argumentative by assuming facts which are not true, *i.e.*, Plaintiff was not offered accommodation and that she was disabled.

Subject to, and without waiving this objection, Defendant will produce the responsive documents at a mutually convenient time and place.


**REQUEST FOR PRODUCTION NO. 69:**  All documents related or referring to Plaintiff's medical condition and/or disability occurring while she was working for AeroCare.

**RESPONSE:**  Defendant will produce the responsive documents at a mutually convenient time and place.


**REQUEST FOR PRODUCTION NO. 70:**  All documents evidencing, related to, or referring to releases and/or notices received from Plaintiff's doctor and/or surgeon.

**RESPONSE:** Defendant will produce the responsive documents at a mutually convenient time and place.


**REQUEST FOR PRODUCTION NO. 71:**  All documents evidencing, related to, or referring to every Charge of Discrimination filed against Defendant that was filed with the Texas Workforce

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**          **Page 19**

Commission and/or the Equal Employment Opportunity Commission, whether later withdrawn still open, or closed.

**RESPONSE:** Defendant objects to this request on the grounds that it is overly broad and unduly burdensome. Defendant further objects to the request on the grounds that it seeks documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to any remotely relevant time frame, to the subject matter of plaintiff's lawsuit, to her work location, or the individuals involved in her employment decisions.

Subject to, and without waiving this objection, Defendant will produce charges limited to plaintiff's work location and the subject matter of her lawsuit at a mutually convenient time and place, if any.

**REQUEST FOR PRODUCTION NO. 72:** All documents sufficient to show Defendant's net worth.

**RESPONSE:** Defendant further objects to this request as premature because Plaintiff is only entitled to discovery of net worth at the time of trial. *In re Voluntary Purchase Groups, Inc. Litigation*, 2004 U.S. Dist. LEXIS 977, at *1 (N.D. Tex. 2004) ("where punitive damages are claimed a jury is entitled to consider a wrongdoer's *current* net worth") (emphasis in original); Defendant further objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the request on the grounds that it is overly broad, and the burden or expense of the proposed discovery outweighs its likely bene-fit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation.

**REQUEST FOR PRODUCTION NO. 73:** All policies and procedures of Defendant regarding leave due to a disability or other medical purposes.

**RESPONSE:** Defendant objects to this request to the extent that it seeks documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because the request is not limited to any remotely relevant time frame. Defendant further objects because the request is not limited to Plaintiff's work location and therefore seeks company-wide discovery. Accordingly, the request is overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 74:** All notices or other communications Defendant sent to Plaintiff regarding medical or disability-related leave.

**RESPONSE:** Defendant will produce responsive documents, if any, at a mutually convenient time and place.

**REQUEST FOR PRODUCTION NO. 75:**  All diaries, journals, notes, calendars, appointment books, compilations, summaries, or chronologies of events kept by Defendant or any employee of Defendant regarding or mentioning Plaintiff.

**RESPONSE:** Defendant objects to this request to the extent that it seeks documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects because the request is not limited to any remotely relevant time frame considering the length of Plaintiff's employment.  Defendant also objects on the grounds that the request is overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 76:**  All bills, invoices, statements, or other requests for payment, together with all attachments and supporting documentation, reflecting charges for the time or service of any expert who you expect to call to testify at any trial of this matter.

**RESPONSE:** Defendant will produce responsive documents, if any, at a mutually convenient time and place, if any.

**REQUEST FOR PRODUCTION NO. 77:**  All contracts or other written agreements entered into by and between you and any expert who you expect to call to testify at any trial of this matter.

**RESPONSE:** Defendant will produce responsive documents, if any, at a mutually convenient time and place, if any.

**REQUEST FOR PRODUCTION NO. 78:**  All documents or statements, affidavits, transcripts, testimony, or other documents, sworn or unsworn, which you believe constitute evidence of any admission or statement against interest of Plaintiff.

**RESPONSE:** Defendant objects to the request on grounds the party seeking the discovery has ample opportunity by discovery in the action to obtain the information or documents sought—*i.e.* Plaintiff must obtain deposition transcripts directly from the court reporter upon the payment of a reasonable charge and not from opposing counsel.

Subject to, and without waiving this objection, Defendant will produce responsive documents, if any, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 79:**  All documents supporting any contention by you that Plaintiff was unable to perform the essential functions of her job with or without accommodation.

**RESPONSE:** Defendant will produce responsive documents, if any, at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 80:**  All documents supporting any contention by you that lifting 30 or more pounds was an essential function of Plaintiff's job.

**RESPONSE:** Defendant will produce plaintiff's job description at a mutually convenient time and place, if any.

**REQUEST FOR PRODUCTION NO. 81:**  All documents supporting any contention by you that working more than 40 hours per week was an essential function of Plaintiff's job.

**RESPONSE:** Defendant will produce responsive documents, if any, at a mutually agreeable time and place.

DATED:  March 11, 2020                    Respectfully submitted,

By: */s/ Paul E. Hash*
        Paul E. Hash, Lead
        State Bar No. 09198020
        Paul.Hash@jacksonlewis.com
        Shelby M. Broaddus
        State Bar No. 24096209
        Shelby.Broaddus@jacksonlewis.com

        JACKSON LEWIS P.C.
        500 N. Akard, Suite 2500
        Dallas, Texas 75201
        Phone: (214) 520-2400
        Facsimile: (214)-520-2008

        **ATTORNEYS FOR DEFENDANT**

**APP 055**

## <u>CERTIFICATE OF SERVICE</u>

On March 11, 2019, I submitted the foregoing document via electronic mail.  I hereby certify that I have served all counsel of record by electronic mail including the following:

>Jennifer Spencer
>James E. Hunnicutt
>M. Neal Bridges
>Jackson Spencer PLLC
>Three Forest Plaza
>12221 Merit Drive, Suite 160
>Dallas, Texas 75251

*/s/ Paul E. Hash*     
Paul E. Hash

EXHIBIT

D

# AeroCare Organization Chart 2019

Steve Griggs, President

**Joe Russell, CFO/VP Finance**
- Human Resource
- Controller
  - Accts. Payable

**Albert Prast, CTO/VP IT**
- IT Director
  - IT Staff

**Jacques Schira, Compliance Officer/Risk Mgr**
- Credentialing
- Accreditation Manager

**Mary Beth Covey, VP Marketing**

**Sheri Mounce / Elizabeth Nostrand, Directors of Reimbursement**
- Billing Center Managers
  - Billing Supervisors
    - Billers/Clerical Staff
- Medical Review Manager
  - Medical Review Staff

**Dan Bunting, Chief Operating Officer**
- Purchasing Manager
- William Brookhart
  - Karen Brookhart
    - Clinical Staff
    - CSR's
    - Sales Reps
    - Warehouse Managers
    - Technicians

AEROCARE 000833

Representing Management Exclusively in Workplace Law and Related Litigation



Attorneys at Law

| | | | |
|---|---|---|---|
| **Jackson Lewis P.C.**<br>**Ross Tower**<br>**500 N. Akard**<br>**Suite 2500**<br>**Dallas, Texas**<br>**75201**<br>**Tel 214 520-2400**<br>**Fax 214 520- 2008**<br>**www.jacksonlewis.com** | ALBANY, NY<br>ALBUQUERQUE, NM<br>ATLANTA, GA<br>AUSTIN, TX<br>BALTIMORE, MD<br>BERKELEY HTS, NJ<br>BIRMINGHAM, AL<br>BOSTON, MA<br>CHARLOTTE, NC<br>CHICAGO, IL<br>CINCINNATI, OH<br>CLEVELAND, OH<br>DALLAS, TX<br>DAYTON, OH<br>DENVER, CO | DETROIT, MI<br>GRAND RAPIDS, MI<br>GREENVILLE, SC<br>HARTFORD, CT<br>HONOLULU, HI *<br>HOUSTON, TX<br>INDIANAPOLIS, IN<br>JACKSONVILLE, FL<br>KANSAS CITY, KS<br>LAS VEGAS, NV<br>LONG ISLAND, NY<br>LOS ANGELES, CA<br>MADISON, WI<br>MEMPHIS, TN<br>MIAMI, FL | MILWAUKEE, WI<br>MINNEAPOLIS, MN<br>MONMOUTH COUNTY, NJ<br>NEW ORLEANS, LA<br>NEW YORK, NY<br>NORFOLK, VA<br>OMAHA, NE<br>ORANGE COUNTY, CA<br>ORLANDO, FL<br>PHILADELPHIA, PA<br>PHOENIX, AZ<br>PITTSBURGH, PA<br>PORTLAND, OR<br>PORTSMOUTH, NH<br>PROVIDENCE, RI | RALEIGH-DURHAM, NC<br>RAPID CITY, SD<br>RICHMOND, VA<br>RIVERSIDE, CA<br>SACRAMENTO, CA<br>SALT LAKE CITY, UT<br>SAN DIEGO, CA<br>SAN FRANCISCO, CA<br>SAN JUAN, PUERTO RICO<br>SEATTLE, WA<br>SILICON VALLEY, CA<br>ST. LOUIS, MO<br>TAMPA, FL<br>WASHINGTON DC REGION<br>WHITE PLAINS, NY |

Email:  Paul.Hash@jacksonlewis.com

July 6, 2020



*Via Electronic Mail*
Jennifer Spencer - jspencer@jacksonspencerlaw.com
James E. Hunnicutt - jhunnicutt@jacksonspencerlaw.com
M. Neal Bridges - nbridges@jacksonspencerlaw.com
Jackson Spencer Law PLLC
Three Forest Plaza
12221 Merit Drive, Suite 160
Dallas, Texas 75251

> Re:   Tonya Chambers v. AeroCare Holdings; in the US District
> Court for the Northern District Texas, Fort Worth;
> Civil Action No. 4:19-cv-000987-Y

Dear Counsel:

We are in receipt of your April 30, 2020 letter regarding Defendant's responses to Plaintiff's discovery requests. This letter is a good faith attempt to resolve our discovery disputes prior to seeking court intervention. Enclosed please find:

1. Defendant's First Supplemental Answers to Plaintiff's First Set of Interrogatories;

2. Defendant's Responses to Plaintiff's First Requests for Production;

3. Defendant's Privilege Log.

Additionally, Defendant's supplemental document production bates labeled AEROCARE 000833- 001365 will be sent via a secure link. A more detailed response to Plaintiff's letter regarding Defendant's responses to Plaintiff's discovery requests, is below:

**A.   Defendant's Responses to Plaintiff's First Set of Interrogatories**:

*Interrogatory No. 4:* Please see Defendant's First Supplemental Answers to Plaintiff's First Set of Interrogatories for Defendant's supplemental response.

*Interrogatory No. 7:* Please see Defendant's First Supplemental Answers to Plaintiff's First Set of Interrogatories for Defendant's supplemental response. However, Defendant stands on its previous objections that the request to describe all oral communications regarding Plaintiff's position, training, medical conditions, and all statements "made about Plaintiff" is not feasible as Plaintiff was employed for over 17 years.

*Interrogatory No. 9:* Defendant stands on its objections and response. Despite Plaintiff's personal belief that the Customer Service Representative position or a Sales position is lateral to the Service Technician position—the positions are not on the same level. Indeed, the positions do not have similar responsibilities.

*Interrogatories Nos. 16 & 17:* Please see Defendant's First Supplemental Answers to Plaintiff's First Set of Interrogatories for Defendant's supplemental responses.

However, Plaintiff's request for the identity of the individuals responsible for determining potential candidates for the Customer Service Representative position for all of Defendant's locations all across the country is overbroad, unduly burdensome and beyond the proper scope of discovery. *Avance v. Kerr-Mcgee Chem. LLC*, 2005 U.S. Dist. LEXIS 44885 (E.D. Tex. July 1, 2008)("placing every facility at issue in this case would result in significant expense for the parties and confusion for the jury. Any marginal relevance of the information is outweighed by the burden and expense of the proposed discovery.").

Defendant asserts that it has properly limited its response to the individuals hired from March 2019-June 2019 for the same locations in which Vicki Bennett-Cranford managed *i.e.* the Granbury, Texas, Fort Worth, Texas, Sanger, Texas, and Dallas, Texas locations.

**B.   Defendant's Responses to Plaintiff's First Requests for Production**:

*Request for Production No. 4:* Please see Defendant's Supplemental Document Production for Plaintiff's pay statements and benefit statement for the last year of her employment.

*Request for Production No. 5:* All performance evaluations have been produced. Defendant has produced evaluations and/or performance reviews from years other than 2016-2018 as part of its initial document production. However, such evaluations are less formal. Defendant specifically refers Plaintiff's counsel to "special notes" on personnel action request forms and Plaintiff's competency review in 2015.

*Request for Production No. 10:* Defendant confirms that Plaintiff's application from 2002 is the only application Plaintiff submitted to Defendant.

*Request for Production No. 14:* Under applicable Fifth Circuit law, Plaintiff may not recover for lost benefits unless Plaintiff produces evidence that she purchased substitute coverage, in which case the measure of damages is plaintiff's out-of-pocket expenses. *See*

*Pearce v. Carrier Corp.*, 966 F.2d 958 (5th Cir. 1992). Therefore, the costs of the associated benefits are wholly irrelevant, as the appropriate measure of Plaintiff's purported damages is the cost of any subsequently purchased substitute coverage, if any. Nevertheless, Defendant has produced Plaintiff's benefit elections as part of its supplemental document production.

**Request for Production Nos. 17, 18, 63, 64, 73, 74 & 75:** As part of its supplemental document production, Defendant has produced a copy of its employee handbook provided to Plaintiff which contains its anti-discrimination, anti-retaliation, accommodation, and leave policies.

**Request for Production No. 19:** Please see Defendant's supplemental document for a relevant organizational chart for 2019.

**Request for Production No. 33:** Defendant administers its training through a third party. Defendant has requested that the third party provide copies of training materials distributed to Plaintiff. Defendant will supplement its response once copies of the training materials are obtained. Defendant refers Plaintiff to a copy of her Med U Transcript of trainings she completed with Defendant.

**Request for Production Nos. 34 & 39:** Defendant has searched for responsive documents, there are no documents responsive to this request.

**Request for Production No. 38:** Defendant refers Plaintiff to a copy of her Med U Transcript of trainings she completed with Defendant.

**Requests for Production No. 40, 41, 42, 44, 46:** Defendant has supplemented its document production with copies of its available Indeed job postings from March-May 2019 for the Job Positions available at the locations in which Vicki Cranford managed. Customer Service Representative positions were the only positions available at those locations during that time period. A relevant copy of the Customer Service Job description has been produced.

Defendant is withholding the job applications of those who applied for the open positions on the grounds that it violates the privacy rights of those not a party to this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. The job applications are not relevant as Plaintiff was not considered to be qualified for the Customer Service Representative position based on qualities not demonstrated on an employment application *i.e.* her past job performance with Defendant regarding her lack of professionalism, and poor customer service skills. Additionally, the applications will not reveal whether the individuals ultimately selected were in some way physically limited in the ability to perform the essential functions of the job. Therefore, the applications are not relevant to Plaintiff's claims or Defendant's defenses.

**Request for Production Nos. 43 &45:** There are no documents responsive to this request as discussions regarding selection of candidates was done in person.

*Request for Production Nos. 47-51:* Defendant stands on its objections as Plaintiff is not entitled to the personnel files of the requested individuals. *Beasley v. First Amer. Real Estate Info. Services, Inc.*, 2005 U.S. Dist. LEXIS 34030, at* 4 (N.D. Tex. April 27, 2005) ("[P]laintiff is not entitled to rummage through the personnel files of these employees in hopes of discovering information that might possibly be relevant to his claim. Moreover, the discovery of personnel files of non-party employees presents special concerns about the privacy rights of the individuals involved.").

*Request for Production Nos. 52:* Defendant stands on its objections. As drafted, the request seeks "all documents relating to communications … regarding Plaintiff." Such request necessarily includes irrelevant communications that have no bearing on Plaintiff's claims *i.e.* disability discrimination, failure to accomodate, performance, training or Defendant's defenses, and further is unduly burdensome considering Plaintiff's lengthy tenure with Defendant.

Defendant refers Plaintiff to additional email communication related to her poor job performance. After diligent search, Defendant has produced all relevant-nonprivileged communications regarding Plaintiff's claims and Defendant's defenses. Defendant further refers Plaintiff to its privilege log for communications withheld from discovery.

*Request for Production Nos. 59:* Defendant refers Plaintiff to a previously produced incident report regarding Plaintiff's improper set up of a patient's oxygen tank. This incident was discovered after her discharge. Defendant further refers Plaintiff to emails discussing that this was the second occasion Plaintiff improperly set up patient equipment.

*Requests for Production Nos. 60-61:* Defendant refers Plaintiff to its privilege log for a description of documents withheld from discovery.

*Request for Production No. 72:* Defendant stands on its objections as the request is premature. Plaintiff is not entitled to documents related to Defendant's net worth at this time. Plaintiff is only entitled to net worth discovery at the time of trial. *In re Voluntary Purchase Groups, Inc. Litigation*, 2004 U.S. Dist. LEXIS 977, at *1 (N.D. Tex. 2004) ("where punitive damages are claimed a jury is entitled to consider a wrongdoer's *current* net worth").

*Request for Production No. 75:* All responsive documents have been produced. Defendant specifically refers Plaintiff to Shannon Morse's handwritten interview summaries regarding Plaintiff's request to transfer to the Customer Service Position in March of 2018.

*Request for Production No. 78:* After a diligent search, Defendant is not in possession of any documents responsive to this request.

*Requests for Production Nos. 79 & 81:* Defendant has produced all responsive documents. Defendant specifically refers Plaintiff to the physician's note restricting Plaintiff's ability to lift and the job descriptions for the Service Technician and Customer Service Representative positions detailing the essential lifting requirements and hours expected of the positions.

If you would like to speak further regarding Defendant's discovery responses and contentions, please do not hesitate to give me a call.

Sincerely,

JACKSON LEWIS P.C.

Paul E. Hash

PEH/ls
Enclosures



**EXHIBIT**

**F**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **TONYA CHAMBERS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:19-CV-000987** |
| | § | |
| **AEROCARE HOLDINGS INC.** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S PRIVILEGE LOG

TO:   Plaintiff, Tonya Chambers, by and through her attorney of record, Jennifer Spencer, James E. Hunnicutt, and M. Neal Bridges, Jackson Spencer PLLC, Three Forest Plaza, 12221 Merit Drive, Suite 160, Dallas, Texas 75251.

Pursuant to Federal Rule of Civil Procedure 26(b)(5), Defendant AeroCare Holdings Inc. identifies the following documents withheld pursuant to privilege.  Defendant's counsel's internal notes and routine correspondence between counsel and clients are being withheld, although not enumerated below.  Defendant will not introduce any of the following as exhibits or evidence in support of their case unless they are first produced to Plaintiff.

| Date | Privilege/Objection | Description |
|---|---|---|
| 03/26/19 | Attorney-Client Privilege | Emails with AeroCare's in-house counsel concerning Plaintiff's separation and attempts to accommodate her physical limitations. |
| 04/17/19 – 04/18/19 | Attorney-Client Privilege | Emails with AeroCare's in-house counsel concerning Plaintiff's separation agreement and her revocation of same. |

**APP 063**

DATED:  July 6, 2020                    Respectfully submitted,

                                        By:  */s/ Paul E. Hash*_____
                                             Paul E. Hash, Lead
                                             State Bar No. 09198020
                                             Paul.Hash@jacksonlewis.com
                                             Shelby M. Broaddus
                                             State Bar No. 24096209
                                             Shelby.Broaddus@jacksonlewis.com

                                             JACKSON LEWIS P.C.
                                             500 N. Akard, Suite 2500
                                             Dallas, Texas 75201
                                             Phone: (214) 520-2400
                                             Facsimile: (214)-520-2008

                                        **ATTORNEYS FOR DEFENDANT**


                             **<u>CERTIFICATE OF SERVICE</u>**

        On July 6, 2020, I submitted the foregoing document via electronic mail.  I hereby certify
that I have served all counsel of record by electronic mail including the following:

                Jennifer Spencer
                James E. Hunnicutt
                M. Neal Bridges
                Jackson Spencer PLLC
                Three Forest Plaza
                12221 Merit Drive, Suite 160
                Dallas, Texas 75251


                                             */s/ Paul E. Hash*_____
                                             Paul E. Hash