IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| TONYA CHAMBERS, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-00987-Y |
| | § | |
| AEROCARE HOLDINGS, INC., | § | |
| | § | |
| Defendant. | § | |

### APPENDIX IN SUPPORT OF PLAINTIFF'S AMENDED MOTION TO COMPEL DISCOVERY

COMES NOW, Plaintiff Tonya Chambers ("Plaintiff") and files this, her Appendix in Support of Plaintiff's Motion to Compel Discovery.

| | **Description** | **Appendix Page** |
| --- | --- | --- |
| Exhibit A | Defendant's Second Supplemental Answers to Plaintiff's First Request for Production, dated September 22, 2020 | App. 001-003 |
| Exhibit B | Email from Shelley Broaddus to James Hunnicutt dated September 17-22, 2020 | App. 004-009 |

DATED:  September 25, 2020               Respectfully Submitted,

*/s/ Jennifer J. Spencer*
Jennifer J. Spencer
Texas Bar No. 10474900
jspencer@jacksonspencerlaw.com
James E. Hunnicutt
Texas Bar No. 24054252
jhunnicutt@jacksonspencerlaw.com
M. Neal Bridge
Texas Bar No. 24092171
nbridges@jacksonspencerlaw.com
**JACKSON SPENCER LAW PLLC**
Three Forest Plaza
12221 Merit Drive, Suite 160
Dallas, Texas 75251
Telephone (972) 458-5301
Facsimile (972) 770-2156

**ATTORNEYS FOR PLAINTIFF
TONYA CHAMBERS**

## CERTIFICATE OF SERVICE

I hereby certify that, on **September 25, 2020**, a true and correct copy of the foregoing document was served on all counsel of record via the Court's ECF system.

*/s/ James E. Hunnicutt*
James E. Hunnicutt

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **TONYA CHAMBERS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-000987 |
| | § | |
| **AEROCARE HOLDINGS INC.** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

TO:   Plaintiff, Tonya Chambers, by and through her attorney of record, Jennifer Spencer, James E. Hunnicutt, and M. Neal Bridges, Jackson Spencer PLLC, Three Forest Plaza, 12221 Merit Drive, Suite 160, Dallas, Texas 75251.

Defendant AeroCare Holdings Inc. responds to Plaintiff's First Request for Production as follows:

## GENERAL OBJECTIONS

Defendant asserts the following objections to the Requests and incorporates them into each response as if set forth fully therein:

1.   Defendant objects to the Requests to the extent they impose on Defendant obligations inconsistent with or in addition to any agreed scheduling order governing these proceedings or the Federal Rules of Civil Procedure (the "Rules").

2.   Defendant objects to the Requests to the extent they seek documents not within its possession, custody, or control.

3.   Defendant objects to the Requests to the extent they seek documents containing information subject to the attorney-client or attorney work product privileges or information that is otherwise privileged or protected and not subject to discovery.


**EXHBIT A**

**REQUEST FOR PRODUCTION NO. 40:** All documents evidencing, referring to, or relating to available job positions at AeroCare throughout March, April, and May 2019.

**RESPONSE:** Defendant objects to this request as overbroad and unduly burdensome. Because the request is not limited to Plaintiff's work location, the requests seeks company-wide discovery.

Defendant has produced all responsive documents limited to the Region in which Vicki Cranford Managed. Defendant specifically refers Plaintiff to documents bates labeled 000202, 000204-000209, 000998-001000.

**REQUEST FOR PRODUCTION NO. 41:** All job descriptions for available positions at AeroCare throughout March, April, and May 2019.

**RESPONSE:** Defendant objects to this request as overbroad and unduly burdensome. Because the request is not limited to Plaintiff's work location, the requests seeks company-wide discovery.

Defendant refers Plaintiff to a copy of the job description for the Customer Service Representative position bates labeled AEROCARE 000203.

**REQUEST FOR PRODUCTION NO. 42:** All job applications submitted for available positions at AeroCare throughout March, April, and May 2019.

**RESPONSE:** Defendant objects to this request as overbroad and unduly burdensome. Because the request is not limited to Plaintiff's work location, the requests seeks company-wide discovery. Defendant further objects to the request on the grounds that it violates the privacy rights of those not a party to this lawsuit.

Defendant will produce applications of the individuals selected for open positions in Plaintiff's former region in April-May of 2019. Defendant refers Plaintiff to documents bates labeled 001472-001483.

**REQUEST FOR PRODUCTION NO. 43:** All documents evidencing, referring to, or relating to the process by which Defendant selected potential candidates for available job positions at AeroCare throughout March, April, and May 2019.

**RESPONSE:** Defendant objects on the grounds that it lacks specificity and fails to describe with reasonable particularity the items or categories of items requested. Defendant objects to this request as overbroad and unduly burdensome. Because the request is not limited to Plaintiff's work location, the requests seeks company-wide discovery. Defendant further objects to the request on the grounds that it is vague.

No documents responsive to this request. Defendant will supplement any interview notes or emails discussing candidates' interviews should any be later discovered.

DATED:  September 22, 2020             Respectfully submitted,

                                                     By: */s/ Paul E. Hash*
                                                            Paul E. Hash, Lead
                                                            State Bar No. 09198020
                                                            Paul.Hash@jacksonlewis.com
                                                            Shelby M. Broaddus
                                                            State Bar No. 24096209
                                                            Shelby.Broaddus@jacksonlewis.com

                                                            JACKSON LEWIS P.C.
                                                            500 N. Akard, Suite 2500
                                                            Dallas, Texas 75201
                                                            Phone: (214) 520-2400
                                                            Facsimile: (214)-520-2008

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

      On September 22, 2020, I submitted the foregoing document via electronic mail.  I hereby certify that I have served all counsel of record by electronic mail including the following:

        Jennifer Spencer
        James E. Hunnicutt
        M. Neal Bridges
        Jackson Spencer PLLC
        Three Forest Plaza
        12221 Merit Drive, Suite 160
        Dallas, Texas 75251

                                                           */s/ Paul E. Hash*
                                                           Paul E. Hash

| | |
|---|---|
| **From:** | Broaddus, Shelby M. (Dallas) <Shelby.Broaddus@jacksonlewis.com> |
| **Sent:** | Tuesday, September 22, 2020 7:58 PM |
| **To:** | James Hunnicutt |
| **Cc:** | Hash, Paul E. (Dallas); Jennifer Spencer; Patricia Haynes |
| **Subject:** | RE: Chambers - 2020 0914 Doc 15 Oder Regarding Discovery Motion.pdf |

Sure. That response is limited to both the CSR and the Sales Representative positions.

**Shelby M. Broaddus**
Attorney at Law
**Jackson Lewis P.C.**
500 North Akard Suite 2500
Dallas, TX 75201
Direct: (972) 728-3260 | Main: (214) 520-2400
Shelby.Broaddus@jacksonlewis.com | www.jacksonlewis.com

Visit our resource page for information and guidance on COVID-19's workplace implications

**From:** James Hunnicutt <jhunnicutt@jacksonspencerlaw.com>
**Sent:** Tuesday, September 22, 2020 7:41 PM
**To:** Broaddus, Shelby M. (Dallas) <Shelby.Broaddus@jacksonlewis.com>
**Cc:** Hash, Paul E. (Dallas) <Paul.Hash@jacksonlewis.com>; Jennifer Spencer <jspencer@jacksonspencerlaw.com>; Patricia Haynes <phaynes@jacksonspencerlaw.com>
**Subject:** Re: Chambers - 2020 0914 Doc 15 Oder Regarding Discovery Motion.pdf

**[EXTERNAL SENDER]**

Shelby,

In reviewing the supplemental responses served today, it's not clear if documents responsive to RFP Nos. 40-42 were only for CSR positions as opposed to all open positions during the requested time frame.  Could you clarify that?

**James E. Hunnicutt**
Partner

Jackson Spencer Law pllc
Three Forest Plaza
12221 Merit Drive, Suite 160
Dallas, Texas 75251
Phone:  972-458-5303
Facsimile: 972-770-2156
jhunnicutt@jacksonspencerlaw.com

**EXHIBIT B**

Confidentiality Notice: The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential.  Any dissemination, copying, use of, or reliance upon the information by anyone other than the recipient[s] listed above is prohibited.  If you have received this message in error, please notify the sender immediately at the email address above and destroy all copies of the message.

On Sep 22, 2020, at 9:07 AM, Broaddus, Shelby M. (Dallas) <Shelby.Broaddus@jacksonlewis.com> wrote:

Defendant is not willing to incorporate Waco, Childress, Amarillo, or Mesquite into its responses. The information sought for these locations are maintained by regional managers who are not involved in this lawsuit or plaintiff's employment. Expanding responses to those locations will require those individuals to expend a great deal of time to locate potentially responsive documents and information. Defendant is of the position that the expansion is overly broad and the expense of expanding the search exceeds the needs of this case.

Minor proposed revisions to the protective order are attached. Thanks.

**Shelby M. Broaddus**
Attorney at Law
**Jackson Lewis P.C.**
500 North Akard Suite 2500
Dallas, TX 75201
Direct: (972) 728-3260 | Main: (214) 520-2400
Shelby.Broaddus@jacksonlewis.com | www.jacksonlewis.com

Visit our resource page for information and guidance on COVID-19's workplace implications

**From:** James Hunnicutt <jhunnicutt@jacksonspencerlaw.com>
**Sent:** Monday, September 21, 2020 5:47 PM
**To:** Broaddus, Shelby M. (Dallas) <Shelby.Broaddus@jacksonlewis.com>
**Cc:** Hash, Paul E. (Dallas) <Paul.Hash@jacksonlewis.com>; Jennifer Spencer <jspencer@jacksonspencerlaw.com>; Patricia Haynes <phaynes@jacksonspencerlaw.com>
**Subject:** Re: Chambers - 2020 0914 Doc 15 Oder Regarding Discovery Motion.pdf

**[EXTERNAL SENDER]**

Shelby,

In the hopes of avoiding additional time and expense, is AeroCare refusing to incorporate the Waco, Childress, Amarillo, and Mesquite locations into the responses over this technicality?  To put it another way, would you object to producing that information -- and require us to file a motion to compel with respect to those locations -- if we instead served new requests that more specifically incorporated them?

If the answer is yes, then I just want to be clear for our revised motion to compel that this was AeroCare who chose to take that route.  If you would not object to including these locations, then it would certainly be the most efficient use of our clients' resources to simply include them now.  But for this issue, we may have very little, if anything, to still seek via a revised motion.

Let me know if there's a time tomorrow if you think it would help for us to have another conference on this issue.

Thanks,
James

**James E. Hunnicutt**
Partner

Jackson Spencer Law pllc
Three Forest Plaza
12221 Merit Drive, Suite 160

Dallas, Texas 75251
Phone:  972-458-5303
Facsimile: 972-770-2156
jhunnicutt@jacksonspencerlaw.com

Confidentiality Notice: The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential.  Any dissemination, copying, use of, or reliance upon the information by anyone other than the recipient[s] listed above is prohibited.  If you have received this message in error, please notify the sender immediately at the email address above and destroy all copies of the message.

On Sep 21, 2020, at 5:31 PM, Broaddus, Shelby M. (Dallas) <Shelby.Broaddus@jacksonlewis.com> wrote:

Hi James,

Thanks for clarifying your definition of worked. On the call, I interpreted work to mean the locations where she was actually an employee.  Our client confirmed that Ms. Chambers was only an employee at the Granbury and Fort Worth locations. Accordingly, we will be limiting our responses to the locations she was actually employed and the locations managed by Vicki Cranford, Regional Manager. (Granbury, Sanger, Fort Worth, and Dallas).

We will also have the supplemental discovery responses over to you tomorrow morning. I will also let you know if we have any revisions to the protective order. Thanks!

**Shelby M. Broaddus**
Attorney at Law
**Jackson Lewis P.C.**
500 North Akard Suite 2500
Dallas, TX 75201
Direct: (972) 728-3260 | Main: (214) 520-2400
Shelby.Broaddus@jacksonlewis.com | www.jacksonlewis.com

Visit our resource page for information and guidance on COVID-19's workplace implications

**From:** James Hunnicutt <jhunnicutt@jacksonspencerlaw.com>
**Sent:** Monday, September 21, 2020 4:50 PM
**To:** Broaddus, Shelby M. (Dallas) <Shelby.Broaddus@jacksonlewis.com>
**Cc:** Hash, Paul E. (Dallas) <Paul.Hash@jacksonlewis.com>; Jennifer Spencer <jspencer@jacksonspencerlaw.com>; Patricia Haynes <phaynes@jacksonspencerlaw.com>
**Subject:** Re: Chambers - 2020 0914 Doc 15 Oder Regarding Discovery Motion.pdf

[EXTERNAL SENDER]
Shelby,

I'm following up on my email from Friday afternoon.

Also, I've attached an Agreed Protective Order for your consideration.  It follows the Northern District's standard format, but without the AEO designation, as there's been no indication of that level of protection being needed here.  Please let me know if you have revisions that will permit the material AeroCare has agreed to produce under a confidentiality designation.

Thanks,
James

**James E. Hunnicutt**
Partner

Jackson Spencer Law pllc
Three Forest Plaza
12221 Merit Drive, Suite 160
Dallas, Texas 75251
Phone:  972-458-5303
Facsimile: 972-770-2156
jhunnicutt@jacksonspencerlaw.com

Confidentiality Notice: The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential.  Any dissemination, copying, use of, or reliance upon the information by anyone other than the recipient[s] listed above is prohibited.  If you have received this message in error, please notify the sender immediately at the email address above and destroy all copies of the message.

> On Sep 18, 2020, at 5:52 PM, James Hunnicutt <jhunnicutt@jacksonspencerlaw.com> wrote:
>
> Shelby:
>
> On #2, with the exception of Mesquite, Ms. Chambers worked at all of the listed locations, even if she was not officially listed as an employee of those locations.  With respect to Mesquite, that was a location to which she could have just as easily been transferred as the other locations.  Please let me know if this clarifies the issue.
>
> Thanks,
> James
>
> **James E. Hunnicutt**
> Partner
>
> Jackson Spencer Law pllc
> Three Forest Plaza
> 12221 Merit Drive, Suite 160
> Dallas, Texas 75251
> Phone:  972-458-5303
> Facsimile: 972-770-2156
> jhunnicutt@jacksonspencerlaw.com
>
> Confidentiality Notice: The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential.  Any dissemination, copying, use of, or reliance upon the information by anyone other than the recipient[s] listed above is prohibited.  If you have received this message in error, please notify the sender immediately at the email address above and destroy all copies of the message.
>
>> On Sep 18, 2020, at 8:24 AM, Broaddus, Shelby M. (Dallas) <Shelby.Broaddus@jacksonlewis.com> wrote:
>>
>> Hi James,

Thanks for drafting up the summary.  Follow up comments to some responses are in red below. Please reach out if you think of any additional issues you would like to address or discuss further.


**Shelby M. Broaddus**
Attorney at Law
**Jackson Lewis P.C.**
500 North Akard Suite 2500
Dallas, TX 75201
Direct: (972) 728-3260 | Main: (214) 520-2400
Shelby.Broaddus@jacksonlewis.com  |  www.jacksonlewis.com

Visit our resource page for information and guidance on COVID-19's workplace implications

**From:** James Hunnicutt <jhunnicutt@jacksonspencerlaw.com>
**Sent:** Thursday, September 17, 2020 2:04 PM
**To:** Broaddus, Shelby M. (Dallas) <Shelby.Broaddus@jacksonlewis.com>
**Cc:** Hash, Paul E. (Dallas) <Paul.Hash@jacksonlewis.com>; Jennifer Spencer <jspencer@jacksonspencerlaw.com>; Patricia Haynes <phaynes@jacksonspencerlaw.com>
**Subject:** Re: Chambers - 2020 0914 Doc 15 Oder Regarding Discovery Motion.pdf

**[EXTERNAL SENDER]**
Shelby,

Thank you for the conference today.  This email is intended to confirm the items we discussed that will be addressed in response to our Motion to Compel, although not all issues we discussed are being restated here:

1.  Defendant will amend its RFP and Rog responses to remove or otherwise address the use of "subject to and without waiving" issue to make clear whether documents are being withheld, along with bates numbers of the responsive documents produced, and an amended privilege log for all documents withheld on the basis of privilege.

2.  With respect to the locations of Defendant's stores, which was an issue in several discovery requests, Defendant will include all stores within the region in which Plaintiff worked, that Vicki Cranford managed, or any other location where Plaintiff worked.  We'll confirm, but I believe the locations include Granbury, Waco, Childress, Amarillo, Fort Worth, Sanger and Mesquite.  If Defendant had other locations matching the scope we discussed, please advise. We agreed to limit the locations to the locations that Ms. Cranford managed (Granbury, Dallas, Fort Worth, and Sanger) and to any location that Ms. Chambers was formally officially considered an employee. The only other location that Ms. Chambers officially worked for was the Fort Worth location. However, we are confirming with our client that she never worked for the Waco, Childress, Amarillo, and Mesquite locations. If she indeed officially was an employee at any of these locations, we agree to add the location(s) to our relevant region.

3.  For Interrogatory No. 9, Defendant's position is that CSR is not a lateral position to Service Technician, and as such requested that Plaintiff send a new interrogatory, but that Defendant will identify the individuals above Plaintiff.  Our position was that Defendant could provide the information while preserving its contention that CSR's are not lateral to ST's.

**APP. 008**

4.  For RFP No. 42, Defendant will produce job applications for individuals selected for the positions, with SSN's redacted, but contact information, including physical and email addresses and phone numbers, will be included subject to a confidentiality designation per a protective order the parties will confer on.

5.  For RFP Nos. 40, 43, 44, 45, and 46, as well as 52: Defendant will provide its search terms used and custodians whose records were searched, and Plaintiff will consider those and provide additional search terms and/or custodians that she believes should also be searched.  We also discussed that interview notes will be searched for.  Defendant agreed to search for and produce interview notes for individuals selected for the job positions at issue.

After Jennifer and I conferred further after our call, we believe interview notes and emails discussing the candidates for all individuals interviewed should be produced.  For the individuals not selected, their names (except for initials) and other personally identifying information can be redacted.  We believe this information is responsive to RFP Nos. 43, 44, and 45.  Please advise if further conference is necessary on this issue. <span style="color:red">We are agreeable and will produce any interview notes and/or emails discussing the candidates interviewed, if any.</span>

6.  For RFP Nos. 47-50, Defendant will produce any complaints, performance evaluations, and records reflecting disciplinary issues for the individuals included in the requests, regardless of whether such records are part of an official "personnel file," but Defendant is standing on its objections with respect to producing any other listed documents.

7.  For RFP No. 72, Defendant will amend its response to agree to produce net worth information two months before trial.

8.  For RFP No. 75, Defendant agreed to the modified scope in the Motion to Compel, and will clarify its response that the individuals were requested to search for such documents and any found will be produced.

Defendant intends to provide amended responses by early next week, and the parties intend to further confer, to the extend practicable, on any other outstanding issues ahead of Plaintiff's deadline to file a report on September 22, 2020.

Please let me know if any of the above does not accurately reflect what we discussed or that requires further conference.


**James E. Hunnicutt**
Partner

Jackson Spencer Law pllc
Three Forest Plaza
12221 Merit Drive, Suite 160
Dallas, Texas 75251
Phone:  972-458-5303
Facsimile: 972-770-2156

jhunnicutt@jacksonspencerlaw.com