UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TONYA CHAMBERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-00987-Y |
| | § | Referred to Magistrate Judge Cureton |
| AEROCARE HOLDINGS INC. | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S AMENDED MOTION TO COMPEL DISCOVERY

Defendant AeroCare Holdings Inc. files its Response to Plaintiff Tonya Chamber's Amended Motion to Compel Discovery and would respectfully show the court as follows:

### I.   FACTUAL BACKGROUND

AeroCare is in the business of providing equipment and services related to home oxygen, nebulized respiratory medications, and sleep therapy. The Company employs over 3,600 individuals nationwide and has over 300 locations across the country. Defendant has a wide array of positions throughout its locations including clinicians, respiratory therapists, medical review staff, sales representatives, among others. Plaintiff was initially hired by AeroCare as a Service Technician[1] at Defendant's Fort Worth, Texas location in November of 2002 and transferred to Defendant's Granbury, Texas location in October of 2004.

Other than Defendant's Fort Worth and Granbury locations, Plaintiff was not employed at any other location. Moreover, Plaintiff did not hold any position other than Service Technician— even on an interim basis. The Service Technician position is manual labor-intensive position which requires delivering equipment and one of the essential functions of the position is to lift 60-10

---

[1] Formerly referred to as the "Driver" position.

pounds frequently. At the times relevant to Plaintiff's claims, Plaintiff was supervised by Regional Manager, Vicki Cranford. In addition to the Granbury, Texas location, Cranford manages several of Defendant's other locations in Texas including Fort Worth, Dallas, and Sanger.

In March of 2018, Plaintiff expressed interest in transferring to a Customer Service Representative position at the Granbury, Texas location.  This position is considered to be a level above the Service Technician position because it is a clerical focused position that requires processing paperwork, a working knowledge of insurance guidelines and patients' eligibility for reimbursement and assisting with accounts receivable. Cranford and the Granbury Location Manager, Cathy Woolbright, ultimately determined that Plaintiff was not qualified for the Customer Service Technician and her request for the position transfer was denied.

About a year later, Plaintiff provided Defendant with a doctors' note restricting her ability to lift more than 30 pounds due to her medical diagnoses. Given Plaintiff's significant lifting restriction and the Service Technician's primary job duty was to lift and deliver heavy medical equipment, she could not perform the essential functions of the position with or without reasonable accommodations. Plaintiff informed Defendant that due to her medical diagnoses she no longer wanted to be employed with the Company and intended to pursue the option of obtaining Social Security Disability benefits.  Plaintiff did not request to be transferred to another position at her location, let alone to a location outside of her region. Therefore, on April 10, 2019 Defendant honored Plaintiff's request and informed her that her discharge would be effective April 12, 2019.

Plaintiff originally filed this disability discrimination case in October of 2019 in state court. Plaintiff specifically contends that Defendant terminated and refused to accommodate her because of her disability. After her case was removed to federal court, Plaintiff served her First Requests for Production and First Set of Interrogatories on February 2, 2020. A large majority of Plaintiff's

discovery requests are overbroad and unduly burdensome on their face and would have required extensive and costly company-wide discovery. Over the last few months, Defendant has continuously worked in good faith to respond to Plaintiff's requests through multiple supplementations aimed at providing Plaintiff with the requested information but limited to a reasonable geographic region and time periods. The only remaining discovery dispute remaining between the parties is the geographical regions to limit Plaintiff's company-wide discovery requests.

## II.  REQUESTS AT ISSUE

**A.  *Plaintiff's Requests for Production No. 40 is Overbroad and Unduly Burdensome on Its Face.***

Defendant's objections and limited responses to Plaintiff's Request for Production No. 40 is justify because the request is overbroad. Specifically, the request utilizes omnibus terms term such as "evidencing, referring to, or relating to." (App. 015). A discovery request is deemed overbroad on its face when it uses terms such as "regarding," "relating to," or "pertaining to" with respect to a broad category of documents. *StoneEagle Services, Inc. v. Gillan*, No. 3:11-cv-2408-P, 2013 U.S. Dist. LEXIS 194350, 2013 WL 12124329, at *14 ((N.D. Tex. Dec. 23, 2013) (*citing Aikens v. Deluxe Financial Services*, 217 F.R.D. 533, 535 (D. Kan. 2003)).

In this case, Request for Production No. 40 is patently overbroad through its use of terms "relating to" with respect to a broad category of documents *e.g.* all open positions with Defendant. (App. 015). At the time of Plaintiff's discharge, Defendant did not have a universal onboarding or recruiting platform allowing for a straightforward search of open positions throughout the company. (App. 028-029). Rather, each location was solely responsible for its own recruiting and hiring and had discretion on the means of doing so. (App. 029). Therefore, on its face, the request would require Defendant to conduct an extensive physical and electronic search of 400 potential

records custodians as well as the retrieval and production of documents that were not adequately described. (App. 029). Notably, many of these employees would not have any prior dealings with Plaintiff or have any control of the employment decision at issue.(App. 029).  The manpower and costs associated with a search for such information would have required a general disruption to Defendant's business. Therefore, as discussed more thoroughly below, Defendant properly limited its response and search for documents specific to the locations in Plaintiff's region.  Plaintiff's efforts to widen her discovery net without any proper basis in fact or law.

**B.** *Plaintiff's Requests for Company-Wide Discovery Is Demonstrably Overbroad and Exceeds the Needs for This Case*

The Fifth Circuit has consistently precluded individual plaintiffs from pursuing the type of broad-ranging discovery that Plaintiff seeks in this matter. Chambers requests for company-wide discovery go far beyond the limits for single-claimant cases in the Fifth Circuit, where established precedent dictates that the natural focus must be upon the employee's specific "work unit" or "employing unit." *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978) (finding that "in the context of investigating an individual complaint the most natural focus is upon the source of the complained of discrimination - the employing unit or work unit"); *See also Ellison v. Patterson-UTI Drilling Co., LLC*, No. V-08-67, 2009 U.S. Dist. LEXIS 88313, at *22 (S.D. Tex. Sept. 23, 2009); *Arters v. Univision Radio Broad. Tx, L.P.*, No. 3:07-CV-0957-D, 2009 U.S. Dist. LEXIS 39924, at *14 (N.D. Tex. May 12, 2009).  As a result, Fifth Circuit courts routinely impose temporal, geographic, and comparative limitations on discovery.  *See, e.g.*, *Smith v. De Tar Hosp. LLC*, No. V-10-83, 2011 WL 6217497, at *3-4 (S.D. Tex. Dec. 14, 2011) (denying the plaintiff's motion to compel because the scope of discovery should be limited to the same department or office where the plaintiff worked and to individuals alleged to have discriminated against the plaintiff); *Choate v. Potter*, No. 3-06-CV-2146-L, 2008 U.S. Dist. LEXIS 27209, at *5

(N.D. Tex. Apr. 3, 2008) (where the court agreed with "Defendant's primary objection to the[] discovery requests . . . that they [we]re not limited to the geographic unit where plaintiff worked, the contract workers who were hired to fill the positions sought by plaintiff, and the supervisors who made the hiring decisions.").

On their face, Plaintiff's Requests for Production Nos. 40-42 are overbroad and unduly burdensome because they seek companywide discovery. Due to the large size of Defendant's Company, the vast array of positions throughout the Company, and the fact that employment decisions are made locally, Defendant limited its production of documents to the locations in the same region which Plaintiff's Regional Manager supervised—Granbury, Fort Worth, Dallas, and Sanger. In response, Plaintiff's counsel requested the discovery of additional locations including Waco, Childress, Amarillo, and Mesquite by attempting to claim that Plaintiff could have easily been reassigned to the locations.[2] However, the addition of these locations would be overbroad and not proportional to the needs to the case.

Specifically, each locations' hiring decisions are exclusively made locally by the Regional Managers and Location Managers. (App. 029); *McDermott v. Cont'l Airlines, Inc*., 339 Fed. Appx. 552, 559-60 (6th Cir. 2009) ("Where, as here, the employment decisions were made locally, discovery may be properly limited to the employing unit.") (*quoting Scales v. J.C. Bradford and Co*., 925 F.2d 901, 907 (6th Cir. 1991)). Moreover, Plaintiff's *Original Petition* specifically limits her complaint of failure to accommodate to Woolbright. *See Pl. Orig. Pet.* ¶ 33. Woolbright was a Sales Representative and Location Manager for the Granbury, Texas location. At the time of Plaintiff's discharge, she had no authority over the employment decisions related to the Waco,

---

[2] Notably, Defendant does not have a Mesquite location and did not have a location there at the time of Plaintiff's discharge in April 2019. Rather, Defendant's Mesquite patients are directed to Defendant's Dallas location which is a location already encompassed in Defendant's responses.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S AMENDED MOTION TO COMPEL**     **5**

Childress, and Amarillo locations. Additionally, other individuals who Plaintiff complains discriminated against her did not have authority over Defendant's employment decisions at the Waco, Childress, and Amarillo locations. *See* (App. 029, App.034 (Rog. no1) App. 039 (Rog.no 12) App. 46 (Rog. no 10)). Therefore, because Woolbright and Cranford had no authority over ultimate employment decisions for Plaintiff's additional requested location, the inclusion of those locations is overbroad and not proportional to the needs of the case. *See, e.g.*, *Smith v. De Tar Hosp. LLC*, No. V-10-83, 2011 U.S. Dist. LEXIS 144003, at *14-18.

Moreover, Defendant did not have a universal onboarding or recruiting platform allowing for a straightforward search of open positions throughout the Company during March 2019-May 2019. (App. 028-29). Accordingly, the inclusion of the Waco, Childress, and Amarillo locations would require Defendant to expend hours searching, retrieving, and producing records from at least five additional records custodians—none of whom were involved in the decision to discharge Plaintiff. (App. 029). Therefore, this Court should uphold Defendant's geographical limitation to Plaintiff's Requests for Production Nos. 40-42 and deny Plaintiff's inclusion of the Childress, Amarillo, and Waco locations.

**C.**     *Attorneys' Fees Would Be Unjust as Defendant's Limited Responses to Plaintiff's Requests are Substantially Justified.*

Plaintiff seeks to recover attorney's fees and costs in connection with her original Motion to Compel. *See Plaintiff's Am. Mot. Compel* p. 3. Fed. R. Civ. P. Rule 37(a)(5) provides that when a discovery motion is granted the court shall award reasonable expenses, including attorney's fees, to the prevailing party. FED. R. CIV. P. 37(a)(5)(A). However, a Court must not order payment if the opposing party's non-disclosure, response, or objection was substantially justified or other circumstances make an aware of expenses unjust. FED. R. CIV. P. 37(a)(5)(A)(ii)-(iii).

In the event that Plaintiff prevails on her motion to compel, an award of costs would be

unjust because Defendant's limited responses are substantially justified. A majority of Plaintiff's First Requests for Production and First Set of Interrogatories are plainly overly broad on their face and not reasonably tailored to specific issues in this lawsuit. (App. 032-043 (Rog nos. 1, 3-7, 9, 12, 15-18, App. 032-043 RFP nos. 1-2, 13, 19-28, 35-36, 39, 40-52, 54, 71, 75)). Indeed, a great majority of Plaintiff's request would have required a search for a large majority of the irrelevant and overly broad company-wide information. *See Froelich v. Aurora Corp. of Am.,* No. 08-02-JJB-SCR, 2010 U.S. Dist. LEXIS 40138, at *12 (M.D. La. Apr. 23, 2010) (ordering defendant to produce additional documents but denying plaintiff's requests for costs because plaintiff's discovery requests were vague and overbroad and required considerable limitation). Nevertheless, Defendant has continuously worked in good faith with Plaintiff to resolve discovery disputes without court intervention. Specifically, Defendant has diligently supplemented its written responses to Plaintiff's discovery requests on multiple occasions and has worked with Plaintiff to reach reasonable agreements regarding reasonable limitations to Plaintiff's overbroad discovery requests. Moreover, the parties were able to resolve a large majority of their discovery related disputes on their September 17, 2020 telephonic discovery conference. Therefore, in the event Plaintiff prevails on her Amended Motion to Compel, Defendant should not be required to bear the costs for her Motion.

### III. CONCLUSION

For the forgoing reasons, AeroCare maintains its good-faith objections to Plaintiff's discovery requests. Plaintiff's Requests for Production Nos. 40-42 should remain limited to the Dallas, Sanger, Granbury, and Fort Worth locations and Plaintiff's Amended Motion to Compel and request for sanctions should be denied.

By: /s/ Paul E. Hash
Paul E. Hash
Attorney-in-Charge
State Bar No. 09198020
Paul.Hash@jacksonlewis.com
Shelby M. Broaddus
State Bar No. 24096209
Shelby.Broaddus@jacksonlewis.com

Jackson Lewis P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
PH: (214) 520-2400
FX: (214)-520-2008

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

On October 2, 2020, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically, as authorized by Federal Rule of Civil Procedure 5(b)(2), including the following:

Jennifer Spencer
James E. Hunnicutt
M. Neal Bridges
Jackson Spencer PLLC
Three Forest Plaza
12221 Merit Drive, Suite 160
Dallas, Texas 75251

/s/ Paul E. Hash
Paul E. Hash